NO. 13-50156

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


UNITED STATES OF AMERICA,      )
                               )
Plaintiff and Appellee,        )
                               )
       vs.                     )
                               )
JESSICA MEDINA                 )
                               )
Defendant and Appellant.       )
————————————————————————————)


APPELLANT'S EXCERPT OF RECORD

VOLUME III

APPEAL FROM THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

HONORABLE OTIS D. WRIGHT
UNITED STATES DISTRICT JUDGE


JOSEPH  F. WALSH
California Bar No.  67930
Attorney at Law
205 S. Broadway, Ste 606
Los Angeles, CA 90012
(213) 627-1793
Email: Attyjoewalsh@aol.com

Attorney for Appellant
JESSICA MEDINA

## TOPICAL INDEX

**VOLUME I**

ORDER DENYING MOTION TO SUPPRESS WIRETAP EVIDENCE
DATED OCTOBER 16, 2012 (DOC 1830)  . . . . . . . . . . . 1

REPORTER'S TRANSCRIPT OF HEARING ON MOTION TO
SUPPRESS WIRETAP EVIDENCE
DATED September 11, 2012 . . . . . . . . . . . . . . . . 2

REPORTER'S TRANSCRIPT OF SENTENCING HEARING
DATED APRIL 8, 2013  . . . . . . . . . . . . . . . . . . 67

**VOLUME II**

INDICTMENT (DOC 1)
DATED APRIL 7, 2010 . . . . . . . . . . . . . . . . . . 91

MOTION TO SUPPRESS WIRETAP EVIDENCE (DOC 1590)
DATED JULY 13, 2012 . . . . . . . . . . . . . . . . . . 172

GOVERNMENT OPPOSITION TO MOTION TO SUPPRESS WIRETAP
EVIDENCE AND DECLARATION OF KRIS LAVOIE (DOC 1668)
DATED AUGUST 27, 2012 . . . . . . . . . . . . . . . . . 174

APPLICATION FOR WIRETAP ON TARGET TELEPHONE #9
(DOC 1574-5)
DATED JULY 17, 2009 . . . . . . . . . . . . . . . . . . 179

**VOLUME III**

APPLICATION FOR WIRETAP ON TARGET TELEPHONE #5
(DOC 1574-4)
DATED JUNE 17, 2009 . . . . . . . . . . . . . . . . . . 366

JUDGMENT AND SENTENCE (DOC 2114)
DATED APRIL 8, 2013 . . . . . . . . . . . . . . . . . . 501

NOTICE OF APPEAL (DOC 2123)
DATED APRIL 8, 2013 . . . . . . . . . . . . . . . . . . 507

DOCKET  . . . . . . . . . . . . . . . . . . . . . . . . 508

# EXHIBIT D

COPY

1  THOMAS P. O'BRIEN
   United States Attorney
2  CHRISTINE C. EWELL
   Assistant United States Attorney
3  Chief, Criminal Division
   REEMA M. EL-AMAMY(SBN: 237743)
4  Assistant United States Attorney
   Violent and Organized Crime Section
5      1500 United States Courthouse
       312 North Spring Street
6      Los Angeles, California 90012
       Telephone: (213) 894-0552
7      Facsimile: (213) 894-3713
       E-mail:   Reema.El-Amamy@usdoj.gov
8
   Attorneys for Plaintiff
9  United States of America

10                 UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

13 IN THE MATTER OF THE        )   CR Misc. No. 09-0038(C)-R
   APPLICATION OF THE UNITED   )
14 STATES OF AMERICA FOR AN    )
   ORDER AUTHORIZING (1) THE   )   APPLICATION
   INTERCEPTION OF WIRE        )
   COMMUNICATIONS; (2) THE     )
16 INSTALLATION AND USE OF A   )   (UNDER SEAL PURSUANT TO
   PEN REGISTER AND A TRAP AND )   18 U.S.C. § 2518(8))
17 TRACE DEVICE AND (3) THE    )
   RELEASE OF SUBSCRIBER       )
18 INFORMATION AND CELL SITE   )
   INFORMATION                 )
19 _____ )

20
        I, Reema M. El-Amamy, an attorney for the United States
21
   Department of Justice, declare and state:
22
   **Authority to Make Application**
23
        1.   I am an "investigative or law enforcement officer of the
24
   United States" within the meaning of Section 2510(7) of Title 18,
25
   United States Code, that is, an attorney authorized by law to
26
   prosecute or participate in the prosecution of offenses
7
   enumerated in Section 2516 of Title 18, United States Code.  I am
8

Date Revised: December 31, 2008

ER000367                    USA000386

FILED
CLERK, U.S. DISTRICT COURT

JUN 1 7 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

1  also an attorney for the government as defined in Rule 1 of the

2  Federal Rules of Criminal Procedure, and, therefore, pursuant to

3  18 U.S.C. § 2516(3), I may apply to a federal judge of competent

4  jurisdiction for an order authorizing and approving the

5  interception of wire communications and for orders authorizing

6  the installation and use of pen registers and trap and trace

7  devices, and disclosure of subscriber information.

8      2.  Pursuant to Section 2516 of Title 18, United States

9  Code, an appropriate official of the Criminal Division, United

10 States Department of Justice, specifically Gary G. Grindler,

11 Deputy Assistant Attorney General, Criminal Division, having been

12 specially designated by the Attorney General pursuant to Order

13 Number 3055-2009, dated February 26, 2009, has approved this

14 application for an order authorizing the interception of wire

   communications.  Attached to this application as Exhibit A, and

16 incorporated by reference herein, is a copy of that order and the

17 memorandum of authorization approving this application.

18 **Identification of Target Telephones**

19     3.  This application seeks an Order pursuant to 18 U.S.C.

20 § 2518 authorizing the interception of wire communications,

21 including push-to-talk (digital dispatch/ direct connect)

22 communications and contemporaneously received or retrieved voice

23 mail, to and from, and any background conversations intercepted

24 in the vicinity of, the following telephone number:

25     a.  the continued interception of a MetroPCS cellular

26 telephone, subscribed to Armando Gonzales at 15576 Merrill Ave.,

7  Fontana, California, 92335, with a telephone number of 909-251-

8

1663, MEID[1] # 268435457101363157, and believed to be used
primarily by FNU LNU, also known as "Alex," ("ALEX"), (**Target
Telephone #3**), or any subsequently changed·telephone number
assigned to the same MEID with the same subscriber information,
and/or any subsequently changed MEID assigned to the same
telephone number with the same subscriber information; and

        b.   the continued interception of a Sprint/Nextel
cellular telephone subscribed to Whaterver, Crazt Legs, at 1925
Eloise Way, Upland, CA 91784, with a telephone number of 909-489-
8277, ESN # 2684354620058018, and believed to be used primarily
by DAVID NAVARRO ("**Target Telephone #5**") or any subsequently
changed telephone number assigned to the same ESN with the same
subscriber information, and/or any subsequently changed ESN
assigned to the same telephone number with the same subscriber
information; and

        c.   the initial interception a Sprint/Nextel cellular
telephone, subscribed to Raul Gonzalez at PO Box 54988, Irvine,
CA, with a telephone number of 951-368-4804, ISMI #
316010154367205, UFMI 126*294*6628, ESN # 364VJCRBTX and believed
to be used primarily by ALEX ("**Target Telephone #6**") or any
subsequently changed telephone number assigned to the same ISMI
or ESN with the same subscriber information, and/or any
subsequently changed ISMI or ESN assigned to the same telephone
number with the same subscriber information.

---

    [1]  ESN is an acronym for "Electronic Serial Number." The
ESN uniquely identifies certain cellular telephones. MEID is an
acronym for "Mobile Equipment Identifier." The MEID uniquely
identifies certain cellular telephones, and is being used by
Verizon Wireless on new phones to replace the ESN.

## Statement of Application

4.  I have discussed the circumstances of the current
investigation and this application with Task Force Officer Kris
Lavoie of the Drug Enforcement Administration ("DEA") who has
assisted in conducting that investigation.  I have examined the
affidavit of TFO Lavoie, attached to the application as Exhibit B
and incorporated by reference herein, and determined that it
alleges a full and complete statement of facts which (i)
justifies our belief that the orders requested below should be
issued and (ii) states the following:

a.  The DEA is conducting an investigation into
possible violations of offenses enumerated in 18 U.S.C. § 2516,
to include the following: Racketeer Influenced and Corrupt
Organizations ("RICO") offenses, in violation of Title 18, United
States Code, Sections 1962 and 1963; violent crimes in aid of a
racketeering enterprise, in violation of Title 18, United States
Code, Section 1959; manufacture, distribution, and possession
with intent to distribute a controlled substance, in violation of
Title 21, United States Code, Section 841(a)(1); conspiracy to
distribute a controlled substance, in violation of Title 21,
United States Code, Sections 846 and 841(a)(1); use of a
communication facility in committing or in causing or
facilitating the commission of a felony narcotics offense, in
violation of Title 21, United States Code, Section 843(b);
laundering of monetary instruments, in violation of Title 18,
United States Code, Section 1956; and engaging in monetary
transactions in property derived from specified unlawful
activity, in violation of Title 18, United States Code, Section

1 1957[2] by persons including FNU LNU, also known as "Alex,"

("ALEX"), David Navarro ("NAVARRO"), Steve Osker Hoyos ("HOYOS"),

3 Sara Leticia Misquez ("MISQUEZ"), FNU LNU, also known as Chipo

4 ("CHIPO"), Steven Hernandez ("HERNANDEZ"), Larry Cuevas

5 ("CUEVAS"), Patrick Orosco ("OROSCO"), Armando Venegas

6 ("VENEGAS"), Richard Castorena ("CASTORENA"), Mario LNU

7 ("MARIO"), Lucio Gallardo Diaz ("DIAZ"), Ray Perez ("PEREZ"),

8 Shawn Young ("YOUNG"), Carmela LNU ("CARMELA"), FNU LNU, also

9 known as "Cabezon" ("CABEZON"), Gabriel Macias ("MACIAS"), Paul

10 Onsurez ("ONSUREZ"), Juan Diaz ("DIAZ"), FNU LNU ("SOS"),

11 Victor Carrasco Felix ("FELIX"), FNU LNU ("JOSE LNU"), Gilberto

12 Gutierrez ("G. GUTIERREZ"), Jose Gutierrez ("J. GUTIERREZ"),

13 Teresa Castro ("CASTRO"), Deborah Cortez ("CORTEZ"), Roberto Sosa

14 ("SOSA"), Enrique Jimenez ("JIMENEZ"), Salvador Martinez

("MARTINEZ"), Daniel Reyes ("REYES"), FNU LNU, also known as "M,"

16 ("M"), Juan Gil ("GIL"),Armando Barajas ("BARAJAS"), "Red Eye,"

17 and others known, unknown or unidentified ("the Target

18 Subjects").

19          b.   The communications of the Target Subjects and

20 others known, unknown, or unidentified are to be intercepted.

21          c.   There is probable cause to believe that:

22               i. FNU LNU, also known as "Alex," ("ALEX"), David

23 Navarro ("NAVARRO"), Steve Osker Hoyos ("HOYOS"), Sara Leticia

24 Misquez ("MISQUEZ"), FNU LNU, also known as Chipo ("CHIPO"),

25

26 _____

7 [2] Although not a predicate offense for wire interception under 18 U.S.C. § 2516 and thus not listed as a Target Offense, law enforcement is also investigating the Target Subjects for
8 violation of 18 U.S.C. § 2, aiding and abetting the substantive offenses.

1   Steven Hernandez ("HERNANDEZ"), Larry Cuevas ("CUEVAS"), Patrick
2   Orosco ("OROSCO"), Armando Venegas ("VENEGAS"), Richard Castorena
3   ("CASTORENA"), Mario LNU ("MARIO"), Lucio Gallardo Diaz ("DIAZ"),
4   Ray Perez ("PEREZ"), Shawn Young ("YOUNG"), Carmela LNU
5   ("CARMELA"), FNU LNU, also known as "Cabezon" ("CABEZON"),
6   Gabriel Macias ("MACIAS"), Paul Onsurez ("ONSUREZ"), Juan Diaz
7   ("DIAZ"), FNU LNU ("SOS"),   Victor Carrasco Felix ("FELIX"), FNU
8   LNU ("JOSE LNU"), Gilberto Gutierrez ("G. GUTIERREZ"), Jose
9   Gutierrez ("J. GUTIERREZ"), Teresa Castro ("CASTRO"), Deborah
10  Cortez ("CORTEZ"), Roberto Sosa ("SOSA"), Enrique Jimenez
11  ("JIMENEZ"), Salvador Martinez ("MARTINEZ"), Daniel Reyes
12  ("REYES"), FNU LNU, also known as "M," ("M"), Juan Gil ("GIL"),
13  Armando Barajas ("BARAJAS"), "Red Eye," and others known, unknown
14  or unidentified have committed, are committing, or will commit
    one or more of the Target Offenses as detailed in Exhibit B;

16          ii.  Wire communications concerning the Target
17  Offenses will be obtained through the interceptions of the Target
18  Telephones.  In particular, the communications to be intercepted
19  will concern, and will provide evidence pertaining to, the goals
20  of this investigation, including the following: (i) the precise
21  nature, extent, and methods of operation of the illegal
22  activities (including the Target Offenses) of the Target Subjects
23  and others known, unknown or unidentified, including the dates,
24  times, and places for the commission of the drug trafficking
25  activities; (ii)  the acquisition and distribution of controlled
26  substances and money by the Target Subjects and others known,
7   unknown or unidentified; (iii) the identities and roles of
8   accomplices, aiders and abettors, co-conspirators and other

1  participants in the drug trafficking organization including any

2  the known and unknown suppliers, distributors and purchasers of

3  controlled substances and the individuals involved in laundering

4  or transporting drug trafficking proceeds; (iv) the locations at

5  which controlled substances, records, money and contraband are

6  stored; (v) the administration, control, management and

7  disposition of proceeds of drug trafficking, including the manner

8  in which any drug proceeds are laundered; and (vi) the existence,

9  location and source of resources used to finance their illegal

10 activities ("the goals of the investigation");

11          iii. The Target Telephones are being used, or are

12 about to be used in connection with the commission of one or more

13 the Target Offenses as detailed in Exhibit B; and

14          iv.  Because of the nature of the investigation,

5  additional communications concerning the Target Offenses will

16 occur after the first has been intercepted.  Therefore, the

17 authorization for interception should not automatically terminate

18 after the first interception but should continue until

19 communications are intercepted which fully achieve the goals of

20 the investigation or for a period of 30 days (defined as 24 hour

21 periods), whichever occurs first.

22          d.  Normal investigative procedures have been tried and

23 have failed, reasonably appear unlikely to succeed if continued,

24 reasonably appear unlikely to succeed if tried, or are too

25 dangerous.

26          e.  The relevant facts concerning all previous

7  applications known to me and TFO Lavoie which were made to any

8  judge for authorization to intercept wire, oral, or electronic

1  communications involving any of the Target Subjects or facilities

   or places specified in the affidavit, and the action taken by the

3  judge on each such application.

4          f.    Pursuant to 18 U.S.C. §§ 3122 and 3123, I certify

5  that the information likely to be obtained from the pen register

6  (defined in 18 U.S.C. § 3127(3)) and trap and trace device

7  (defined in 18 U.S.C. § 3127(4)) on the Target Telephones is

8  relevant to the ongoing criminal investigation being conducted by

9  the DEA in connection with possible violations of the Target

10 Offenses, as detailed in Exhibit B.[3]

11         g.    Pursuant to 18 U.S.C. §§ 2703(d) and 3123, the

12 attached affidavit demonstrates specific and articulable facts

13 exist to show that there are reasonable grounds to believe that

14 the information likely to be obtained from Target Telephone cell

   site information and any other requested records or other non-

16 content information pertaining to a telephone subscriber or

17 customer, are relevant and material to the ongoing criminal

18 investigation of the Target Subjects that is being conducted by

19 the DEA as detailed in Exhibit B.

20 **Requested Orders: Interception and Pen Register/ Trap and Trace**

21         5.    On the basis of the allegations contained in this

22 application, on the basis of the affidavit of TFO Lavoie, and

23

   _____

24        [3]   See, e.g., Brown v. Waddell, 50 F.3d 285, 290 (4th Cir.
   1995) (Section 3122 does not require the government to establish
25 probable cause to obtain a pen register or trap and trace
   device); United States v. Fregoso, 60 F.3d 1314, 1320 (8th Cir.
26 1995) (holding that the judicial role under Section 3123(a) is
   ministerial in nature because a proper application under Section
7  3122 mandates entry of the order); See Smith v. Maryland, 442
   U.S. 735, 742-44 (1979) ("a person has no legitimate expectation
8  of privacy in information he voluntarily turns over to third
   parties.").

1  pursuant to the power conferred on this court by 18 U.S.C. §§
   2518, 2703, 3122 and 3123, I request this Court issue the
3  following orders:

4          a.   the DEA and all other law enforcement agencies
5  investigating this matter, and individuals operating under a
6  contract with the government and acting under the supervision of
7  these law enforcement agencies are authorized to intercept wire
8  communications, including push-to-talk (digital dispatch/ direct
9  connect) communications and contemporaneously received or
10 retrieved voice mail, to and from, and any background
11 conversations intercepted in the vicinity of, the Target
12 Telephones.

13         b.   The communications of the Target Subjects and
14 others known, unknown, or unidentified are to be intercepted.

           c.   Such interception shall not automatically
16 terminate upon the first interception of the described types of
17 communication, but shall continue until communications are
18 intercepted which fully achieve the goals of the investigation or
19 for a period of 30 days (defined as 24 hour periods), whichever
20 occurs first (the "Interception Period").

21         d.   Pursuant to Title 18, United States Code, Section
22 2518(5), such Interception Period is authorized to begin for
23 **Target Telephone #3** and **Target Telephone #5** on the date of this
24 court's Order authorizing the interception, and on the earlier of
25 the day on which the investigative or law enforcement officers
26 first begin to conduct an interception under this court's order
7  or ten days after the date of the court order for **Target**
8  **Telephone #6**.

1        e.    Such interception is authorized to and from any
2  changed telephone numbers subsequently assigned to any instrument
3  bearing the same ESN/MEID or ISMI as the Target Telephones, or
4  any changed ESN/MEID or ISMI subsequently assigned to the same
5  telephone number as the Target Telephones.

6        f.    Pursuant to Title 18, United States Code, Section
7  2518(3), in the event the Target Telephones are transferred
8  outside the territorial jurisdiction of the Court, the act of
9  interception may take place in, or using cellular tower equipment
10 located in, any other jurisdiction within the United States.

11       g.    Pursuant to 18 U.S.C. §§ 3122 and 3123, agents of
12 the DEA: (1) may install, or cause to be installed, and use a pen
13 register anywhere in the United States to record or decode
14 dialing, routing, addressing, or signaling information for the
15 Target Telephones, including "post-cut-through dialed digits"[4]
16 and dialing, routing, addressing, or signaling information
17 transmitted over the Service Provider's (defined below) network
18 by a two-way radio feature transmitted from the Target

19

20       [4]   "Post-cut-through dialed digits," also called "dialed
   digit extraction features," are any digits that are dialed from
21 the Target Telephones after the initial call setup is completed.
   Some post-cut-through dialed digits are numbers that are
22 necessary to route the call to the intended party, identify the
   place or party to which the call is being made, and therefore are
23 the type of information specifically authorized for capture by
   pen register.  Post-cut-through dialed digits also can represent
24 electronic content in the form of an electronic message, such as
   when subjects call automated banking services and enter account
25 numbers, or call voicemail systems and enter passwords, or call
   pagers and dial call-back telephone numbers.  While interception
26 of wire content is sought and supported by this application, the
   government is not seeking authorization to intercept the
27 electronic communications of the Target Telephones.  Accordingly,
   to the extent that additional digits that are electronic content
28 are received, the government will not use such information for
   any investigative purposes.

1 Telephones, to record the date and time of such dialings or
2 transmissions, and to record the length of time the telephone
3 receiver in question is "off the hook" for incoming or outgoing
4 calls; and (2) may install, or cause to be installed, and use a
5 trap and trace device anywhere in the United States to capture
6 and record the incoming electronic or other impulses for the
7 Target Telephones which identify the originating numbers or other
8 dialing, routing, addressing, or signaling information reasonably
9 likely to identify the source of a wire or electronic
10 communication, and to record the date, time, and duration of
11 calls created by such incoming impulses; both for a period of
12 sixty days from the date this order is filed by the court. The
13 tracing operations and use of the caller identification feature
14 shall be without geographical limits.

**Requested Orders: Service Providers**

16     6.    In addition, on the basis of the allegations contained
17 in this application, on the basis of the affidavit of TFO Lavoie,
18 and pursuant to the power conferred on this court by 18 U.S.C. §§
19 2518, 2703, 3122, 3123, and 3127, and, to the extent it applies,
20 Federal Rule of Criminal Procedure 41, I request this Court order
21 SBC Communications, Inc. or any subsidiary thereof, Ameritech,
22 Southern New England Telephone Company, Verizon California, Inc.,
23 XO Communications, Comcast Cable Communications Inc./AT&T
24 Corporation, Verizon, Verizon New York, Inc., Verizon California,
25 Inc., General Telephone Company, MPower Communications, Verizon
26 New Jersey Inc., Bell South Telephone Company, Allegiance
7 Telecom, Cox Communications and Qwest Communications, AT&T, U.S.
8 Sprint, WorldCom, Pacific Bell Telephone Company, Pacific Bell

1 Wireless, Cellco Partnership, dba Verizon Wireless, AT&T Wireless

Services, AirTouch Cellular Telephone Company, U.S. Cellular,

3 MetroPCS, Cingular Wireless, Nextel of California, Inc., Boost

4 Mobile LLC, Cricket Communications, Sprint Communications, T-

5 Mobile USA, Inc., Virgin Mobile USA, AT&T Broadband, Nextel

6 Communications and Western Wireless Corp., and any other

7 telephone companies, and local long distance or wireless carriers

8 who are providers of wire and electronic communications services

9 as defined in 18 U.S.C. § 2510(15), including any subsequent

10 service provider which provides such defined service to the

11 Target Telephones, ("the Service Providers") to do the following:

12      a.   Provide the DEA and other law enforcement agencies

13 involved in this investigation with 24-hour-a-day, seven-days-a-

14 week information, facilities, and technical assistance necessary

to accomplish the interception over the Target Telephones

16 unobtrusively, expeditiously, and with a minimum of interference

17 to the services that the Service Providers are providing to the

18 persons whose communications are to be intercepted. The switch

19 mechanisms which allow law enforcement to receive audio shall be

20 programmed within four business hours of receipt of the court's

21 Order.

22      b.   Provide the DEA with such 24-hour-a-day information

23 and services for the Target Telephones as the following: rotary

24 numbers associated with the Target Telephones, call forwarding,

25 speed dialing, call waiting, cell site and real-time locations/

26 Global Positioning Satellite (GPS) information (including User

7 Name(s), Pass Code(s), and historical and on-going activity

8 related to the physical location of the Target Telephones), pen

Date Revised: December 31, 2008     **12**

USA000397

1 register data, toll data, trap and trace extended digit dialed

data, Direct Connect/Digital Dispatch ("Push to Talk") services,

3 three-way calling, and all other services. In addition, the

4 Service Providers shall (if available) initiate a signal to

5 determine the location of the Target Telephones on the Service

6 Provider's network or with such other reference points as may be

7 reasonably available and at such intervals and times as directed

8 by the DEA.

9      c. Within 48 hours of a oral or written demand of the

10 DEA or other law enforcement agencies involved in the

11 investigation, disclose to same: all non-content account

12 information and records in their files for the Target Telephones

13 and the telephones calling to or from the Target Telephones

14 (based on the DEA's written representation of same), including

but not limited to subscriber names and addresses whether

16 published or unpublished, listed or unlisted, and any changes

17 (defined here to include additions, deletions, and transfers)

18 thereto; MEIDs, ESNs, IMSIs, IMFIs, SIMs or other identifying

19 information and any changes thereto; subscriber date of birth,

20 driver's licenses (state and number), social security number,

21 contact names and numbers, and employment information and any

22 changes thereto; all telephone numbers listed to subscribers

23 under the same or different account; method of payment; length of

24 service, periods of telephone activation, and type of service

25 utilized; applications, account and billing information; and

26 incoming and outgoing toll information (both historical and

7 ongoing), including Direct Connect/Digital Dispatch ("Push to

8 Talk") services and call detail.

1        d.    Disclose on a real time or near real time basis

2 when requested to do so by the DEA the geographic analysis

3 information (including the physical address of the cell

4 site/sector) regarding cell sites used and corresponding antenna

5 information to identify the location of the Target Telephones, to

6 include configuration (omni directional or sectorized, sector

7 orientation) control channels used, address and latitude/

8 longitude of antennas.

9        e.    Enter the telephone numbers of the Target

10 Telephones into the pen register system and supply originating

11 and terminating cell site information during the Interception

12 Period.

13        f.    Authorize the installation and/or use of "dialed

14 number recorders" to detect and record all numbers dialed or

pulsed by the Target Telephones.

16        g.    Execute the Court's Order as soon as practicable

17 after it is signed. If a copy of the Order is given to any

18 Service Provider, the copy may be redacted to exclude the Target

19 Subjects and a description of the Target Offenses under

20 investigation.

21        h.    To avoid prejudice to this criminal investigation,

22 the Service Providers and their agents and employees shall not

23 disclose or cause a disclosure of this Court's order or the

24 request for information, assistance, and facilities by the DEA or

25 other law enforcement agencies involved in the investigation or

26 the existence of this investigation to any person other than

7 those of their agents and employees who require said information

8 to accomplish the services herein requested. In particular, the

1 Service Providers and their agents and employees should be
2 ordered not to make such disclosure to the lessee, telephone
3 subscribers or any interceptee or participant in the intercepted
4 communications.

5     i.   In the event that the Service Provider (currently
6 MetroPCS and Sprint/Nextel) changes during the course of the
7 Interception Period, interception may continue with the new
8 Service Provider without further order of this court.  Both the
9 previous and the new Service Provider shall inform the DEA
10 immediately if the Service Provider changes during the
11 Interception Period, or if the ESN or telephone number for the
12 Target Telephones are supplied to another Service Provider.

13     j.   The Service Providers furnishing such facilities,
14 service, or technical assistance shall be compensated for
   reasonable expenses incurred in doing so.

16 **Requested Orders: Progress Reports, Monitoring, and Sealing**

17     7.   I further request this Court issue the following
18 orders:

19     a.   Pursuant to 18 U.S.C. § 2518(6), an Assistant
20 United States Attorney familiar with the facts of this case,
21 shall provide the Court with a report after about the fifteenth
22 day of the Interception Period showing what progress has been
23 made toward achievement of the authorized objectives of the
24 investigation and the need for continued interception.  In the
25 event that the DEA is made aware that the Service Provider has
26 changed during the course of the interception, the periodic
7 progress report will include that information.

8

Date Revised: December 31, 2008

15

USA000400

1        b.   Pursuant to 18 U.S.C. § 2518(5), the interception
2    may be conducted in whole or in part by government personnel
3    (full or part-time), or by an individual operating under a
4    contract with the government, acting under the supervision of
5    investigative or law enforcement officers authorized to conduct
6    the interception.

7        c.   All intercepted communications will be minimized in
8    accordance with Chapter 119 of Title 18 U.S.C.   In the event the
9    intercepted language is in a code or foreign language (other than
10   English), and foreign language-speaking monitoring personnel or
11   an expert in that foreign language or code is not reasonably
12   available during the interception period, the entirety of the
13   foreign language conversations may be intercepted and recorded
14   and minimization shall be accomplished as soon as practicable
5    after the interception.

16       d.   As set forth in more detail in the attached
17   affidavit, the interception shall be conducted in such a way as
18   to minimize the interception of communications not otherwise
19   subject to interception pursuant to the Order.   Monitoring will
20   be discontinued if a monitor determines that the conversation is
21   not criminal in nature, is privileged, or is not subject to
22   interception pursuant to the Order.   If monitoring is
23   discontinued, monitoring agents may spot check the conversation
24   in order to determine whether the conversation has become
25   criminal in nature or otherwise is now subject to interception
26   pursuant to the Order.   A memorandum outlining the guidelines for
7    minimization and application of privileges, as well as a copy of
8    the application and Order, will be provided to all monitors.

USA000401

1        e.   This application with attached affidavit, any
2   resulting Order and all interim reports filed with the Court
3   shall be sealed until further order of this Court.  Copies of the
4   Order may be given by the DEA to any other law enforcement
5   officer involved in the investigation and to the Service
6   Providers as is necessary to implement the Order.

7        I declare under penalty of perjury that the foregoing is
8   true and correct to the best of my knowledge and belief.

9        EXECUTED at Los Angeles, California on June 15, 2009

10
11                              REEMA M. EL-AMAMY
                                Assistant United States Attorney
12                              Violent & Organized Crime Section

13
14
5
16
17
18
19
20
21
22
23
24
25
26
7
8



**U.S. Department of Justice**

Criminal Division

_Washington, D.C. 20530_

JUN 1 2 2009

<u>MEMORANDUM</u>

TO:       Maureen H. Killion, Director
              Office of Enforcement Operations
              Criminal Division

ATTN:     Reema El-Amamy

FROM:     Lanny A. Brauer
              Assistant Attorney General
              Criminal Division

SUBJECT:  Authorization for Interception Order Application

      This is with regard to your recommendation that
an appropriately designated official of the Criminal Division
authorize an application to a federal judge of competent
jurisdiction for an order under Title 18, United States Code,
Section 2518, authorizing for a thirty (30) day period the
continued interception of wire communications occurring to and
from the cellular telephones bearing the numbers (909) 251-1663,
subscribed to by Armando Gonzales, 15576 Merrill Avenue, Fontana,
California, and (909) 489-8277, subscribed to by Whaterver, Crazt
Legs, 1925 Eloise Way, Upland, California, and the initial
interception of wire communications occurring to and from the
cellular telephone bearing the number (951) 368-4804, subscribed
to by Raul Gonzalez, P.O. Box 54988, Irvine, California, and
accessed through International Mobile Subscriber Identification
(IMSI) number 316010154367205, in connection with an
investigation into possible violations of Title 18, United States
Code, Sections 2, 1956, 1957, 1959, 1962, and 1963, and Title 21,
United States Code, Sections 841, 843, and, 846, by "Alex," David
Navarro, Steve Osker Hoyos, Sara Leticia Misquez, "Chipo," Steven
Hernandez, Larry Cuevas, Patrick Orosco, Armando Venegas, Richard
Castorena, Mario LNU, Lucio Gallardo Diaz, Ray Perez, Shawn
Young, Carmela LNU, "Cabezon," Gabriel Macias, Paul Onsurez, Juan
Diaz, "SOS," Victor Carrasco Felix, "Jose LNU," Gilberto
Gutierrez, Jose Gutierrez, Teresa Castro, Deborah Cortez, Roberto
Sosa, Enrique Jiminez, Salvador Martinez, Daniel Reyes, "Red
Eye," and others as yet unknown.

USA000403

By virtue of the authority vested in the Attorney General of the United States by Section 2516 of Title 18, United States Code, the Attorney General has by Order Number 3055-2009, dated February 26, 2009, designated specific officials in the Criminal Division to authorize applications for court orders authorizing the interception of wire or oral communications. As a duly designated official in the Criminal Division, this power is exercisable by the undersigned. WHEREFORE, acting under this delegated power, the appropriately designated official hereby authorizes the above-described application to be made by any investigative or law enforcement officer of the United States as defined in Section 2510(7) of Title 18, United States Code.

The authorization given is intended to apply not only to the target telephone numbers listed above, but also to any other telephone number or telephone accessed through the above-referenced IMSI number, and to any other IMSI number accessed through that target telephone number referenced above, and to any other telephone numbers subsequently assigned to or used by the instruments bearing the same electronic serial number or mobile equipment identifier used by the other target telephones, within the thirty (30) day period. The authorization is also intended to apply to the target telephone numbers referenced above regardless of service provider, and to background conversations intercepted in the vicinity of the target telephones while the telephones are off the hook or otherwise in use.

---

Lanny A. Breuer
Assistant Attorney General
Criminal Division

JUN 1 2 2009
Date

**Gary G. Grindler**
**Deputy Assistant Attorney General**
**Criminal Division**

TABLE OF CONTENTS

PAGE(S)

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . 1

II.   PURPOSE OF AFFIDAVIT . . . . . . . . . . . . . . . . 3

III.  BASIS FOR FACTS CONTAINED IN THIS AFFIDAVIT . . . . . 12

IV.   TARGET SUBJECTS . . . . . . . . . . . . . . . . . . 13

V.    FACTS ESTABLISHING PROBABLE CAUSE . . . . . . . . . . 23

      A.   Overview of the Investigation to Date . . . . . . . 23

      B.   Intercepted Communications on Target Telephone #3 . 31

      C.   Intercepted Communications on Target Telephone #5 . 36

      D.   Intercepted Communications on Target Telephone #6 . 47

      E.   Toll Analysis for Target Telephone #6 . . . . . . . 50

VI.   PRIOR APPLICATIONS FOR WIRE INTERCEPTIONS . . . . . . 51

VII.  NEED FOR INTERCEPTION . . . . . . . . . . . . . . . . 51

      A.   Physical Surveillance . . . . . . . . . . . . . . . 54

      B.   Interviews of Witnesses and Confidential Sources,
           Grand Jury Subpoenas, Grants of Immunity,
           and Financial Investigation . . . . . . . . . . . . 58

      C.   Undercover Agents . . . . . . . . . . . . . . . . . 63

      D.   Search Warrants/Seizures . . . . . . . . . . . . . . 64

      E.   Pen Register/Toll Records . . . . . . . . . . . . . 66

      F.   Trash Searches . . . . . . . . . . . . . . . . . . . 66

      G.   Other Investigative Methods . . . . . . . . . . . . 68

VIII. MINIMIZATION . . . . . . . . . . . . . . . . . . . . 69

IX.   DURATION OF INTERCEPTION . . . . . . . . . . . . . . 71

X.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . 72

APPENDIX A PRIOR APPLICATIONS . . . . . . . . . . . . . . . 73

i

I, KRIS LAVOIE, being duly sworn, depose and state:

## I. INTRODUCTION

1. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18 of the United States Code. I am empowered to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2. I have been a Police Officer for the Ontario Police Department for approximately 7 years. I am currently assigned to the High Intensity Drug Trafficking Area, Group 50 (hereinafter referred to as "HIDTA 50").

3. I am a full-time sworn peace officer, and have been employed in such capacity since March 2001. From March 2001 to June 2006, I was assigned to the Patrol Division, and from June 2006 to the present, I have been assigned to HIDTA 50 as a Task Force Officer ("TFO"). HIDTA 50 is a multi-agency task force, which conducts a variety of narcotics investigations, from mid-level narcotics traffickers to major narcotics trafficking organizations. HIDTA 50 is comprised of various special agents from the Drug Enforcement Administration ("DEA"), Immigration and Customs Enforcement ("ICE"), Internal Revenue Service ("IRS"), and local law enforcement personnel designated as TFO's from the Riverside Police Department ("RPD"), the Riverside Sheriff's Office ("RSO"), the Ontario Police Department ("OPD"), and San Bernardino Sheriff's Department ("SBSD").

4. I first received training in narcotics and controlled substances laws and investigations at the San Bernardino Sheriff's Academy in 2000. Since that time, I have attended over

USA000406

200 hours of specific training in the investigation of narcotics and controlled substances offenses, some of which were provided by the California Narcotics Officers' Association, California Department of Justice, and the Federal Law Enforcement Training Center.

5.    I have participated in over 100 narcotics investigations involving the unlawful importation, possession with intent to distribute and distribution of controlled substances (including heroin), as well as the investigative activity directed at monetary transactions involving the proceeds of specified unlawful activities and conspiracies, associated with criminal narcotics offenses in violation of Title 21, United States Code, Sections 841(a)(1), 843(b), 846, 952(a), and 963; Title 18, United States Code, Section 924; and California Health and Safety Code Sections 11351, 11352, 11378, 11379, 11379.6(a) and conspiracy to commit those crimes in violation of California Penal Code Section 182.  During these investigations, I have conducted physical surveillance, executed search warrants, arrested narcotics traffickers and monitored conversations, pursuant to Section 629.50 et seq. of the California Penal Code and Title 18, United States Code, Section 2518.  On numerous occasions, I have spoken with informants, suspects, defendants, and experienced narcotics investigators concerning the methods and practices of narcotics traffickers.  Through these investigations, my training, experience, and conversations with experienced agents, other narcotics investigators, and law enforcement personnel, I have become familiar with the methods employed by narcotics traffickers in general, and large Mexican

2

USA000407

1  narcotics trafficking organizations in particular, to smuggle,

2  safeguard, distribute narcotics and to collect and launder

3  narcotics-related proceeds.  These methods include the use of

4  debit calling cards, public telephones, wireless communications

5  technology, such as paging devices and cellular telephones,

6  counter-surveillance, elaborately-planned smuggling schemes tied

7  to legitimate businesses, false or fictitious identities, and

8  coded communications in an attempt to avoid detection by law

9  enforcement and circumvent narcotics investigations.

10       6.   I have been the affiant on California State issued

11  wiretap affidavits and have assisted other law enforcement agents

12  in several state and federal wiretap investigations during the

13  past two years.

14  **II.  <u>PURPOSE OF AFFIDAVIT</u>**

         7.   On February 13, 2009, the Honorable Manuel L. Real of

     the United States District Court for the Central District of

17  California issued an order in CR Misc 09-38-R, authorizing the

18  interception of wire communications of FNU LNU, also known as

19  "Alex," ("ALEX"), David Navarro ("NAVARRO"), Steve Osker Hoyos

20  ("HOYOS"), Sara Leticia Misquez ("MISQUEZ"), FNU LNU, also known

21  as Chipo ("CHIPO"), Steven Hernandez ("HERNANDEZ"), Larry Cuevas

22  ("CUEVAS"), Patrick Orosco ("OROSCO"), Armando Venegas

23  ("VENEGAS"), Richard Castorena ("CASTORENA"), Mario LNU

24  ("MARIO"), Lucio Gallardo Diaz ("DIAZ"), Ray Perez ("PEREZ"),

25  Shawn Young ("YOUNG"), Carmela LNU ("CARMELA"), FNU LNU, also

26  known as "Cabezon" ("CABEZON"), Gabriel Macias ("MACIAS"), Paul

27  Onsurez ("ONSUREZ"), Juan Diaz ("DIAZ"), FNU LNU ("SOS"),

8  Victor Carrasco Felix ("FELIX"), FNU LNU ("JOSE LNU"), Gilberto

3

USA000408

Gutierrez ("G. GUTIERREZ"), Jose Gutierrez ("J. GUTIERREZ"),

Teresa Castro ("CASTRO"), Deborah Cortez ("CORTEZ"), Roberto Sosa

("SOSA"), Enrique Jimenez ("JIMENEZ"), Salvador Martinez

("MARTINEZ"), Daniel Reyes ("REYES"), FNU LNU, also known as "M,"

("M"), Juan Gil ("GIL"),Armando Barajas ("BARAJAS"), "Red Eye,"

and others yet unknown (the **"Target Subjects"**) taking place to or

from:

> a Sprint/Nextel cellular telephone subscribed to Ramon
> Ponce, at 10351 Central Avenue, Montclair, CA 91763,
> with a telephone number of 909-631-8843, IMSI[1] #
> 000009096368023, and believed to be used primarily by
> FNU LNU, also known as "ALEX," (**"Target Telephone #1"**),
> or any subsequently changed telephone number assigned
> to the same IMSI with the same subscriber information,
> and/or any subsequently changed IMSI assigned to the
> same telephone number with the same subscriber
> information; and
>
> a Sprint/Nextel cellular telephone subscribed to Jose
> Lopez, at 13020 Francisquito Suite 17, Baldwin Park, CA
> 91706, with a telephone number of 626-736-0066, IMSI #

---

[1]    IMSI is an acronym for "International Mobile Subscriber Identity." The IMSI is a unique non-dialable number allocated to each subscriber that identifies subscriber account information (as opposed to the physical telephone equipment) for certain cellular telephones. The IMSI number is unique to that subscriber, and is never re-assigned. Thus, if the target exchanges his cellular telephone for an updated model and also changes his telephone number, the IMSI will remain the same.

4

000006262083542, and believed to be used by ALEX's narcotics source of supply who has yet to be identified ("**Target Telephone #2**") or any subsequently changed telephone number assigned to the same IMSI with the same subscriber information, and/or any subsequently changed IMSI assigned to the same telephone number with the same subscriber information.

8. On March 17, 2009 the Honorable Manuel L. Real of the United States District Court for the Central District of California issued an order in CR Misc 09-38(A)-R, authorizing the interception of wire communications of the **Target Subjects** taking place to or from:

a MetroPCS cellular telephone, subscribed to Armando Gonzales at 15576 Merrill Ave., Fontana, California, 92335, with a telephone number of 909-251-1663, MEID[2] # 268435457101363157, and believed to be used primarily by FNU LNU "ALEX", ("**Target Telephone #3**"), or any subsequently changed telephone number assigned to the same MEID with the same subscriber information, and/or any subsequently changed MEID assigned to the same telephone number with the same subscriber information; and

---

[2] ESN is an acronym for "Electronic Serial Number." The ESN uniquely identifies certain cellular telephones. MEID is an acronym for "Mobile Equipment Identifier." The MEID uniquely identifies certain cellular telephones, and is being used by Verizon Wireless on new phones to replace the ESN.

5

USA000410

a Verizon Wireless cellular telephone subscribed to
Gabriela Meza, at 1560 Otterbein Avenue, Space 18,
Rowland Heights, CA 91748, with a telephone number of
909-261-9412, ESN/MEID # A0-00000E-57811B, and believed
to be used primarily by David NAVARRO ("**Target
Telephone #4**") or any subsequently changed telephone
number assigned to the same ESN/MEID with the same
subscriber information, and/or any subsequently changed
ESN/MEID assigned to the same telephone number with the
same subscriber information.

The interception of **Target Telephone #3** ended on April 16, 2009.
I discontinued interception of **Target Telephone #4** on April 1,
2009 because I determined that the level of wire communications
over **Target Telephone #4** that were pertinent to this
investigation was low.

9.   On May 1, 2009 the Honorable Manuel L. Real of the
United States District Court for the Central District of
California issued an order in CR Misc 09-38(B)-R, authorizing the
interception of wire communications of the **Target Subjects** taking
place to or from **Target Telephone #3** as well as from:

a Sprint/Nextel cellular telephone subscribed to
Whaterver, Crazt Legs, at 1925 Eloise Way, Upland, CA
91784, with a telephone number of 909-489-8277, ESN #
2684354620058018, and believed to be used primarily by
David NAVARRO ("**Target Telephone #5**").

The interception of **Target Telephone #3** and **Target Telephone #5**
ended on May 30, 2009.

10.   During the course of this investigation, I have

6

USA000411

previously obtained California state orders authorizing the interception of wire and electronic communications of various telephone numbers including **Target Telephone #1**. Specifically:

a. On October 14, 2008, the Honorable Judge Kenneth Barr issued San Bernardino County Intercept Order 2008-83 authorizing the interception of wire and electronic communications to and from telephone number 909-717-5752;

b. On November 12, 2008, the Honorable Judge Kenneth Barr issued San Bernardino County Intercept Order 2008-83 Extension #1, authorizing the continued interception of wire and electronic communications to and from telephone number 909-717-5752;

c. On November 12, 2008, the Honorable Judge Kenneth Barr issued San Bernardino County Intercept Order 2008-93 authorizing the interception of wire and electronic communications to and from **Target Telephone #1**;

d. On December 11, 2008, the Honorable Judge Kenneth Barr issued San Bernardino County Intercept Order 2008-93 Extension #1, authorizing the continued interception of wire and electronic communications to and from **Target Telephone #1**; and

e. On December 12, 2008, the Honorable Judge Helios Hernandez issued Riverside County Intercept Order 08-62, authorizing the interception of wire and electronic communications to and from telephone number 714-457-7770.

11. I incorporate by reference my February 13, 2009 affidavit in support of the interception of wire communications to and from **Target Telephone #1** and **Target Telephone #2**, my March 17, 2009 affidavit in support of the interception of wire

7

communications to and from **Target Telephone #3** and **Target Telephone #4,** and my May 1, 2009 affidavit in support of the interception of wire communications to and from **Target Telephone #3** and **Target Telephone #5** as though fully set forth herein.

12. I make this affidavit in support of the continued interception of wire communications to and from **Target Telephone #3** and **Target Telephone #5,** as well as the original interception of wire communications to and from:

a Sprint/Nextel cellular telephone, subscribed to Raul Gonzalez at PO Box 54988, Irvine, CA, with a telephone number of 951-368-4804, ISMI # 316010154367205, UFMI 126*294*6628, ESN # 364VJCRBTX and believed to be used primarily by ALEX (**"Target Telephone #6"** and collectively with **Target Telephone #3** and **Target Telephone #5**, the **Target Telephones**) or any subsequently changed telephone number assigned to the same ISMI or ESN with the same subscriber information, and/or any subsequently changed ISMI or ESN assigned to the same telephone number with the same subscriber information.

13. Based on the facts set forth in this affidavit, there is probable cause to believe that FNU LNU, also known as "Alex," ("ALEX"), David Navarro ("NAVARRO"), Steve Osker Hoyos ("HOYOS"), Sara Leticia Misquez ("MISQUEZ"), FNU LNU, also known as Chipo ("CHIPO"), Steven Hernandez ("HERNANDEZ"), Larry Cuevas ("CUEVAS"), Patrick Orosco ("OROSCO"), Armando Venegas ("VENEGAS"), Richard Castorena ("CASTORENA"), Mario LNU ("MARIO"), Lucio Gallardo Diaz ("DIAZ"), Ray Perez ("PEREZ"), Shawn Young ("YOUNG"), Carmela LNU ("CARMELA"), FNU LNU, also

8

1   known as "Cabezon" ("CABEZON"), Gabriel Macias ("MACIAS"), Paul

2   Onsurez ("ONSUREZ"), Juan Diaz ("DIAZ"), FNU LNU ("SOS"),

3   Victor Carrasco Felix ("FELIX"), FNU LNU ("JOSE LNU"), Gilberto

4   Gutierrez ("G. GUTIERREZ"), Jose Gutierrez ("J. GUTIERREZ"),

5   Teresa Castro ("CASTRO"), Deborah Cortez ("CORTEZ"), Roberto Sosa

6   ("SOSA"), Enrique Jimenez ("JIMENEZ"), Salvador Martinez

7   ("MARTINEZ"), Daniel Reyes ("REYES"), FNU LNU, also known as "M,"

8   ("M"), Juan Gil ("GIL"),Armando Barajas ("BARAJAS"), "Red Eye,"

9   and others yet unknown, herinafter, the **"Target Subjects,"**[3] have

10  committed, are committing, and will continue to commit the

11  federal offenses enumerated in Title 18, United States Code,

12  Section 2516, namely:

13          a.   Racketeer Influenced and Corrupt Organizations

14  ("RICO") offenses, in violation of Title 18, United States Code,

    Sections 1962 and 1963;[4]

---

17  [3] Manuel Vega ("VEGA") was a known and admitted member of the
    Ontario Black Angels criminal street gang, who used the gang
18  alias of "Limpy." Vega either personally collected extortion
    money from ALEX's organization, or he was assisted by **Target**
19  **Subject** David NAVARRO. VEGA was a Hispanic Male, born on
    September 8, 1979. His California Driver's License Number was
20  B8725308. VEGA resided at 372 Stillman St. Apt. D, Upland,
21  California, 91786, and was the victim of a homicide near his home
    in Upland on January 13, 2009. As such, he is no longer
22  considered a **Target Subject**.

23  [4] There is probable cause that the subject individuals and their
24  conspirators constitute an enterprise, that is, a group of
    individuals associated in fact. Members and associates of this
25  enterprise are believed to have violated 18 U.S.C. § 1962(c)
    (RICO Substantive) and § 1962(d)(RICO conspiracy), which is
26  punishable by 18 U.S.C. § 1963, by conducting and conspiring to
    conduct the affairs of an association-in-fact enterprise, which
27  enterprise engaged in, and the activities of which affect,
    interstate or foreign commerce, through a pattern of racketeering

9

1          b.    Violent crimes in aid of a racketeering

enterprise, in violation of Title 18, United States Code, Section

3    1959;

4          c.    Manufacture, distribution, and possession with

5    intent to distribute a controlled substance, in violation of

6    Title 21, United States Code, Section 841(a)(1);

7          d.    Conspiracy to distribute a controlled substance,

8    in violation of Title 21, United States Code, Sections 846 and

9    841(a)(1);

10          e.    Use of a communication facility in committing or

11    in causing or facilitating the commission of a felony narcotics

12    offense, in violation of Title 21, United States Code, Section

13    843(b);

14          f.    Laundering of monetary instruments, in violation

of Title 18, United States Code, Section 1956; and

          g.    Engaging in monetary transactions in property

17    derived from specified unlawful activity, in violation of Title

18    18, United States Code, Section 1957 (hereinafter referred to as

19    the "**Target Offenses**").[5]

20    14.    This affidavit also seeks authorization to intercept

21    any such wire communications, not only over **Target Telephones**,

22    but also over any changed telephone numbers subsequently assigned

23    ─────────────────────────────────

24    activity consisting of acts involving narcotics trafficking in
violation of Title 21, United States Code, Sections 841 and 846,

25    and acts indictable under Title 18, United States Code, Section
1952.  The subject individuals use the target phone to arrange

26    and coordinate the activities of this enterprise.

27    [5]    Although not a predicate offense under 18 U.S.C. § 2516 and

8    thus not listed as a **Target Offense**, law enforcement agents are
also investigating the **Target Subjects** for violation of 18 U.S.C.
§ 2, aiding and abetting the substantive offenses.

10

to the instruments bearing the same ESN/MEID or ISMI, and any changed ESN/MEID or ISMI subsequently assigned to the **Target Telephones**. This affidavit further seeks authorization to record background conversations in the vicinity of **Target Telephones** while the telephones are off the hook or otherwise in use.

15.  Based upon my training and experience, and based on my knowledge of this investigation, there is probable cause to believe the wire communications concerning the **Target Subjects** and others yet unknown concerning the aforementioned offenses will be obtained through the requested wire interception of the **Target Telephones**. In particular, these communications are expected to reveal:

a.  The nature, extent, and methods that the **Target Telephones** are used to facilitate the possession with intent to distribute and distribution of controlled substances and listed chemicals;

b.  The nature, extent, and methods of operation of the **Target Subjects**;

c.  The identities and roles of accomplices, aiders and abettors, co-conspirators, and participants in their illegal activities;

d.  The distribution and transfer of the contraband and money involved in these activities;

e.  The location and source of resources used to finance the criminal activities;

f.  The location and disposition of the proceeds from those activities; and

g.  The locations and items used in furtherance of

11

USA000416

1  those activities.

     16.  These communications are expected to constitute
3  admissible evidence of the above-described offenses.

4      17.  Normal investigative procedures have been tried and
5  have failed to achieve the goals of this investigation, appear
6  unlikely to achieve the goals of the investigation if tried, or
7  are too dangerous to employ.

8      18.  The information set forth in this affidavit is
9  submitted for the limited purpose of supplying the legal
10 requirements for an order granting authorization for the
11 interception of wire communications on the **Target Telephones**.  It
12 does not contain all of the facts known to this investigation.
13 Information not set forth herein is not relied on for the purpose
14 of establishing probable cause for the interception of the wire
   communications on the **Target Telephones**.

   **III. BASIS FOR FACTS CONTAINED IN THIS AFFIDAVIT**

17     19.  This affidavit is based on personal knowledge I have
18 gained from my participation in this investigation as well as
19 information from the following sources:

20         a.   Oral and written reports about this and other
21 investigations, which I have received from other law enforcement
22 officers;

23         b.   Physical surveillance conducted by law enforcement
24 officers, which has been reported to me either directly or
25 indirectly;

26         c.   A review of telephone air time and call records;
27         d.   A review of public records, and police reports;
           e.   Debriefings of confidential informants; and
           f.   Review of intercepted telephone calls with one or

                              12

1 more of the **Target Subjects** pursuant to my California state

2 wiretap investigation. See ¶ 10; and

3         g. Review of intercepted telephone communications on

4 **Target Telephone #3, Target Telephone #4**, and **Target Telephone**

5 **#5**.

6     20. Unless otherwise noted, when I assert that a statement

7 was made, I have either heard the statement directly or listened

8 to a recording of the statement, or the statement was reported to

9 me by another law enforcement officer, either directly or in a

10 written report. The officer providing me with the information

11 may have received the information by way of personal knowledge or

12 from another source.

13     21. Because this affidavit is being submitted for the

14 limited purpose of seeking authorization for the interception of

    wire communications, I have not set forth every fact known to

    this investigation. Facts not set forth herein are not being

17 relied upon in reaching my conclusion that an order should be

18 issued.

19 **IV.**   **TARGET SUBJECTS**

20     22. I have obtained information concerning the background

21 of the **Target Subjects** from the following sources and criminal

22 indices: California Department of Motor Vehicle ("DMV"); National

23 Law Enforcement Telecommunications System ("NLETS"); National

24 Crime Information Center ("NCIC"); conversations with other law

25 enforcement officers participating in this investigation; and my

26 own participation in this investigation. To date, the

27 identifying information that I have ascertained regarding the

    **Target Subjects** is as follows:

        a. FNU LNU, also known as "Alex" ("ALEX"), is the

13

USA000418

leader of a drug trafficking organization. ALEX is a mid-level
heroin and cocaine dealer who distributes narcotics using street
level dealers. ALEX previously paid extortion money to recently
deceased Manuel VEGA, who, in return, allowed ALEX's organization
to distribute narcotics in the Ontario, California area. VEGA
was the victim of a homicide near his home in Upland on January
13, 2009, however, based on calls previously intercepted on
**Target Telephone #1**, **Target Telephone #3**, and **Target Telephone
#6**, I believe that ALEX continues to make extortion payments to
VEGA's associate, NAVARRO. ALEX is a Hispanic male, born on
April 16, 1979. He does not possess a California Driver's
License and he is believed to reside at 15544 Prairie Way,
Riverside, California.[6]

     b.   David Navarro ("NAVARRO") is a known and admitted
member of the Ontario Black Angels criminal street gang, who uses
the gang alias of "Plucky." Based on intercepted calls to and
from **Target Telephone #1**, **Target Telephone #3**, and **Target
Telephone #5**, I am aware that NAVARRO contacts ALEX and other
narcotics dealers in Ontario to collect extortion payments.
NAVARRO is a Hispanic male, born on October 22, 1979. His
California Driver's License Number is B6405236. NAVARRO is

---

[6] On October 23, 2008, law enforcement initiated a traffic stop
on ALEX. ALEX provided a Mexican identification card bearing the
name Marco Antonio TORRES-CRUZ, and provided an address of 15576
Merrill Avenue in the city of Fontana, California. However,
based on my training and experience, I do not consider ALEX
positively identified at this time. Additionally, law
enforcement conducted a fingerprint check using a field
identification unit of ALEX. The check revealed that ALEX had
previously used the name Jose Luis Arreola during a prior contact
with law enforcement.

14

USA000419

1  believed to reside at 1560 S. Otterbein Avenue #18, Rowland

2  Heights, California, 91748.

3          c.   Steve Osker Hoyos ("HOYOS") is a former street-

4  level dealer that distributed narcotics for ALEX.  HOYOS is a

5  Hispanic male, born on September 9, 1964.  His California

6  Driver's License Number is C5980365.  HOYOS is believed to reside

7  at 1254 W. J St. Apt. B, Ontario, California, 91762.

8          d.   Sara Leticia Misquez ("MISQUEZ"), aka Sara

9  Holguin, aka Sara Delvalle, was a previous courier for ALEX.

10 MISQUEZ is a Hispanic female, born on August 25, 1959.  Her

11 California Driver's License Number is C0903027.  MISQUEZ

12 previously resided at 1830 Tam O'Shanter St. Ontario, California,

13 but is presently in custody.

14         e.   FNU LNU, also known as Chipo ("CHIPO"), has acted

15 as a source of supply of heroin for ALEX.  Based on intercepted

16 calls on **Target Telephone #1**, I am aware that either CHIPO, or an

17 associate of CHIPO, was arrested on November 20, 2008 with

18 approximately 332 gross grams of heroin after leaving ALEX'S

19 residence.  CHIPO or his associate identified himself to law

20 enforcement with a Mexican Driver's License as Kevin Alejandro

21 Martinez-Gonzalez, born on December 11, 1985, and provided an

22 address of 2054 Atlin St. Duarte, California at the time of his

23 arrest.  Based on my training and experience, I do not consider a

24 Mexican Driver's License a valid form of identification and CHIPO

25 (or his associate) is not positively identified at this time.[7]

26 _____

27 [7]  I am also aware that CHIPO is presently being investigated by
   DEA TFO Timothy Harrington in an ongoing unrelated federal
28 wiretap investigation.  Additionally, I am aware that TFO
   Harrington believes that CHIPO's moniker is "CHEPO."

15

USA000420

f.   Steven Hernandez ("HERNANDEZ"), also known as,
Oscar Rangel, has, in the past, acted as a cocaine source of
supply for ALEX.  HERNANDEZ is a Hispanic male, born on May 28,
1972.  His California Driver's License Number is B8258753.
HERNANDEZ is believed to reside at 404 Seventh St., Norco,
California.

g.   Larry Cuevas ("CUEVAS"), also known as "China
Man," was a previous customer and has acted as a courier for
ALEX's narcotics trafficking organization.  CUEVAS is a Hispanic
male, born on June 27, 1977.  His California Driver's License
Number is B8143821.  CUEVAS previously resided at 5206 Phillips
Blvd., Chino, California, but is currently in custody.

h.   Patrick Orosco ("OROSCO"), is, based on
intercepted calls on **Target Telephone #3**, toll analysis for
**Target Telephone #6**, and surveillance during this investigation,
believed to be a narcotics courier for ALEX's organization.
OROSCO is a Hispanic male, born on March 21, 1967.  His
California Driver's License Number is C4133871.  OROSCO is
believed to reside at 10382 Ramona Avenue Apt. F, Montclair,
California.

i.   Armando Venegas ("VENEGAS"), is ALEX's brother-in-
law.  Based on intercepted calls on **Target Telephone #1**, I am
aware that VENEGAS has distributed narcotics in the Northern
California area as part of ALEX's narcotics distribution
organization.  VENEGAS is a Hispanic male, born on April 22,
1983.  His California Index Number is X7786172.  VENEGAS is
believed to reside at 793 E. Lewelling Bl., Hayward, California.

j.   Richard Castorena ("CASTORENA"), is a former
customer of ALEX's narcotics trafficking organization, and

16

formerly assisted OROSCO and CASTRO as a street-level courier. CASTORENA is a Hispanic male, born on November 4, 1952.

k. Mario LNU ("MARIO"), is a customer of ALEX's narcotics trafficking organization, and has yet to be positively identified.

l. Lucio Gallardo Diaz ("DIAZ"), is a Hispanic male, California Driver's License Number D8475908, who is believed to reside at 4950 E. Balch Ave. #202, Fresno, California. Intercepted calls on **Target Telephone #1** indicate that DIAZ was a source of supply of marijuana for ALEX's organization.[8]

m. Ray Perez ("PEREZ") is a former customer of ALEX's organization and a friend of Shawn Young ("YOUNG"), and is now believed to be distributing narcotics for ALEX in the Colton and San Bernardino area. PEREZ has a date of birth of November 23, 1972 and a California Driver's License Number A4706786, and is believed to reside at 864 Jackson St., Colton, California.[9]

n. Shawn Young ("YOUNG"), also known as "Speedy", is a Hispanic male, born on July 4, 1972. Based on intercepted calls on **Target Telephone #1**, I believe that YOUNG has acted as a street level narcotics courier for ALEX's organization. His California Driver's License Number is A9307919. YOUNG's residence is unknown.

o. Carmela LNU ("CARMELA"), is ALEX's wife and has

---

[8] It is unknown at this time whether DIAZ is still a source of supply for ALEX.

[9] PEREZ was previously misidentified with a date of birth of January 14, 1971 and a California Driver's License Number A5412600, through analysis of telephone subscriber information and public records databases.

17

                    USA000422

yet to be positively identified.  She is believed to reside with ALEX at 15544 Prairie Way, Riverside, California.  Based on intercepted calls on **Target Telephone #1** and **Target Telephone #3**, I believe that CARMELA assists ALEX with his narcotics distribution activities.

      p.    FNU LNU, also known as Cabezon ("CABEZON") is ALEX's brother-in-law, and has yet to be positively identified. Based on intercepted calls on **Target Telephone #1** and **Target Telephone #3**, I believe that CABEZON assists ALEX with his narcotics distribution activities.

      q.    Gabriel Macias ("MACIAS") has acted as a street level courier for ALEX's organization.  MACIAS is a Hispanic male born on April 16, 1989.  His California Driver's License Number is D7907488, and his residence is unknown.

      r.    Paul Onsurez ("ONSUREZ") has acted as a street level courier for ALEX's organization.  ONSUREZ is a Hispanic male born on October 10, 1963.  His California Driver's License Number is C0503421, and his residence is unknown.

      s.    Juan DIAZ ("J. DIAZ") is a known and admitted member of the Ontario Black Angels criminal street gang, who uses the gang alias of "Swifty."  Based on my review of previous toll information on **Target Telephone #4**, I believed that J. DIAZ was communicating with NAVARRO regarding the criminal activity of the Ontario Black Angels street gang.  J. DIAZ's telephone number has not been identified on **Target Telephone #5**, however, I believe that he may be communicating with NAVARRO on a new, yet-to-be-identified telephone number since J. DIAZ was recently arrested and the released for his suspected involvement in a homicide

18

1   case.

t.   FNU LNU ("SOS") is a heroin and cocaine "source of
3   supply" for ALEX's narcotics trafficking organization.  He is a
4   Hispanic male with an unknown date of birth, who is believed to
5   reside at 1023 10th Street, San Bernardino, California.

6        u.   Victor Carrasco Felix ("FELIX") is a heroin source
7   of supply for ALEX's narcotics trafficking organization.  He is a
8   Hispanic male born on July 30, 1983, with an address of 8661
9   Spohn St., Fontana, California.

10       v.   Jose LNU ("JOSE LNU") is believed to be an
11  extortion victim of NAVARRO.  Based on intercepted communications
12  over **Target Telephone #5**, I am aware that JOSE LNU is presently
13  in contact with NAVARRO, and, based on my training, experience,
14  and knowledge of the investigation, I believe that NAVARRO is
    presently extorting JOSE LNU in connection with JOSE LNU's
    narcotics trafficking.

17       w.   FNU LNU, also known as Gilberto Gutierrez ("G.
18  GUTIERREZ") is believed to be a narcotics source of supply for
19  ALEX's narcotics trafficking organization.  On March 31, 2009, G.
20  GUTIERREZ drove to ALEX's residence.[10]  Shortly after leaving
21  ALEX's residence on that date, G. GUTIERREZ and Jose GUTIERREZ
22  were together found to possess more than $10,000 in cash.  G.
23  GUTIERREZ is a Hispanic male, believed to have a date of birth
24  February 13, 1959.  G. GUTIERREZ did not have a California
25  Driver's License on this date and, based on my training and

26  _____

27  [10]  The vehicle was registered to Hugo OLIVO at 1608 Cleveland St.
    San Bernardino, California.

19

   USA000424

1 experience, I do not consider him positively identified at this time.

3         x.    FNU LNU, also known as Jose Gutierrez ("J.
4 GUTIERREZ")[11] is believed to be a narcotics source of supply for
5 ALEX's narcotics trafficking organization. On March 31, 2009,
6 JOSE GUTIERREZ was a passenger in a car that arrived at ALEX's
7 residence. Shortly after leaving ALEX's residence on that date,
8 J. GUTIERREZ and G. GUTIERREZ were together found to possess more
9 than $10,000 in cash. J. GUTIERREZ is a Hispanic male, believed
10 to have a date of birth February 2, 1967.

11         y.    Teresa Castro ("CASTRO"), also known as "Osita,"
12 is a former street level dealer for ALEX. Based on intercepted
13 calls over **Target Telephone #5**, I am aware that she is still
14 presently paying extortion payments to NAVARRO. She is a
Hispanic female, with a date of birth of July 28, 1961, and
California Driver's Licence Number C0362731. While the address
17 on her Driver's License is 1985 Looking Glass Way, Upland,
18 California, I believe she is presently a transient.

19         z.    Deborah Cortez ("CORTEZ"), also known as "Cookie,"
20 is a street level dealer employed by ALEX. CORTEZ works with
21 **Target Subject** Roberto SOSA, and is possibly SOSA's common-law
22 wife. CORTEZ is a Hispanic female born on January 22, 1964. Her
23 present address is unknown, but her California Driver's License
24 provides an address of 746 W. 8th Street, Apt. 5, San Bernardino,
25 California.

26

27 [11] J. GUTIERREZ is also known as Daniel Quezada, with a date of
birth of December 12, 1967. I do not consider J. GUTIERREZ
positively identified at this time.

20

aa.   Roberto Sosa ("SOSA") is a street level dealer employed by ALEX, who works with **Target subject** CORTEZ.   SOSA is a Hispanic male, born on October 31, 1959.   His present address is unknown, but his California Driver's License provides an address of 746 W. 8th Street, Apt. 2, San Bernardino, California.

bb.   Enrique Jimenez ("JIMENEZ"), also known as "Cisco," is an Ontario Black Angel gang member.   Based on intercepted communications over **Target Telephone #5** and surveillance, I believe that JIMENEZ presently takes direction from NAVARRO to collect extortion payments from street level narcotics dealers on NAVARRO's behalf.   JIMENEZ is a Hispanic male, born on August 17, 1980, with an address of 260 N. Benson Ave., Ontario, California.

cc.   Salvador Martinez ("MARTINEZ"), also known as "Flaco."   Based on intercepted communications over **Target Telephone #5** and surveillance, I believe that MARTINEZ is a street level narcotics dealer who pays extortion payments to NAVARRO.   MARTINEZ is a Hispanic male born on February 10, 1967, with an address of 410 W. Ralston St., Ontario, California.

dd.   Daniel Reyes ("REYES"), also known as "Sugar," is an Ontario Varrio Sur ("OVS") gang member who is the nephew of Ontario Black Angel and Mexican Mafia member Darryl Castrejon. Based on intercepted communications over **Target Telephone #5**, I believe that REYES takes presently takes direction from NAVARRO to contact other gang members and possibly conducts extortion activities.   REYES is a Hispanic male born on June 20, 1986, and his address is believed to be 7895 Blanchard Avenue, Fontana, California.

21

ER000407

USA000426

1    ee.   FNU LNU, also known as "M," ("M"), is believed to
be an individual incarcerated in an unknown facility that
3  communicates with NAVARRO on **Target Telephone #5** with telephone
4  number (213) 446-9862.  During the latest interception period for
5  **Target Telephone #5**, FNU LNU and NAVARRO discussed a possible
6  "luz"[12] ordered by **Target Subject** GIL, on an unknown individual
7  that they referred to as Tejano.

8    ff.   Juan Gil ("GIL"), also known as "Nito," is a
9  member of the Ontario Black Angel criminal street gang as well as
10  the Mexican Mafia.  GIL is currently incarcerated in an unknown
11  federal institution.  Based on intercepted calls over **Target**
12  **Telephone #5**, I believe that NAVARRO presently collects extortion
13  payments on behalf of the Mexican Mafia to pay to **Target Subject**
14  GIL and that NAVARRO makes these payments to GIL's wife, Virginia
Gil.

    gg.   Armando Barajas ("BARAJAS"), is a member of both
17  the Ontario Black Angels criminal street gang and the Mexican
18  Mafia.  BARAJAS is believed to reside at an unknown address in
19  Pomona.  Based on my knowledge of the investigation, I believe
20  that BARAJAS also collects extortion payments from narcotics
21  traffickers that distribute narcotics in the area controlled by
22  the Ontario Black Angels criminal street gang.  During the latest
23  interception period, BARAJAS is believed to have directed NAVARRO
24  to collect extortion payments to pay for attorneys fees for an
25  unknown member of the Ontario Black Angels criminal street gang.

26

27  [12] Based on my training and experience, I am aware that a "luz,"
8   or "green light," is a term used by gang members to refer to
homicide ordered by a gang's hierarchy.

22

   USA000427

hh.  FNU LNU, also known as "Red Eye," ("RED EYE") is currently a customer of ALEX's narcotics trafficking organization.  See ¶ 50.  **Target Subject** RED EYE is not positively identified at this time and his address is unknown.

V.  **FACTS ESTABLISHING PROBABLE CAUSE**

A.  **Overview of the Investigation to Date**

23.  This investigation targets ALEX's narcotics distribution activities, including ALEX's source of supply, and also seeks to identify members and associates of the Ontario Black Angels criminal street gang that are involved in the gang's extortion activities.

24.  Based on my training, experience, and in speaking with Sgt. Keith Volm, Det. Paul Berdnik, and Cpl. Chris Martinez of the Ontario Police Department, the Ontario Black Angels criminal street gang was formed in the 1940s as a car club in the City of Ontario.  The car club evolved into a criminal street gang after warring with other car clubs, and the expansion of the gang is tracked through police contacts and graffiti in the area.

25.  Based on my training and experience and my conversations with Sgt. Keith Volm, Det. Paul Berdnik, and Cpl. Chris Martinez of the Ontario Police Department, I am aware that presently, the Ontario Black Angels are the most violent gang in the City of Ontario, and are involved in narcotics trafficking, extortion, hate crimes, and other violent activity including assault and murder.  I am, on those bases, also aware that these crimes are committed in furtherance of the gang, and certain crimes are only committed if authorized by the Mexican Mafia.

26.  In June of 2008, Officer Ramiro Martinez of the

23

USA000428

1 Ontario/Upland Narcotics Task Force (OUNTF) obtained information

2 from a Confidential Source ("CS#1"). CS#1 had agreed to provide

3 information on a narcotics trafficking organization in exchange

4 for consideration in the prosecution of a pending criminal court

5 case.[13]

6    27. CS#1 told Officer Martinez that MISQUEZ resided at 1830

7 E. Tam O'Shanter St. in Ontario, California, and was responsible

8 for dealing heroin in Ontario and neighboring cities. CS#1

9 stated MISQUEZ received a daily shipment of narcotics from a

10 source of supply she knew as "Alex," and MISQUEZ employed two

11 runners known as "Linda" and "Weasel."[14] CS#1 told Officer

12 Martinez that both of these runner drove a green Ford

13 Thunderbird.

14    28. CS#1 also told Officer Martinez that s/he was aware of

15 two telephone numbers used by MISQUEZ. The first telephone

16 number, (909) 636-9695 was primarily used by the runners, and the

17 second number, (909) 717-5752 was used by MISQUEZ to conduct

18 business. CS#1 knew MISQUEZ on a personal level, had knowledge

19 of an arrest involving MISQUEZ and a large quantity of narcotics,

20 and while s/he did not admit to using narcotics, s/he did know

21 people who conducted narcotics transactions with MISQUEZ. In

22 July 2008, CS#1 told Officer Martinez that MISQUEZ suspected that

23

24 [13] CS#1 has a criminal history which includes narcotics offenses.
However, the information provided by CS#1 has been corroborated
25 by other investigative means, including surveillance on the
target subjects, and the information provided by CS#1 is
26 therefore considered reliable.

27 [14] Through the use of the local Ontario Police Department
database, Officer Martinez was able to learn that HOYOS used the
moniker "Weasel."

24

ER000410                                    USA000429

1    she was being followed and, as a result, MISQUEZ was taking a

2    hands-off approach and had changed the vehicle that the "runners"

3    use.  CS#1 told Officer Martinez that MISQUEZ's runners were now

4    driving a black Kia that was previously driven by ALEX's runners,

5    and that ALEX was driving the green Ford Thunderbird.

6        29.  During July and August 2008, members of the OUNTF had

7    established surveillance on numerous occasions at MISQUEZ's

8    residence, 1830 E. Tam O'Shanter St., in Ontario.  While

9    observing MISQUEZ's activities, surveillance units were able to

10   observe individuals later identified as ALEX, a suspected source

11   of supply of narcotics for MISQUEZ, and HOYOS, aka "Weasel," a

12   suspected street level courier for the organization.

13       30.  On July 31, 2008, an examination of the discarded

14   garbage at MISQUEZ's residence revealed mail belonging to Sara

     MISQUEZ, as well as pieces of balloons and foil consistent with

     the packaging of narcotics.  Additionally, a review of electronic

17   law enforcement records indicated that MISQUEZ has a 1984 felony

18   conviction in Pomona for violations of California Health and

19   Safety Code Section 11378, Possession of a Controlled Substance

20   for Sales, and Health and Safety Code Section 11351, Possession

21   of a Narcotic Controlled Substance for Sales.  MISQUEZ also has a

22   1989 felony conviction in Pomona for a violation of California

23   Penal Code Section 211, Robbery.  In August 2008, Officer

24   Martinez spoke with Detective Stringer of the San Bernardino

25   Sheriff's Department, and learned that Detective Stringer had

26   arrested MISQUEZ in March 2008 for a violation of California

27   Health and Safety Code Section 11351, Possession for Sales of a

     Narcotic Controlled Substance.  MISQUEZ originally agreed to

25

USA000430

cooperate with law enforcement in return for consideration on her case, but she did not remain in contact with officers, or supply any information.  Criminal charges were subsequently filed against MISQUEZ, and she accepted a plea agreement.  MISQUEZ is presently in custody.

31.  On August 8, 2008, surveillance units observed HOYOS briefly meet with two subjects in a parking lot in the 1200 block of W. 4th Street, in Ontario.  HOYOS was seen walking toward the two subjects, one in a vehicle and one on foot, and quickly walk away.  Based on the surveillance officer's training and experience, it appeared HOYOS had completed two narcotics transactions.

32.  On September 17, 2008, during a parole search, San Bernardino County Sheriff's Deputy Bannes and members of the SMASH Unit received information that a heroin dealer resided at 1254 W. J St., Apt. B, in Ontario.  Deputy Bannes contacted HOYOS at the residence, and was able to enter and search the location.  No narcotics were located, but $325.00 in U.S. currency was found with handwritten notes, which based on training and experience, appeared to be pay/owe sheets.  HOYOS told Deputy Bannes the money was for "Alex," a source of supply for narcotics, and HOYOS agreed to call Deputy Bannes when he was going to meet with Alex.[15]

33.  On September 18, 2008, Deputy Bannes spoke with

---

[15]  Ontario Police Officer Ramiro Martinez coincidentally drove through the neighborhood and noticed the police vehicle near HOYOS' residence.  Officer Martinez spoke with Deputy Bannes and advised him of the ongoing investigation involving HOYOS.

26

USA000431

Officer Martinez to inform him HOYOS had contacted him. HOYOS called Deputy Bannes to say he (HOYOS) had met with ALEX to give ALEX the $325.00 US currency and HOYOS had received 75 balloons of heroin in return.

34. On September 26, 2008, members of OUNTF established surveillance at HOYOS' residence. HOYOS was observed driving a green Dodge Caravan, California License Plate 5VLX697. Officers saw HOYOS meet with several subjects and engage in hand-to-hand transactions, which they believed, based on their training and experience, to be narcotics transactions.

35. On October 14, 2008, the Honorable Judge Kenneth Barr of the San Bernardino County Superior Court, State of California, granted and issued San Bernardino County Intercept Order 2008-83, authorizing interception of wire and electronic communications on (909) 717-5752. On October 17, 2008, an intercepted conversation between HOYOS using (909) 717-5752, and "Limpy" using (909) 373-9361 indicated that "Limpy" received weekly extortion payments from ALEX's narcotics trafficking organization. After speaking with Ontario Police Gang Suppression Unit's Sergeant Volm, and Detective Berdnik, I learned "Limpy" was the moniker of self-admitted Ontario Black Angel gang member Manuel VEGA.

36. These extortion payments, often called "rent" or "taxes," give ALEX and his narcotics distribution organization the right to sell narcotics in the Ontario area.

37. On November 12, 2008, the Honorable Judge Kenneth Barr of the San Bernardino County Superior Court, State of California, granted and issued San Bernardino County Intercept

27

USA000432

Order 2008-83 Extension #1, authorizing continued interception of wire and electronic communications on (909) 717-5752, and San Bernardino County Intercept Order 2008-93, authorizing interception of wire and electronic communications on **Target Telephone #1.**

    38. On November 15, 2008, an intercepted conversation between ALEX, using **Target Telephone #1**, and "David", using telephone number 909-261-1412, indicated that "David" assisted VEGA by collecting extortion payments from ALEX's narcotics trafficking organization, as well as by collecting money owed to the organization from people who refused to pay debts.

    a. After researching the subscriber information on telephone number 909-261-1412, and speaking with Detective Berdnik from the Ontario Gang Suppression Unit, I was able to identify "David" as David NAVARRO, aka "Plucky," a self admitted Ontario Black Angel Gang Member.

    39. On November 26, 2008, members of the OUNTF established surveillance at the Jack-in-the-Box located at 10151 Ben Nevis Road, Riverside, California, when telephone intercepts on **Target Telephone #1** indicated ALEX would meet with a source of supply, later identified as the SOS, who was, at the time, using (714) 381-6376.[16]

    a. Surveillance observed ALEX and the SOS meet in the UM's vehicle, which was a gold Honda Accord, California License Plate, 4AWW883, registered to Manuel Francisco Lopez, at

---

[16] As set in my February 13, 2009 Affidavit, the SOS, discontinued using telephone number 714-381-6376 and began using **Target Telephone #2.**

28

USA000433

520 Walker Drive, Apartment 48, Mountain View, California. Intercepted conversations during the meeting indicated that the SOS had brought narcotics for ALEX to view, and ALEX discussed prices with his brother-in-law that lives in the bay area. The SOS was followed from the meeting by surveillance units to Carlos and Saul's Appliances at 888 N. Mount Vernon Street in San Bernardino, California.

40. On December 8, 2008, surveillance was established at ALEX's residence, after an intercepted conversation between ALEX, using **Target Telephone #1,** and the SOS, using (714) 381-6376, indicated that the SOS would be delivering narcotics to ALEX's residence. The SOS was observed at ALEX's residence in a white Honda Accord, California License plate 6FQD094, registered to Ismael Ordonez, at 316 Escuela Avenue # 102, Mountain View, California.

a. Surveillance units followed the UM from ALEX's residence to 1023 10th Street in San Bernardino, where another Honda Accord, with California License plate 6CFC072, registered to Victoriano Rojas Garcia, at 520 Walker Drive #48, Mountain View, California, was in the driveway of the residence.

b. The SOS left the residence on 10th Street and arrived at the Carlos and Saul's Appliances, 888 N. Mount Vernon Street in San Bernardino, where surveillance was terminated.

41. On December 11, 2008, the Honorable Judge Kenneth Barr of the San Bernardino County Superior Court, State of California, granted and issued San Bernardino County Intercept Order 2008-93 Extension #1, authorizing continued interception of wire and electronic communications on **Target Telephone #1.**

29

USA000434

On December 12, 2008, the Honorable Judge Helios Hernandez of the Riverside County Superior Court, State of California, granted and issued Riverside County Intercept Order 08-62, authorizing interception of wire and electronic communications on (714) 457-7770.

42. On December 28, 2008, it was learned through intercepted conversation between ALEX using **Target Telephone #1**, that the UM had changed his telephone number to **Target Telephone #2**.

43. On January 5, 2009, surveillance was established at ALEX's residence after intercepted conversation on **Target Telephone #1** indicated that the SOS, using **Target Telephone #2**, would be picking up a load of narcotics that was of poor quality from ALEX. The SOS arrived at ALEX's residence in a previously identified Honda Accord, California License plate 6FQD094, see ¶ 39, and was followed away by surveillance units when he left.

a. At approximately 10:24 AM, while surveillance units followed the SOS northbound on the 215 freeway, Officer Martinez placed a ruse call to **Target Telephone #2**. At the time of the call, surveillance observed the SOS answer the telephone, and when the SOS finished the conversation, Officer Martinez informed me that he had spoken to the SOS.

b. Surveillance followed the SOS to the Carlos and Saul's Appliances at 888 N. Mount Vernon Avenue, after he circled a nearby neighborhood employing what appeared to be counter-surveillance tactics. The SOS left the Mount Vernon location and drove to the 1023 10th Street residence at approximately 10:50 AM. Surveillance followed the SOS to 2550

30

USA000435

N. Macy St. in San Bernardino, California, before he returned to the 1023 10th St. address. At approximately 1:35 PM, telephone intercepts between ALEX using **Target Telephone #1** and the UM using **Target Telephone #2** indicated that the SOS was with his source of supply, and that the SOS was attempting to ensure the new load of narcotics would not be the same poor quality as the last one. While attempting to follow the SOS in the area of Glen Avon, California, the SOS was able to use counter-surveillance techniques to evade officers. Surveillance was terminated when officers were unable to relocate him or his vehicle.

44. On January, 13, 2009, I was contacted by Officer Ramiro Martinez, who informed me that Manuel VEGA, aka "Limpy", had been murdered near his residence in Upland, California. VEGA had been shot in the back of the head one time, his assailant was unknown, and the investigation is in progress. Since VEGA's murder, based on intercepted communications on **Target Telephone #1**, **Target Telephone #3**, **Target Telephone #5**, and **Target Telephone #6**, and surveillance conducted during the interception periods for these telephones, I continue to believe that NAVARRO has taken over the responsibilities of collecting extortion payments in the area controlled by the Ontario Black Angels criminal street gang, and is now responsible for sending the funds to the members of the Mexican Mafia, including **Target Subject** GIL.

B. **Intercepted Communications on Target Telephone #3**

45. **Target Telephone #3** has been identified as a cellular telephone used by ALEX. Communications during the interception

31

USA000436

period for **Target Telephone #3** have demonstrated that the **Target Subjects** continue to actively use **Target Telephone #3**, to commit the **Target Offenses**. Discussion of the intercepted communications obtained during the continued period of interception is discussed herein.

### May 10, 2009

46. On May 10, 2009, at 2:34 PM, ALEX made an outgoing call on **Target Telephone #3** to OROSCO at (909) 559-0925. During this Spanish language conversation, ALEX asked where OROSCO was. OROSCO said going home to "get more."[17] ALEX said Lenny was on "Mission and Central." OROSCO said he would be on his way. ALEX said he put him there. OROSCO said okay. ALEX said he told him that he would be there in five minutes. OROSCO said okay.

a. Based on my training, experience and knowledge of the investigation, I believe that this conversation relates to a pending narcotics transaction. I believe that OROSCO states he has to go home to "get more" because he does not carry a large amount of narcotics on his person in the event he is stopped by law enforcement. I believe that ALEX directed OROSCO to deliver narcotics to an unidentified customer named Lenny in the area of Mission and Central in the unincorporated county area of Ontario.

---

[17] The words contained in quotation marks in Spanish language conversations throughout the affidavit are translations made by the certified Spanish language interpreters monitoring the intercepted calls.

32

USA000437

**May 10, 2009**

47. On May 10, 2009, at 10:27 AM, ALEX completed an outgoing call on **Target Telephone #3** to PEREZ at (909) 953-9145. During this Spanish language conversation, PEREZ said he had "10 more" and stated that he would call him back in a little while. ALEX asked if tomorrow. PEREZ said "yeah maybe tomorrow morning." ALEX said okay. Based on my training, experience and knowledge of the investigation, I believe this conversation relates to a delivery of narcotics to PEREZ, a street level runner in Alex's organization. I believe that when PEREZ stated he had "10 more," PEREZ was stating that he had 10 balloons of heroin remaining and would need to meet ALEX or ALEX's courier the following morning.

**May 13, 2009**

48. On May 13, 2009, at 4:54 p.m., ALEX made an outgoing call on **Target Telephone #3** to an unidentified source of supply using telephone number (909)648-0974. During this Spanish language conversation, ALEX asked the unidentified male if he could "go over today because he had some money." The unidentified male said he would see ALEX later on. On May 13, 2009, at 7:58 p.m., ALEX received an incoming call on **Target Telephone #3** from the unidentified male at telephone number (909) 648-0974. During this Spanish language conversation, the unidentified male said he could not make it today, but would go over "early tomorrow." The unidentified male asked if ALEX would be at home, and ALEX replied yes. On May 14, 2009, at 8:47 a.m., an unidentified female received an incoming call on **Target Telephone #3** from the unidentified male at (909) 648-

33

USA000438

1  0974.  During this Spanish language conversation, the

2  unidentified male asked where the guy was at, and the female

3  said he was outside with the roosters.  The unidentified male

4  said the door was closed and he was outside.  The female said to

5  wait and she was going to "send someone."

6        a.  Based on my training, experience, and knowledge

7  of the investigation, I believe that on May 14, 2009, an

8  unidentified male who is a source of supply for ALEX's narcotics

9  trafficking organization came to ALEX's residence to collect the

10 money discussed during their conversation on May 13, 2009, and

11 to possibly deliver narcotics ALEX.  As a result of this

12 intercepted communication on **Target Telephone #3**, I contacted

13 Detective Scott Anderson of the OUNTF, who arrived at ALEX's

14 residence at 9:15 a.m. and observed a blue Ford Expedition,

   California License 5RQL076, in the driveway.  The registered

   owner of the vehicle is Antonio Garcia or Efrain Banuelos at

17 2744 Duffy St. San Bernardino, California.

18      **May 26, 2009**

19      49.  On May 26, 2009, at 8:15 AM, ALEX received an incoming

20 call on **Target Telephone #3** from "Javier" on telephone number

21 909-663-8363.  During this Spanish language conversation, Javier

22 said that "Ray" had a person that could buy "two packages for

23 800," and if ALEX could give that to Ray.  Javier said if ALEX

24 could go to "Ray's mom's house, she could give ALEX what he

25 wanted, the brown Camry or . . . . ."  ALEX said he was "not

26 going to work like that."  Javier said he was going to have the

27 800 today.  Javier said he needed to pay the bail.  Javier said

8  he was going to go sell one of his cars to pay ALEX.  Javier

                              34

said he was going to give ALEX a pink slip. ALEX said he did not work like that "with the guys that just got out of jail because they were being watched." Javier said he had "about ten, two dollars" and could see Alex somewhere. ALEX said they could not work like that. Javier said he could go with his wife to go see ALEX, and if ALEX could do that favor for Ray. ALEX said no, they would have to protect themselves. Javier talked to ALEX about Ray giving ALEX the pink slip and taking the car. ALEX said nothing of that. ALEX told Javier he "did not want to work with Ray."

a. Based on my training, experience, and knowledge of the investigation, I believe this call relates to the search warrant and arrest of Raymond PEREZ. See ¶ 71. I believe that PEREZ posted bail to get out of custody, and was attempting to sell narcotics to pay the bail amount. I believe that the "two packages for 800" is a quantity of narcotics PEREZ is attempting to sell to a customer. I believe that when ALEX informed Javier that ALEX does not work with guys who just got out of jail it is because he believes they are being watched by the police.

**May 26, 2009**

50. On May 26, 2009, at 11:11 a.m., ALEX received an incoming call on **Target Telephone #3** from an unidentified male using the moniker "Red Eye" using telephone number 909-767-3059. During this Spanish language conversation, Red Eye asked if he could come "right now." ALEX said "40 minutes." Red Eye passed the phone to another unidentified male. The unidentified male said the "last time it was wet." ALEX said he was going to tell them not to wet them. The unidentified male said for them "not

35

USA000440

1  to put in the mouth" because they get wet.  ALEX said he would

2  call him back.

3        a.    Based on my training, experience, and knowledge

4  of the investigation, I believe this conversation between Red

5  Eye, an unidentified narcotics customer, and ALEX, pertains to a

6  pending narcotics transaction.  Based on my training,

7  experience, and knowledge of the investigation, I also believe

8  that the unidentified male who spoke with ALEX informed ALEX

9  that the last time one of ALEX's couriers delivered narcotics,

10  those narcotics were wet, because the courier had put the

11  narcotics in his or her mouth.  Based on my training and

12  experience, I am also aware that a common method for narcotics

13  dealers to avoid detection from law enforcement is to put

14  narcotics in their mouth.

    C.   **Intercepted Communications on Target Telephone #5**

    51.  **Target Telephone #5** has been identified as a cellular

17  telephone used by NAVARRO.  Communications during the

18  interception period for **Target Telephone #5** have demonstrated

19  that the **Target Subjects** actively use **Target Telephone #5**, to

20  commit the **Target Offenses**.  Discussion of the intercepted

21  communications obtained during the initial period of

22  interception is discussed herein.

23      **May 6, 2009**

24      52.  On May 6, 2009, at approximately 4:58 p.m., NAVARRO

25  made an outgoing call using **Target Telephone #5** to ALEX using

26  **Target Telephone #3**.  During this Spanish language conversation,

27  NAVARRO asked ALEX if he wanted to send "the dude," and ALEX

    said he would call him.  NAVARRO told ALEX to "call him" and to

36

USA000441

"give me a call back." At the conclusion of this call, ALEX
made an outgoing call on Target Telephone #3 to his runner, LUIS
LNU using (909) 964-0485. During this Spanish language
conversation, ALEX asked LUIS where they were, and LUIS said
they were working. ALEX asked LUIS if they could give "200 to
the guy." LUIS said they could do it "right away" if he wanted
to. ALEX said at the "same place." LUIS said they would be
heading over there "right now." ALEX said at the "Taco King."
Based on my training, experience, and knowledge of the
investigation, I believe that, NAVARRO and ALEX made
arrangements for NAVARRO to collect an extortion payment from
one of ALEX's runners and that, after ALEX and NAVARRO spoke,
ALEX provided his runner, LUIS, with instructions regarding
where to meet NAVARRO.

a. As a result of this intercepted communication, I
contacted Officer Ramiro Martinez of OUNTF, and the team began
traveling toward the King Taco located at Mountain Ave. and D
St. in Ontario to establish surveillance. At 5:00 p.m., ALEX
made an outgoing call on Target Telephone #3 to NAVARRO using
Target Telephone #3. During this Spanish language conversation,
ALEX told NAVARRO he (LUIS) would be seeing NAVARRO at the "same
place." NAVARRO asked "how long," and ALEX said in "10
minutes." NAVARRO asked if it was the "same guy," and ALEX
replied "yes." NAVARRO asked ALEX to call him when he (LUIS)
was in the parking lot, so he could look for him, and ALEX said
okay.

b. At 5:03 p.m., NAVARRO made an outgoing call using
Target Telephone #5 to a subject later identified as Enrique

37

USA000442

1   JIMENEZ, using (909) 634-4184.  NAVARRO asked if JIMENEZ was at

2   his house, and JIMENEZ said yes.  NAVARRO said he had spoken to

3   the paisa (ALEX) and he was going to send over the fools over

4   there.  NAVARRO asked if JIMENEZ was available.  JIMENEZ said

5   yes, and NAVARRO said he would call him up and tell him to go

6   over there and would call JIMENEZ back.  At 5:06 p.m., NAVARRO

7   made an outgoing call on **Target Telephone #5** to ALEX using

8   **Target Telephone #3**.  During this Spanish language conversation,

9   NAVARRO told ALEX he had talked to his "buddy," and for ALEX to

10  "send them over there."  NAVARRO asked ALEX if at the "same

11  place," and ALEX said "yes."  NAVARRO said he was going to tell

12  the buddy to "head over there," and ALEX said "okay."  NAVARRO

13  asked ALEX to call him "once they were there," and ALEX agreed.

14  At 7:25 p.m., Officer Ramiro Martinez observed a white Ford 4

    door with California License plate 5ASA012 arrive in the parking

    lot and park in the southeast portion of the lot.  Based on my

17  training, experience, and knowledge of the investigation, I

18  believe that NAVARRO contacted Ontario Black Angels criminal

19  street gang member JIMENEZ in order to make arrangements for

20  JIMENEZ to collect the extortion payment from ALEX's runner, who

21  would make the payment on ALEX's behalf.

22          c.   At 7:25 p.m., NAVARRO received an incoming call

23  on **Target Telephone #5** from JIMENEZ using (909) 634-4184.

24  JIMENEZ asked if they were there, and NAVARRO said "yes."

25  JIMENEZ asked if they were in "a white car," and NAVARRO said

26  they "should be," and asked if JIMENEZ had seen it.  JIMENEZ

27  said he was already there, and did not see a white car.  NAVARRO

    said he would "call him" and call JIMENEZ back.  At 7:26 p.m.,

38

USA000443

Officer Martinez observed a blue Chevy Spectrum with California License 2FKY431 circling the parking lot. The driver was a Hispanic male, and he parked two stalls east of the white Ford. At 7:26 p.m., NAVARRO made an outgoing call using **Target Telephone #5** to ALEX using **Target Telephone #3**. During this Spanish language conversation, NAVARRO asked ALEX what kind of car they were in. ALEX said a "little blue Chevrolet, two doors." NAVARRO asked if the windows were "tinted," and ALEX said no and that it was an "old Chevrolet." NAVARRO asked if it was a "blue Chevrolet," and ALEX said "yes." NAVARRO asked if "dark blue," and ALEX said "no," then said "more or less a dark blue." NAVARRO asked if "two doors," and ALEX said "yes." NAVARRO told ALEX to tell him that the "dude" was in a "black truck," and ALEX said the "guy" was there. NAVARRO said he was going to call him because he had been looking for the "other car." At 7:26 p.m., NAVARRO made an outgoing call on **Target Telephone #5** to JIMENEZ at (909) 634-4184. JIMENEZ told NAVARRO he could see him, and NAVARRO said he was in a "blue Chevy." JIMENEZ said he could see him, and NAVARRO asked JIMENEZ to call him once he had spoken to him. At approximately the same time, Corporal Arana observed the driver of the Chevy Spectrum exit his vehicle and approach the driver of the white Ford who remained seated in his vehicle. A short time later, the driver of the blue Chevy Spectrum walked back to his vehicle and the white Ford drove away. Officers followed the white Ford as it exited the lot and traveled westbound on D St. and parked along the east curb of Benson Ave. The driver got out of the vehicle and walked into the residence at 260 N. Benson Ave.

39

USA000444

Officer Gutierrez of the Ontario Police Gang Unit was riding with Officer Martinez who drove by the location, and identified the driver of the white Ford as Ontario Black Angel gang member Enrique JIMENEZ, also known as "Cisco," from previous contacts.

        d.   At 7:27 p.m., ALEX made an outgoing call on **Target Telephone #3** to LUIS at (909) 964-0485. During this Spanish language conversation, ALEX asked if LUIS was already there, and LUIS replied he had already seen him. ALEX said he came in a "black truck," and LUIS replied he was in a "white car" there. ALEX told LUIS to tell him what happened the other day. At 7:30 p.m., NAVARRO received an incoming call on **Target Telephone #5** from JIMENEZ at (909) 634-4184. JIMENEZ said "yeah," and NAVARRO said "pd." JIMENEZ said "yeah." NAVARRO asked if "two," and JIMENEZ replied "yeah." NAVARRO told JIMENEZ he would be giving him a call tomorrow and he would be down there "after work." JIMENEZ told NAVARRO to give him a call, and NAVARRO said he would. Based on my training, experience and knowledge of the investigation, I believe that, during these calls, ALEX confirmed with LUIS that LUIS had made the extortion payment to JIMENEZ, and that after the payment was made, JIMENEZ contacted NAVARRO on **Target Telephone #5** to confirm that he received an extortion payment of two hundred dollars from ALEX's runner. I believe that when NAVARRO said "pd," he is confirming with JIMENEZ that the two hundred dollars was "paid."

40

USA000445

**May 10, 2009**

53.   On May 10, 2009 at 1:47 PM, NAVARRO received an incoming call on **Target Telephone #5** from REYES at telephone number 909-258-6867.

a.   REYES asked what NAVARRO was doing.  NAVARRO said he was just kicking it.  REYES said maybe NAVARRO could take some "yesca" when NAVARRO went over because a third party wanted some.  Based on my training and experience, I believe that REYES is referring to marijuana when he asks NAVARRO about "yesca."

b.   NAVARRO then asked if the "homie" was there and if he was now talking.  REYES said yes, then handed the phone to BARAJAS.  BARAJAS came to the phone and greeted NAVARRO as "Pluck Meister."  Based on my training, experience, and knowledge of the investigation, I believe that when NAVARRO asked if the "homie" was there and if he was now talking, NAVARRO was asking REYES if BARAJAS was there, and if BARAJAS would speak to NAVARRO over the telephone.  I also believe that when BARAJAS spoke to NAVARRO over the telephone, he addressed NAVARRO as "Pluck Meister," as NAVARRO's moniker is "Plucky."

c.   BARAJAS and NAVARRO then engaged in conversation about what they were doing for Mother's day.  NAVARRO said he was going to take his girl to the in-law's house to have a barbecue.  BARAJAS then said he had been talking to the home boy's girl and she was trying to get the home boy a lawyer. BARAJAS also said that he talked to the "bigger homeboy" who agreed to double what they get.  BARAJAS said he wanted to get all the little homies to see how much they could all "pitch in." BARAJAS said that way they could get a lawyer.  BARAJAS said

41

USA000446

1   maybe the lawyer could continue working the homie's case even if
2   they could not afford to pay him.  BARAJAS said maybe the court
3   could help and they could also pay him "under the table."
4   BARAJAS said they should see what they could gather up.  NAVARRO
5   agreed and said he would get on it.  Based on my training,
6   experience, and knowledge of the investigation, I believe that
7   during this portion of the conversation, BARAJAS directed
8   NAVARRO to collect extortion payments in order to assist with
9   getting an attorney for an unidentified member of the Ontario
10   Black Angels criminal street gang.  Based on my knowledge of the
11   investigation, I believe that due to BARAJAS' present role as a
12   leader in the Ontario Black Angels criminal street gang as well
13   as his membership in the Mexican Mafia, BARAJAS has authority to
14   direct NAVARRO to collect extortion payments on behalf of this
    gang member.

          d.   NAVARRO then asked if BARAJAS was smoking.
17   BARAJAS said a little and that his hoochie had given him some.
18   NAVARRO said BARAJAS better watch out with the fire NAVARRO
19   carried.  BARAJAS then asked if he was talking now.  Both
20   laughed.  BARAJAS then said it was for a friend.  BARAJAS then
21   engaged in conversation about smoking out some chronic the other
22   day and feeling really good.  BARAJAS said he even started to
23   rap after smoking, but did not get stupid.  BARAJAS said it was
24   fine as long as they don't smoke too much.  NAVARRO agreed.
25   NAVARRO said he took it easy every time he smoked.  NAVARRO and
26   BARAJAS continued to talk about how they felt when they smoked
27   out.  BARAJAS restated that they should see how much they could
28   gather up.  NAVARRO said he would head out there and then would

ER000428        USA000447

stop by to see what was up. BARAJAS said not today, but maybe later on in the week. BARAJAS said NAVARRO could get together with Danny (REYES) in a couple of days. BARAJAS said he was going to meet with her and with the home boys on Sunday. BARAJAS said she said she had $1000. NAVARRO agreed to do something. REYES returned to the phone and asked that NAVARRO call when he went over. NAVARRO agreed. Based on my training, experience, and knowledge of the investigation, it is my opinion that this conversation between BARAJAS and NAVARRO then discuss marijuana, and the "fire," NAVARRO refers to is high-quality marijuana. Finally, I also believe that when BARAJAS again discusses how much they could gather up, he is again referring to the extortion payments that will be collected on behalf of the unknown gang member, and that BARAJAS' statement that he is going to meet with the unknown female (possibly the gang member's girlfriend) and the home boys on Sunday also is a statement relating to the collection of the extortion payments for the gang member that needs an attorney.

**May 15, 2009**

54. On May 15, 2009, at 2:30 p.m., NAVARRO made an outgoing call on **Target Telephone #5** to MARTINEZ who was using telephone number (909) 969-6051. During this conversation, MARTINEZ said he had not been working all week and might not work. MARTINEZ said he wanted to see if he still had to make his "contribution" if he did not work. NAVARRO asked where MARTINEZ was and if he had time to meet. MARTINEZ said he was by his house. NAVARRO asked where MARTINEZ was. MARTINEZ said he was "between Vine and Plum on Ralston." NAVARRO said he

43

USA000448

1 would call MARTINEZ back in about 5 to 10 minutes to head out
2 there.  NAVARRO said he would call MARTINEZ so MARTINEZ could
3 give him exact directions.  MARTINEZ agreed.  NAVARRO said
4 MARTINEZ should answer because he tried calling earlier, but
5 MARTINEZ had not answered.  MARTINEZ agreed.

6          a.   As a result of this intercepted communication, I
7 contacted Officer Ramiro Martinez of the OUNTF, and surveillance
8 was established at MARTINEZ' residence at 410 W. Ralston St.
9 Ontario, California.  At 2:46 p.m., NAVARRO made an outgoing
10 call on **Target Telephone #5** to MARTINEZ at telephone number
11 (909) 969-6051.  NAVARRO said he was at Mission and Vine and
12 asked if he would make a left on Ralston.  MARTINEZ said yes,
13 and NAVARRO asked if MARTINEZ would be on the left or right hand
14 side after making a left on Ralston.  MARTINEZ said that on the
left he would see a Lincoln Continental outside, and said he was
walking outside and saw NAVARRO.  NAVARRO said he saw MARTINEZ.

17          b.   At approximately 2:50 p.m., Officer Martinez
18 observed NAVARRO arrive at 410 W. Ralston St. driving a grey
19 Toyota Camry, California License 6AMT501, which is registered to
20 Gabriela Meza or Karina Perez at 1560 Otterbein Ave. Space 18,
21 Rowland Heights, California.  At 2:53 p.m., surveillance
22 followed NAVARRO away from the location in a northeasterly
23 direction, and a passenger was observed in the vehicle.  At 2:55
24 PM, Detective Jimenez followed NAVARRO onto Carlton St. east of
25 Euclid Ave., and observed the passenger get out and walk into
26 216 E. Carlton Street.  Det. Jimenez identified the passenger as
27 Salvador MARTINEZ, and also saw NAVARRO get out of the vehicle
and approach the front gate of the residence.  At 2:59 p.m.,

44

 USA000449

NAVARRO and MARTINEZ left the residence in the Camry, and surveillance followed them to 535 W. Ralston St. Cpl. Arana observed MARTINEZ walking from the residence to NAVARRO's vehicle. At 3:09 p.m., surveillance followed NAVARRO and MARTINEZ in the Camry to 410 W. Ralston Street, where MARTINEZ got out of the vehicle and NAVARRO left the location. At 3:23 p.m., surveillance was terminated after following NAVARRO on the westbound 60 Freeway from Mountain Ave.

c.    During the intercepted communication over **Target Telephone #5** at 2:30 p.m., MARTINEZ asked NAVARRO if MARTINEZ still had to make his "contribution," or weekly extortion payment, even though MARTINEZ had not been working all week. Based on my training, experience, and knowledge of this investigation, I believe that, in response to NARTINEZ's question, NAVARRO informed MARTINEZ that NAVARRO would meet MARTINEZ at MARTINEZ's residence to discuss the extortion payment. Based on my training, experience and knowledge of the investigation, because MARTINEZ did not have funds to pay NAVARRO an extortion payment, I believe that surveillance observed NAVARRO drive MARTINEZ to more than one location so that MARTINEZ could collect money from his narcotics customers in order to pay NAVARRO.

**May 24, 2009**

55.    On May 24, 2009 at 11:00 PM, NAVARRO received an incoming call on **Target Telephone #5** from ALEX using **Target Telephone #3**. During this Spanish language conversation, ALEX said that he needs NAVARRO to get three or four guys because someone broke into his house and took about "$7,000 and work."

45

USA000450

1   NAVARRO asked who. ALEX said it was "some guys, young guys."

ALEX said he wanted NAVARRO to go pick them up and he would tell

3   him how. ALEX again said the dudes broke into his house.

4   NAVARRO asked if ALEX knew them, and ALEX said yes and those

5   guys are not (unintelligible), but ALEX would take NAVARRO to

6   their homes and NAVARRO could "ask for the money" or NAVARRO

7   would beat them up. NAVARRO asked how they were able to do it.

8   ALEX said they (the three or four guys) were informed that he

9   (ALEX) was not there, that they (the three or four guys) also

10   took "work." ALEX said ALEX had gone to the beach so they went

11   over. NAVARRO asked if they knew Alex knows they did "that."

12   ALEX said they do not think he (ALEX) knows, but he (ALEX) and

13   another guy were "gathering clues" because his neighbor saw him.

14   NAVARRO asked where ALEX was, and ALEX said he was at home.

NAVARRO asked if he was in Indio, and ALEX said yes, and said he

could take him to "those guys." ALEX said he could take NAVARRO

17   to "where those guys live," "by the little store" where they

18   meet. NAVARRO said it would be by the 60. ALEX said he needs

19   "guys with balls." NAVARRO said he only hangs around with the

20   guys with balls. NAVARRO asked that ALEX call him tomorrow and

21   they could go over. ALEX said all right then.

22        a.   Based on my training, experience, and knowledge

23   of the investigation, it is my opinion that this call relates to

24   a burglary at ALEX's residence where narcotics and currency were

25   stolen. I believe that when ALEX tells NAVARRO "$7000.00 and

26   work" were taken, ALEX is stating that cash and a quantity of

27   narcotics were taken. Based on my training, experience, and

8   knowledge of the investigation, I believe that the remainder of

46

USA000451

the conversation relates to ALEX's request that NAVARRO go to the residence of the burglars and reclaim his money and narcotics. I also believe that the fact that ALEX is requesting that NAVARRO do this is consistent with my belief that ALEX is making extortion payments to NAVARRO and, as a result, is entitled to NAVARRO's assistance with respect to ALEX's narcotics distribution organization.

## D. Intercepted Communications on Target Telephone #6

56. **Target Telephone #6** has been identified as a second cellular telephone used by ALEX. This is a telephone number that was activated on May 26, 2009. Prior to this telephone being activated, communications during the interception period for **Target Telephone #3** demonstrated that, prior to May 27, 2009, ALEX actively used **Target Telephone #3** to commit the **Target Offenses**. Discussion of the intercepted communications over **Target Telephone #6** is discussed herein.

### May 26, 2009

57. On May 26, 2009, at 7:20 p.m., NAVARRO received an incoming call on **Target Telephone #5** from ALEX on **Target Telephone #6**. During this Spanish language conversation, NAVARRO asked ALEX if ALEX had called him from this number. NAVARRO asked if this was ALEX's "other number." ALEX told NAVARRO to call him to "this number better." ALEX said that this number was "calmer." NAVARRO asked what about the other one. NAVARRO said if the other or later. ALEX said whatever he wanted but he would carry this one too. NAVARRO said okay. ALEX said okay.

a. Based on my training, experience, and knowledge

47

USA000452

1     of the investigation, I believe that during this conversation,

    ALEX is letting NAVARRO know that ALEX is now using **Target**

3     **Telephone #6** in addition to **Target Telephone #3**. Additionally,

4     I believe that when ALEX says that this number is "calmer," I

5     believe that ALEX is letting NAVARRO know that ALEX believes

6     that there is less of a chance that this number will be

7     intercepted by law enforcement.

8     **May 29, 2009**

9     58. On May 29, 2009 at 11:03 a.m., NAVARRO used **Target**

10     **Telephone #5** to call ALEX on **Target Telephone #6**. During this

11     Spanish language conversation, ALEX asked NAVARRO not to call

12     him on the "other telephone." NAVARRO said okay and was going

13     to "erase it right now." NAVARRO asked what time ALEX would

14     have time to meet. ALEX said when NAVARRO gets off work. ALEX

    then asked if NAVARRO was working right now. NAVARRO said no.

    ALEX said "about 3 or 4 p.m." NAVARRO asked if ALEX could make

17     at "1 to 2" and ALEX said at 1 p.m. NAVARRO said he would call

18     ALEX at around 1 p.m.

19     a. Based on my training, experience and knowledge

20     of the investigation, I believe that this call contradicts

21     ALEX's instruction to NAVARRO to contact ALEX on either **Target**

22     **Telephone #3** or **Target Telephone #6**. As stated in paragraph 71,

23     below, I am aware that early in the morning on May 29, 2009,

24     CORTEZ and SOSA, who are narcotics distributors for ALEX's

25     narcotics distribution organization, were arrested. I believe

26     that, as a result of their arrest, ALEX became concerned that

27     **Target Telephone #3** was presently being intercepted by law

    enforcement, and directed NAVARRO to contact him only on **Target**

48

USA000453

Telephone #6. However, on June 9, 2009, I placed a ruse call to Target Telephone #3 to determine if Target Telephone #3 was still active. During this call, Target Telephone #3 rang and then went to voice mail, and thus, I determined that the telephone was still active. Additionally, on June 12, 2009, Metro PCS informed me that Target Telephone #3 is still active. Because Target Telephone #3 is still active, I believe that ALEX is still presently using Target Telephone #3 in addition to Target Telephone #6 to commit the Target Offenses.

### May 30, 2009

59. On May 30, 2009 at 7:59 p.m., NAVARRO used Target Telephone #5 to call ALEX on Target Telephone #6. During this Spanish language conversation, ALEX said NAVARRO did not answer. ALEX said "tomorrow in the morning." NAVARRO said ALEX had said "on Thursday and from Thursday to Friday and from Friday to Saturday." NAVARRO said yesterday that ALEX told NAVARRO to call him, NAVARRO did and ALEX was not answering. ALEX said he left the phone in the car. ALEX asked if he was available at 1:00. NAVARRO said yes and asked if it was for sure. ALEX said for NAVARRO to answer his phone on Sundays. NAVARRO said he always does. NAVARRO said for his runner "to be on this toes and to be there at that time," if not, to send him at whatever time. ALEX said okay.

a. Based on my training, experience, and knowledge of this investigation, I believe that this call is related to a pending weekly extortion payment. Specifically, I believe that ALEX had previously asked NAVARRO to delay a meeting where ALEX was scheduled to make a weekly extortion payment to NAVARRO, and

49

USA000454

1    NAVARRO stated in this call that he was not willing to wait

2    another day.  Based on intercepted communications over **Target**

3    **Telephone #3** and **Target Telephone #5,** and surveillance conducted

4    during this investigation, I am aware that ALEX is usually

5    scheduled to make a weekly extortion payment to NAVARRO on

6    Thursdays.  Thus, I believe that NAVARRO's statement that ALEX

7    had extended the date by which the payment was due from Thursday

8    to Saturday is consistent with my knowledge that ALEX makes

9    weekly payments to NAVARRO on Thursdays.

10   **E.   Toll Analysis for Target Telephone #6**

11       60.  On or about June 1, 2009, I reviewed the telephone toll

12   data information from May 27, 2009 to May 31, 2009 for **Target**

13   **Telephone #6.**  Based on my training, experience, and knowledge

14   of the facts set forth herein, I believe that these contacts are

     being made in order to facilitate the **Target Offenses.**

     Moreover, these conversations are not the same conversations

17   that will be intercepted on Target **Telephone #3** and **Target**

18   **Telephone #5** and, therefore, monitoring is needed on **Target**

19   **Telephone #6** in order to obtain evidence about ALEX's narcotics

20   distribution activities.  Some of the identified contacts are

21   discussed herein in the following paragraphs.

22       61.  The following chart summarizes the frequency of those

23   calls between May 27, 2009 and June 1, 2009:

| Telephone # | Number of contacts | Date of Last Call | Significance |
|---|---|---|---|
| 909-559-0925 | 62 | 5/31/09 | <u>See</u> ¶ 62 |

         62.  During this period, there were 62 calls to and/or

USA000455

from telephone number 909-559-0925, a telephone subscribed to

Jose Luis Rivera, 15576 Mallory Drive, Fontana, California,

92335, and which is used by OROSCO.  Based on my knowledge of

this investigation, I am aware that OROSCO is presently a

narcotics courier for ALEX's organization and I believe that

during these communications, ALEX and OROSCO are making

arrangements to distribute narcotics.

VI.   **PRIOR APPLICATIONS FOR WIRE INTERCEPTIONS**

63.  On or about June 12, 2009, the DEA Investigative

Support Section checked the electronic surveillance indices of

DEA, and FBI.[18]  Based upon my personal knowledge and the

electronic indices search, I know of no other prior applications

to intercept the wire, electronic, or oral communications

involving any of the same persons, premises, or facilities named

herein, except those set forth in Appendix A.  Also, I am not

aware of any prior applications to state court judges to

intercept the wire, electronic, or oral communications involving

any of the same persons, premises, or facilities named herein,

except those set forth in Appendix A.

VII.  **NEED FOR INTERCEPTION**

64.  The interception of wire communications over **Target

Telephone #3, Target Telephone #5,** and **Target Telephone #6** is

necessary because normal investigative techniques have failed or

appear reasonably unlikely to succeed if tried, or are too

---

[18]  As of June 15, 2009, the DEA Investigative Support Section had
not received a response from the Bureau of Immigration and
Customs Enforcement ("ICE") that would update its April 17, 2009
inquiry.  If I determine that ICE has any updated information, I
will provide the Court with that information.

51

USA000456

1  dangerous to be tried, as more fully explained below.

Interception of wire communications over **Target Telephone #3,**

3  **Target Telephone #5,** and **Target Telephone #6** is necessary in

4  this matter to enable the government to achieve the objectives

5  of this investigation, that is, to obtain direct evidence that

6  will convince a jury beyond a reasonable doubt of:

7  a. The full scope, extent, methods of operation,

8  and personnel of the narcotics trafficking conspiracy involving

9  the Target Subjects in the Southern California area and

10  throughout the United States;

11  b. The identity and role of the main distributors

12  and customers of the identified conspirators;

13  c. The identities of the unknown leadership of the

14  narcotics distributors in ALEX's narcotics distribution

organization;

d. The stash locations where narcotics are stored

17  prior to distribution;

18  e. The management and disposition of proceeds

19  generated by this narcotics trafficking and money laundering

20  organization; and

21  f. The nature, scope, places, and methods of

22  operation of the narcotics distribution network in which the

23  Ontario Black Angels criminal street gang is involved and

24  extorts.

25  65. In particular, I am seeking to identify:

26  a. The co-conspirators and the specific roles of

27  individuals involved in ALEX's narcotics distribution network;

28  b. The current locations being used by ALEX for

52

                    USA000457

trafficking narcotics;

      c.   ALEX's sources of supply for heroin, cocaine, and any other narcotics that ALEX may be distributing; and

      d.   The involvement of NAVARRO and other members of the Ontario Black Angeles criminal street gang in narcotics distribution and extortion activities.

66.   During the interception periods of the California State authorized wiretap orders, I have obtained information regarding ALEX's narcotics trafficking organization, and the extortion activities of the Ontario Black Angels criminal street gang. I believe interception of **Target Telephone #3** and **Target Telephone #6** will continue to assist in the identification of ALEX's sources of supply, and individuals involved in his narcotics distribution organization. I am aware that ALEX presently has multiple sources of supply that have yet to be identified, and I believe that continued interception of **Target Telephone #3** and **Target Telephone #6** will assist with identifying these sources. I also believe that interception of **Target Telephone #5** will continue reveal the extortion activities of the Ontario Black Angels criminal street gang, as well as the narcotics distributors that NAVARRO is presently extorting.

67.   The following is a list of the investigative techniques which have been used or which I have considered using to date in this investigation and an explanation of why these techniques are not reasonably likely to succeed in identifying suspects and allowing the government to prove beyond a reasonable doubt the full scope of this conspiracy.

53

USA000458

## A. **Physical Surveillance**

68. As I stated in my previous affidavits, law enforcement agents have conducted surveillance at locations identified in connection with the **Target Subjects**. Agents have been able to use surveillance as a means to identify persons identified in the intercepted conversations as engaged in the commission of the **Target Offenses**. In addition to the instances of surveillance described in previous affidavits, law enforcement has continued to conduct additional surveillance activities in an attempt to obtain information regarding ALEX's narcotics distribution activities as well as NAVARRO's activities associated with the Ontario Black Angels criminal street gang. These surveillance activities include what I believe to be instances in which ALEX has met with his sources of supply, as well as instances in which I believe that NAVARRO has collected extortion payments, and met with other members of the Ontario Black Angel criminal street gang. In addition to the instances of surveillance described in paragraphs 48, 52, and 54 above, additional instances of surveillance include:

a. On May 7, 2009 at 3:45 p.m., ALEX received an incoming call on **Target Telephone #3** from the SOS who was, at that time, using telephone number 951-902-1896. During this Spanish language conversation, the SOS asked if ALEX was far away. ALEX said he was already there at Auto Zone. The SOS said that ALEX told him that he would be out. ALEX again said he was there and just arrived. The SOS asked if ALEX wanted to give it a ride. ALEX said he would wait for the SOS there. SOS said okay.

54

USA000459

1          i.    Based upon my training, experience, and
knowledge of the investigation, I believe that when the SOS
3    referred to giving it "a ride," he was referring to the delivery
4    of the narcotics mentioned the previous day.

5          ii.   At 4:10 PM, Sgt. Kevin Devey and I
6    established surveillance at ALEX's residence in anticipation of
7    the meeting between ALEX and the source of supply.  On May 7,
8    2009 at 5:15 p.m. and 5:17 p.m., ALEX attempted to call the SOS
9    using **Target Telephone #3** but voicemail was reached.  At 5:20
10   PM, ALEX left the location in his burgundy Ford F-150 truck, and
11   Sgt. Devey was able to follow him to the Auto Zone located in
12   the shopping center east of ALEX's residence.  Sgt. Devey and I
13   followed ALEX back to his residence at 5:30 PM, and a dark green
14   Honda Accord with California License 6CFC072 was parked in the
     driveway.  This vehicle is registered to Dinora Fonseca or J
     Carlos Cosio at 1023 W. 10th St. in San Bernardino, California,
17   which is the address to which surveillance units had previously
18   followed the source of supply who used telephone number 626-736-
19   0066 and 714-381-6376.  The vehicle left at 6:35 p.m., and
20   surveillance was terminated.

21          b.    On May 8, 2009, surveillance was established by
22   the OUNTF at the AM/PM on Jurupa Street and the 15 Freeway after
23   intercepted conversation on **Target Telephone #3** indicated
24   CABEZON would be delivering narcotics to OROSCO and VASQUEZ.
25   Surveillance observed the meeting, and a traffic stop was
26   coordinated on the vehicle driven by OROSCO and VASQUEZ.  No
27   narcotics were found as a result of the traffic stop, but
     intercepted conversations afterward indicated OROSCO and VASQUEZ

55

USA000460

1   had swallowed approximately 70 balloons of heroin each to

    conceal the narcotics.

3       c.  On May 19, 2009, at 9:18 AM, ALEX received an

4   incoming call on **Target Telephone #3** from the SOS who was, at

5   that time, using telephone number (951) 902-1896.  During this

6   Spanish language conversation, the SOS asked ALEX where he was,

7   and ALEX replied he was at the house.  The SOS asked if he was

8   going to go out, and ALEX replied no.  The SOS stated he would

9   head on over, and ALEX acknowledged.

10      i.  Based on my training, experience, and

11  knowledge of the investigation, I believe that during this

12  conversation, the SOS was making arrangements to deliver a

13  quantity of narcotics to ALEX.

14      ii.  As a result of this intercepted

    communication, at approximately 9:30 AM, I established

    surveillance at ALEX's residence, and was joined by members of

17  the OUNTF.  At 9:57 AM, I observed a silver Honda Accord,

18  California License 6GXL941, arrive in the driveway of ALEX's

19  residence.[19]

20      iii. At 9:58 AM, ALEX received an incoming call

21  on **Target Telephone #3** from the SOS on (951) 902-1896.  During

22  this Spanish language conversation, the SOS asked ALEX where he

23  was, and ALEX told the SOS to come in.  At 12:03 p.m., Officer

24  Ramiro Martinez observed a black Ford Ranger leaving ALEX's

25  _____

26  [19]  This is the same vehicle stopped in Ontario, California on
    March 31, 2009 after leaving ALEX's residence.  The traffic stop
27  on that date resulted in the seizure of over $11,000 U.S.
    currency, and the arrest of FNU LNU ("GILBERTO GUTIERREZ"), and
    FNU LNU ("JOSE GUTIERREZ").

     USA000461

residence occupied by an unknown male and female. Surveillance did not follow this vehicle. At 12:35 p.m., Officer Martinez observed the silver Honda Accord backing out of the driveway of ALEX's residence. Surveillance followed the vehicle to the northbound 215 freeway where it exited on 5th Street in San Bernardino.

iv. At 1:07 p.m., Ontario Police Air Unit Observer Corporal Eric Weidner observed the vehicle arrive at Carlos and Saul's Appliances at 888 N. Mount Vernon Ave. in San Bernardino. Cpl. Weidner saw the driver of the Accord get out of the vehicle and meet with a Hispanic male on the south side of the store. At 1:16 p.m., Officer Cotton observed the driver of the Accord walk southbound Mount Vernon Ave to the liquor store on the northwest corner of Mount Vernon Ave and 8th St. At 1:21 PM, Officer Martinez observed the subject walk out of the liquor store and walk southbound on 8th Street and look both ways before turning around and walking back northbound to the appliance store. At 2:07 p.m., Officer Cotton observed the same subject and another Hispanic male walk to a blue Honda parked on the south side of the appliance store. The hood was opened, and both subjects were looking into the engine compartment. At 2:17 p.m., Officer Cotton observed a female walk out of the business and into the residence located on the northeast corner of Mount Vernon Ave. and Union St. At 2:23 PM, Officer Cotton observed a red Chevy Astro Van, California License Plate Number 5KCM171, leave the appliance shop and drive to the liquor store at Mount Vernon and 8th St. At 3:00 PM, surveillance was terminated.

d. On May 21, 2009, OUNTF established surveillance

57

after intercepts on **Target Telephone #5** indicated NAVARRO would meet with other gang members and collect extortion payments. Surveillance was able to observe NAVARRO meet with Teresa CASTRO for a possible extortion payment, and surveillance was also able to identify other members of the Ontario Black Angel gang believed to be involved in the gang's extortion activities.

69.  In most instances, absent wire monitoring, law enforcement would not have been able to locate the **Target Subjects** at the location.  Nor would they have been able to identify the nature of a meeting.  As I stated in previous affidavits, I believe physical surveillance typically cannot be done effectively and efficiently unless the agents know the time and place of an activity.  I believe that the authorized wire intercept of **Target Telephone #5** will continue to assist in gathering additional information regarding the extortion and other criminal activities of the Ontario Black Angels criminal street gang.  I also believe that the authorized wire intercept of **Target Telephone #3** and **Target Telephone #6** will assist in gathering information regarding ALEX's narcotics distribution activities, including continuing to identify ALEX's suppliers. This information will increase the likelihood of obtaining evidence of the crimes I believe are being committed by the **Target Subjects**.  Use of a wiretap will allow law enforcement to be more selective in its surveillance activities, thus reducing the risk of compromising the investigation.  For these reasons, I believe that physical surveillance, without the aid of wire interception of the **Target Telephone #3**, **Target Telephone #5**, and **Target Telephone #6** will not achieve the current goals of

58

USA000463

1    the investigation.

**B.   Interviews of Witnesses and Confidential Sources, Grand**
3        **Jury Subpoenas, Grants of Immunity, and Financial**
         **Investigation**

4        70.   As I stated in my May 1, 2009 affidavit, at this time,

5    I know of no witnesses that would achieve the objectives of this

6    investigation as outlined above.  During the course of this

7    investigation, I have spoken with law enforcement officers who

8    have been assigned to investigate the Ontario Black Angels

9    criminal street gang.  Based on my conversations with those

10   officers, I am aware that law enforcement has, in the past,

11   interviewed members of the Ontario Black Angel gang, and those

12   criminal street gang members have yielded limited information

13   due to the fear of retaliation and their allegiance to the gang.

14   Thus, I believe, at this time interviews of gang members will

     not accomplish the goal of identifying the scope of the

     extortion activities of the Ontario Black Angels criminal street

17   gang.  Moreover, even if I were able to identify a co-

18   conspirator of ALEX or a member of the Ontario Black Angels

19   criminal street gang that could provide information that would

20   satisfy the objectives of the investigation, an interview of

21   that individual would jeopardize the investigation as that

22   individual would likely provide information regarding the

23   investigation to ALEX or members of the gang, including NAVARRO.

24       71.   Furthermore, as I stated in my May 1, 2009 affidavit,

25   there are not any confidential sources that would be able to

26   provide information or testimony that will accomplish the goals

27   of this investigation.

             a.   I have spoken with DEA Special Agent ("SA") Ariya

59

ER000445                                    USA000464

1    Venin who has advised me that there are presently no individuals

     that are cooperating in her investigation at this time.

3            b.   On or about May 6, 2009, I was informed by Deputy

4    Donald Patton of the SBSD that Deputy Patton had access to a

5    confidential informant that is able to facilitate a controlled

6    purchase of narcotics from **Target Subject** Ray PEREZ. Deputy

7    Patton has informed me that on May 21, 2009, the SBSD executed a

8    state search warrant at 864 Jackson Street in Colton,

9    California.  Deputy Patton has informed me that the subsequent

10    service of the warrant revealed a scale and packaging consistent

11    with the sale of narcotics, but no narcotics.  Deputy Patton

12    also informed me that PEREZ was arrested and advised of his

13    Miranda rights but did not reveal any information about ALEX's

14    narcotics trafficking organization or the extortion activities

     of the Ontario Black Angel criminal street gang, and also stated

     that he (PEREZ) does not sell narcotics, but admitted that the

17    items found in the residence were his.  Based on my conversation

18    with Deputy Patton, and my belief that PEREZ was not truthful

19    with law enforcement at the time of his arrest, I do not believe

20    that PEREZ would be willing to provide information regarding

21    ALEX's narcotics trafficking organization at this time.

22    Additionally, based on my conversations with Deputy Patton, I do

23    not believe that the confidential informant that was able to

24    facilitate a controlled purchase of narcotics from PEREZ would

25    be able to provide any information regarding ALEX's narcotics

26    distribution activities that is not cumulative of the

27    information law enforcement already possesses.

28            c.   During this latest interception period, I was

USA000465

1  contacted by FBI SA Scott Bowman.  SA Bowman informed me that SA

2  Bowman had access to an informant who had, during this

3  interception period, collected an extortion payment from a

4  street level narcotics dealer who was distributing narcotics in

5  the area controlled by the Ontario Black Angeles criminal street

6  gang.[20]  As a result of the informant collecting this payment, I

7  intercepted a telephone call on **Target Telephone #5** from NAVARRO

8  to the informant, in which the two arranged a possible meeting.

9  Based on my conversation with SA Bowman, I believe that the

10  informant does not have any further knowledge of the Ontario

11  Black Angeles criminal street gang, or the extortion activities

12  of NAVARRO or other members of the gang.  Due to the informant's

13  limited knowledge of the criminal activities of the Ontario

14  Black Angeles criminal street gang, as well as the danger

    involved in further using this informant due to the fact that

    NAVARRO presently believes the informant is an individual that

17  has, without authorization, collected an extortion payment in

18  the area controlled by the Ontario Black Angeles, I do not

19  intend to use this informant to further the goals of this

20  investigation at this time.

21       d.    During the week of May 18, 2009, I was contacted

22  by Sgt. Keith Volm, a Sergeant with the Ontario Police

23  Department, who advised me that an anonymous informant who

24  contacted him telephonically to provide information about

25

26

    ──────────────

27  [20] SA Bowman was unaware of my ongoing investigation, and this
    informant had collected this payment at SA Bowman's direction in
    an attempt to identify who was actually collecting extortion
    payments in the area.

USA000466

1   Ontario Black Angel gang member Armando BARAJAS.  Specifically,

2   this informant provided Sergeant Volm with two telephone numbers

3   used by BARAJAS.  The identity of the informant is unknown at

4   this time.  I have, however, partially corroborated the

5   information that this informant provided, as one of the

6   telephone numbers was intercepted on **Target Telephone #5** and a

7   voice comparison indicated that the individual calling from the

8   telephone number that the informant provided was indeed BARAJAS.

9        e.   On May 28, 2009, San Bernardino County Sheriff's

10  Deputy Bannes served a search warrant on CORTEZ's residence,

11  located at 4190 Sepulveda St. #1, San Bernardino, California.

12  Deputy Bannes has informed me that during the search, law

13  enforcement seized approximately 50 balloons of heroin from

14  CORTEZ and SOSA's residence and, after CORTEZ and SOSA were

    taken into custody, approximately 150 balloons of heroin in

    CORTEZ's vaginal cavity.  Deputy Bannes informed me that CORTEZ

17  and SOSA were advised of their Miranda rights, and that SOSA

18  declined to make a Mirandized statement.  Deputy Bannes informed

19  me that, after CORTEZ was advised of her Miranda rights, CORTEZ

20  stated that she has purchased narcotics from ALEX for the last

21  couple of months, but, as CORTEZ cannot speak Spanish, SOSA

22  brokers the narcotics transactions between her and ALEX.  Cortez

23  stated that they purchase narcotics from ALEX approximately

24  every three days, and that she, CORTEZ, is the one who does most

25  of the sales.  However, even though CORTEZ was cooperative with

26  law enforcement on May 28, 2009, and provided information

27  regarding ALEX's narcotics trafficking organization, I do not

    believe that any cooperation that she would be willing to give

62

USA000467

1   in the future would further the goals of this investigation,

    particularly, as I believe that CORTEZ, who is simply a runner

3   for ALEX, has limited information regarding ALEX's narcotics

4   distribution organization, and any knowledge that she has is

5   commutative to that already obtained during this investigation.

6       72.   With the exception of ALEX, to date, no bank accounts,

7   real estate holdings, or other significant assets owned by

8   NAVARRO, or other Target Subjects have been identified..

9   Intercepted communications on **Target Telephone #3** have revealed

10  a bank account possible used by ALEX and CARMELA LNU, and a

11  subpoena has been issued in an attempt to gain additional

12  information regarding that account.   Additionally, efforts to

13  fully identify assets and money laundering methods used by the

14  Target Subjects will continue to be made.

        73.   For the foregoing reasons, use of interviews, grand

    jury subpoenas and immunity, and any financial investigation

17  that could be conducted, even in conjunction with conventional

18  investigative techniques, is unlikely to advance, and, in some

19  instances would likely impede, the government's investigative

20  objectives.

21  C.  **Undercover Agents**

22      74.   At this time, implanting a law enforcement officer in

23  an undercover capacity is not feasible.   In order to infiltrate

24  ALEX's narcotics distribution organization or the Ontario Black

25  Angels criminal street gang, there would need to be a CS who

26  could facilitate an introduction.   Presently, there is no CS

27  that could facilitate such an introduction.

        75.   I know that drug trafficking organizations are often

                                    63

1  tight-knit and do not often divulge information to outside

2  members.  Moreover, I am aware that it would be difficult for an

3  undercover agent to penetrate the organization and, even if an

4  undercover agent were introduced, it would be highly unlikely

5  that he/she would be privy to such information as to accomplish

6  the goals of this investigation.  However, during the course of

7  this investigation we will continue to investigate the

8  possibility of introducing an undercover agent into the

9  organization if an opportunity arises and if I determine that

10 the danger to the law enforcement officer would not be too

11 great.

12 **D.  <u>Search Warrants/Seizures</u>**

13     76.  As I stated above, I have made use of two search

14 warrants during the latest interception period, each targeting

   members of ALEX's narcotics distribution organization.  <u>See</u> ¶

   71.

17     77.  Based upon my training and experience, I am aware that

18 use of information received by way of wire interception has been

19 successful in disclosing multiple stash locations associated

20 with an organization that distributes controlled substances or

21 listed chemicals.  Additionally, I believe that without the

22 information derived from a wire intercept, investigators will

23 have difficulties identifying when and where to serve search

24 warrants.  Further, even if wire information does not reveal the

25 location of stash houses, it often provides substantial

26 assistance in determining when to execute a search warrant on a

27 known address, so as to increase the chance of finding evidence

8  of a crime at the address.  This is so because members of the

64

USA000469

1  conspiracy often talk to each other about the contraband they

2  have at various locations when they are holding contraband in

3  preparation for a drug delivery or other related activity.

4  However, I believe that even if additional search warrants were

5  obtained, it is unlikely that they would reveal the full scope

6  of ALEX's narcotics trafficking organization or the extortion

7  activities of the Ontario Black Angels criminal street gang.

8      78.   When the investigation is closer to the completion of

9  the stated objectives, the use of search warrants is likely to

10  be a valuable tool, but the use of search warrants at this time

11  would jeopardize the overall investigation by prematurely

12  notifying members of the conspiracy that they are being

13  investigated by law enforcement and compromise the ultimate

14  goals of the investigation. For example, I have presently

identified residences for ALEX, NAVARRO, runners for ALEX's

narcotics distribution organization, as well as the residences

17  for members of the Ontario Black Angels criminal street gang.

18  While I believe that the execution of search warrants at these

19  locations may result in the seizure of narcotics and weapons, I

20  believe that the premature execution of warrants will likely

21  alert the **Target Subjects** of the current ongoing investigation,

22  and will potentially cause the **Target Subjects** to discontinue

23  using the **Target Telephones** and alter their methods of

24  operation, thereby making it more difficult to accomplish the

25  goals of the ongoing investigation. Through the use of a wire

26  intercept, investigators can better direct their use of search

27  warrants without jeopardizing the ongoing investigation.

65

USA000470

## E. Pen Register/Toll Records

79.   I anticipate that the investigation will continue to use pen registers, trap and trace devices, and toll record analysis during this investigation.  Pen registers and toll information provide frequency and identifying information regarding calls made to and from a particular telephone.  This technique, however, will only provide agents with a list of numbers called.  The technique will not always establish the identities of the persons called and not reveal the content of the conversations.  Again, the circumstances learned during the last several days have not revealed new information or opportunities to use these tactics in a manner that could achieve the goals of the investigation without the requested interception of wire communications.

## F. Trash Searches

80.   Based on my training and experience I do not believe that trash searches, even in conjunction with other traditional methods of investigation, would yield information that would meet the objectives of this investigation, including the development of prosecutable evidence against the **Target Subjects**, the identification of sources of supply, and methods of operations.  Moreover, trash searches are completed in the open in the view of the public.  Therefore, an associate and/or friend could potentially observe law enforcement conducting a trash search, therefore compromising the investigation.

81.   I have made use of two trash searches during the course of this investigation.

a.   In July 2008, members of the OUNTF completed a

66

                      USA000471

trash search at MISQUEZ' residence located at 1830 E. Tam

O'Shanter St. Ontario, California. Small pieces of balloons and

foil, consistent with the packaging of narcotics were located,

but nothing was found of evidentiary value that would link

MISQUEZ with the ALEX's narcotics distribution organization.

      b.   On May 13, 2009, at approximately 6:15 a.m.,

Corporal Maynor Arana and Officer Ramiro Martinez of the Ontario

Police Department, with the assistance of the San Bernardino

City Sanitation Department, conducted a trash run at 1023 W.

10th Street in the city of San Bernardino, California, a

possible residence of the SOS. As a result of the trash run

numerous items of ordinary household waste were discovered.

Within the trash Officer Martinez discover one piece of mail

addressed to Jose J. Orozco. The mail was subsequently

collected, scanned into a digital file and destroyed. No other

items of evidentiary value were discovered.

82. I am aware that trash searches may not always be

feasible because in some residential neighborhoods law

enforcement runs a risk of being detected while conducting these

searches.

      a.   For example, a trash search at ALEX's residence at

15544 Prairie Way in Riverside, California, in my opinion, would

pose a high risk of law enforcement detection due to its

location in a somewhat rural cul-de-sac without any neighbors

for a large distance.

      b.   Additionally, NAVARRO is believed to reside in

apartment or mobile home complexes where common trash

receptacles are utilized by numerous individuals, making the

67

USA000472

1    identification of their trash difficult if not impossible.

         c.    Furthermore, based on my training and experience,
3    if a trash search were conducted, any evidence gained would
4    provide only limited assistance in accomplishing the goals of
5    this investigation, which is to identify the full scope of the
6    Ontario Black Angels extortion activities.  It is highly
7    unlikely that a list of identified members of the Ontario Black
8    Angels criminal street gang would be casually thrown in the
9    trash.

10        d.    Similarly, while I believe that the SOS is
11   associated with Carlos and Saul's Appliances at 888 N. Mount
12   Vernon Street in San Bernardino, California, I do not believe
13   that a trash search of that location would be productive as
14   trash from that location is contained in a full size dumpster
     that is shared with at least one neighboring business.

         83.   While it is possible that pay-owe sheets or other
17   records of drug transactions could be recovered from the trash
18   of narcotics traffickers, it is unlikely.  Moreover, even if
19   such documents were recovered, they are generally difficult if
20   not impossible to decipher without additional information from
21   another source regarding the parties and transactions involved.
22   While other evidence may be recovered, narcotic traffickers
23   rarely throw out clear evidence that can prove the Target
24   Offenses beyond a reasonable doubt.  Nevertheless, I will
25   continue to consider utilizing trash searches as an
26   investigative tool.

27   **G.   Other Investigative Methods**

         84.   I have considered these additional investigative

                                  68

methods but have determined that they are insufficient at this time to accomplish the goals of the investigation:

a. Recorded Jail Calls: On May 27, 2009, I used the San Bernardino County Sheriff's jail system to determine if there were any outgoing calls from people in custody in jail in San Bernardino County to telephone number 951-902-1896, the telephone number that, until May 27, 2009, was being used by the SOS. From January 1, 2009 to the present, there were no calls reflected in the system to this telephone number. I am aware that inmates are aware of the fact their jail calls are recorded, and the likelihood of their conversations assisting in this investigation are slight, but I will continue to pursue this source of information.

b. Pole Cameras: I have also considered utilizing pole cameras to assist with this investigation. Presently, the only viable location for a pole camera is at ALEX's residence at 15544 Prairie Way, Riverside, California. I have not installed a pole camera as the front of ALEX's residence faces a large area without suitable camera mounting locations. Additionally, I believe that a pole camera will fail to provide evidence of the full scope of ALEX's narcotics distribution network, as it would merely show vehicles and/or subjects arriving and departing from the location. It would not assist in identifying the purpose of the subject's arrival, nor would it assist in identifying whether the visit was or was not criminal in nature.

VIII. **MINIMIZATION**

85. All interceptions will be minimized in accordance with Title 18, United States Code, Sections 2510 - 2522.

69

Interception will be suspended immediately when it is determined
through voice identification, physical surveillance, or
otherwise, that the **Target Subjects**, or any of their associates
in the criminal offenses set forth above, when identified, are
not participants in the conversation, unless it is determined
during the portion of the conversation already overheard that
the conversation is criminal in nature. Even if one or more of
the interceptees, or their associates, when identified, is a
participant in a conversation, monitoring will be suspended if
the conversation is not criminal in nature or otherwise related
to the offenses under investigation. Based upon my training and
conversations with other monitoring and supervising agents, I
believe that many of the narcotics-related conversations will be
part of otherwise innocent conversations. Monitoring agents
will use information gained from previous recordings on **Target
Telephones** in determining whether a particular call should be
minimized as a non-pertinent call. Conversations that appear to
be non-pertinent will be minimized, subject to being
periodically monitored to determine if the conversation has
become narcotics-related.

   86. Before any interception of communications over **Target
Telephones** begins, a meeting will be held for all monitoring
agents and the requirements of minimization will be discussed.
A memorandum regarding minimization and a copy of the Court's
order will be provided to all monitoring officers and posted at
the listening site. Before an officer begins to intercept
communications, he or she will sign a form indicating that the
officer has read the affidavit, the Court's order and the

70

minimization memorandum, is familiar with the contents of the
documents, and will intercept communications in compliance with
the Court's order and the other documents.  If a monitoring
agent determines that a conversation is not criminal in nature,
is privileged, does not relate to the investigation, or does not
involve the Target Subjects, or other co-conspirators identified
through the interception process, the interception will be
minimized.  Even if a conversation is minimized, "spot"
monitoring will be conducted to ascertain whether or not the
conversation has become criminal in nature or is no longer
privileged.  The monitoring location will be kept secure and
access will be available only to persons authorized to be
involved with this investigation.

    87.  All intercepted conversations will be recorded and all
recordings will be securely preserved.  Logs will be prepared
noting the date and time of calls, the parties involved, the
subject of the call, and if and when minimization occurred.
Reports detailing the course of the interception will be filed
with the Court after about the fifteenth day following the
commencement of interception pursuant to the Court's order.
Particular emphasis will be placed on reporting minimization
efforts to the Court.

**IX.    DURATION OF INTERCEPTION**

    88.  This affidavit is in support of an application to
intercept wire communications for a period not to exceed 30
days.  As demonstrated by the facts contained in this affidavit,
the narcotics trafficking conspiracy is ongoing in nature and
involves the **Target Subjects** and others.  It is the goal of this

71

USA000476

investigation to prove the full scope, membership and methods of operations of the conspiracy.  Therefore, I request that interception not be terminated upon the first interception regarding narcotics trafficking, but be allowed to continue until the full scope of the conspiracy, and the persons involved and their respective roles are determined, or, for 30 days, whichever comes first, measured from the earlier of the day on which investigative or law enforcement officers first begin to conduct an interception under this Court's order or ten days from the date of the Court order on **Target Telephone #6** and measured from the date of the Court's Order for **Target Telephone #3**, and **Target Telephone #5**.

## X. CONCLUSION

89.  The facts contained in this affidavit demonstrate that there is probable cause to believe that the Target Subjects, and others unknown, have committed, are committing, and are about to commit offenses enumerated in Title 18, United States Code, Section 2516, and that evidence concerning those offenses will be obtained through interception of wire communications over **Target Telephone #3, Target Telephone #5,** and **Target Telephone #6**.

KRIS LAVOIE
Task Force Officer
Drug Enforcement Administration

Sworn to and subscribed to before me on:

June **17**, 2009

**MANUEL L. REAL**
HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

72

USA000477

# APPENDIX A
## PRIOR APPLICATIONS

1.     On February 13, 2009 the Honorable Manuel L. Real of the United States District Court for the Central District of California issued an order in CR Misc 09-38-R, authorizing the interception of wire communications of the **Target Subjects** taking place to or from **Target Telephone #1** and **Target Telephone #2**.  The interception of **Target Telephone #1** ended on February 19, 2009 as it was determined on this date that ALEX was no longer using **Target Telephone #1**.  The interception of **Target Telephone #2** did not begin as, after authorization to intercept **Target Telephone #2** was obtained, it was determined that ALEX's narcotics source of supply was no longer using this telephone.

2.     On March 17, 2009 the Honorable Manuel L. Real of the United States District Court for the Central District of California issued an order in CR Misc 09-38(A)-R, authorizing the interception of wire communications of the **Target Subjects** taking place to or from **Target Telephone #3** and **Target Telephone #4**.  The interception of **Target Telephone #3** ended on April 16, 2009.  Interception of **Target Telephone #4** was discontinued on April 1, 2009 because it was determined that the level of wire communications over **Target Telephone #4** that were pertinent to this investigation was low.

3.     On May 1, 2009 the Honorable Manuel L. Real of the United States District Court for the Central District of California issued an order in CR Misc 09-38(B)-R, authorizing the interception of wire communications of the **Target Subjects** taking place to or from **Target Telephone #3** and **Target Telephone #5**.  The interception of **Target Telephone #3** and **Target Telephone #5** ended on May 30, 2009.

4.     I am also aware that:

a.     On September 4, 2008, the Honorable Otis D. Wright II, United States District Court Judge for the Central District of California authorized the interception of wire communications to and from telephone number 626-494-4000 in an investigation in which CHIPO was a target.  Interception began on September 5, 2008, and ended on October 3, 2008.

b.     On November 5, 2008, the Honorable Otis D. Wright II, United States District Court Judge for the Central District of California authorized the interception of wire and electronic communications to and from telephone number 626-494-4000 as well as interception of wire communications to and from telephone number 913-704-8085 in an investigation in which CHIPO was a target.  The interception of telephone number 626-494-4000 ended on November 25, 2008.  The interception of telephone number 913-704-8085 ended on December 4, 2008.

c.     On November 25, 2008, the Honorable Otis D. Wright II, United States District Court Judge for the Central District

ER000459                    USA000478

of California authorized the interception of wire communications to and from telephone number 626-373-5417 in an investigation in which CHIPO is a target.  Interception of telephone number 626-373-5417 began on November 26, 2008, and ended on December 24, 2008.

d.   On December 10, 2008, the Honorable Otis D. Wright II, United States District Court Judge for the Central District of California authorized the interception of wire communications to and from telephone numbers 913-704-8085 and 213-377-7434 in an investigation in which CHIPO is a target.  Interception began on December 10, 2008, and interception of 913-704-8085 ended on December 29, 2008, and interception of 213-377-7434 ended on January 8, 2009.

e.   On January 28, 2009, the Honorable Otis D. Wright II, United States District Court Judge for the Central District of California authorized the interception of wire communications to and from telephone numbers 213-377-7434, 909-367-9792, 562-217-8585, and 626-373-5417, in an investigation in which CHIPO is a target.  Interception began on January 29, 2009 and ended on or about February 26, 2009.

f.   On April 28, 2009, the Honorable Otis D. Wright II, United States District Court Judge for the Central District of California authorized the interception of wire communications for  626-373-5417 and 714-709-9912.  The interception of  626-373-5417 ended on May 27, 2009.  The interception of 714-709-9912 ended on May 7, 2009.

g.   On April 3, 2009, San Bernardino Superior Court Judge Kenneth Barr authorized the interception of wire and electronic communications to and from telephone number 760-235-1835 in an ongoing investigation in which Alfredo Rodriguez and Jose LNU are targets.  Interception began on April 3, 2009, and ended on May 3, 2009.

5.   Additionally, the following is a list of all state wiretap orders in this ongoing investigation.

a.   On October 14, 2008, the Honorable Judge Kenneth Barr issued San Bernardino County Intercept Order 2008-83 authorizing the interception of wire and electronic communications to and from 909-717-5752, a telephone used by MISQUEZ.  MISQUEZ, HOYOS, and MACIAS were identified as target subjects during this period of interception and interception ended on November 13, 2008.

b.   On November 12, 2008, the Honorable Kenneth Barr issued San Bernardino County Intercept Order 2008-83 Extension #1, authorizing the continued interception of wire and electronic communications to and from 909-717-5752, a telephone used by MISQUEZ.  MISQUEZ, HOYOS, MACIAS, MARCO ANTONIO TORRES-CRUZ (also known as ALEX), and ONSUREZ were identified as target subjects and interception ended on December 12, 2008.

74

c. On November 12, 2008, the Honorable Kenneth Barr issued San Bernardino County Intercept Order 2008-93 authorizing the interception of wire and electronic communications to and from **Target Telephone #1**, a telephone used by ALEX. MISQUEZ, HOYOS, MACIAS, MARCO ANTONIO TORRES-CRUZ (also known as ALEX), ONSUREZ, and VENEGAS were identified as target subjects and interception ended on December 12, 2008.

d. On December 11, 2008, the Honorable Kenneth Barr issued San Bernardino County Intercept Order 2008-93 authorizing the continued interception of wire and electronic communications to and from telephone number **Target Telephone #1**, a telephone used by ALEX. MISQUEZ, HOYOS, MACIAS, MARCO ANTONIO TORRES-CRUZ (also known as ALEX), ONSUREZ, VENEGAS, KEVIN ALEJANDRO MARTINEZ-GONZALEZ, HERNANDEZ, and DIAZ were identified as target subjects and interception ended on January 11, 2009.

e. On December 12, 2008, the Honorable Helios Hernandez issued Riverside County Intercept Order 08-62 authorizing the interception of wire and electronic communications to and from telephone number 714-457-7770, a telephone used by HERANADEZ. MISQUEZ, HOYOS, MACIAS, MARCO ANTONIO TORRES-CRUZ (also known as ALEX), ONSUREZ, VENEGAS, KEVIN ALEJANDRO MARTINEZ-GONZALEZ, HERNANDEZ, and DIAZ were identified as target subjects and interception ended on January 11, 2009.

6. The ELSUR query resulted in a match for a target subject known as "Jose Gutierrez," no further information, in an application to intercept wire communications signed by Judge Zita L. Weinshienk, U.S. District Court Judge for the District of Colorado, on March 21, 2003.

7. The ELSUR query resulted in a match for a target subject known as "Juan Gil," no further information, in an application to intercept wire communications signed by Judge Charles P. Kocoras, U.S. District Court Judge for the Northern District of Illinois, on April 20, 2005.

8. The ELSUR query resulted in a match for a target subject known as "Salvador Martinez," no further information, in an application to intercept wire communications signed by Judge Roger T. Benitez, U.S. District Court Judge for the Southern District of California, on May 27, 2005.

9. The ELSUR query resulted in a match for a target subject known as "Daniel Reyes," no further information, in an application to intercept wire communications signed by Judge Jorge Solis, U.S. District Court Judge for the Northern District of Texas, on June 24, 1998, and July 16, 1998.

10. The ELSUR query resulted in a match for a target subject known as "Juan Francisco Gil," no further information, in an application to intercept wire communications signed by Rudi M. Brewster, U.S. District Court Judge for the Southern

75

USA000480

District of California, on October 17, 2005, October 31, 2005, and November 15, 2005.

11.    The ELSUR query resulted in a match for a target subject known as "Juan Francisco Gil," no further information, in an application to intercept wire communications signed by Judge Thomas J. Whelan, U.S. District Court Judge for the Southern District of California, on October 17, 2005, and November 15, 2005.

12.    The ELSUR query resulted in a match for a target subject known as "Juan Francisco Gil," no further information, in an application to intercept wire communications signed by Judge Roger T. Benitez, U.S. District Court Judge for the Southern District of California, on October 31, 2005.

76

USA000481

COPY

1  THOMAS P. O'BRIEN
   United States Attorney
2  CHRISTINE C. EWELL
   Assistant United States Attorney
3  Chief, Criminal Division
   REEMA M. EL-AMAMY(SBN: 237743)
4  Assistant United States Attorney
   Violent and Organized Crime Section
5       1500 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-0552
7       Facsimile: (213) 894-3713
        E-mail:   Reema.El-Amamy@usdoj.gov
8
   Attorneys for Plaintiff
   United States of America

11           UNITED STATES DISTRICT COURT

12        FOR THE CENTRAL DISTRICT OF CALIFORNIA

13 IN THE MATTER OF THE      )  CR Misc. No. 09-0038(C)-R
   APPLICATION OF THE UNITED )
14 STATES OF AMERICA FOR AN  )
   ORDER AUTHORIZING (1) THE )  [proposed] ORDER
   INTERCEPTION OF WIRE      )
   COMMUNICATIONS; (2) THE   )
16 INSTALLATION AND USE OF A )  (UNDER SEAL PURSUANT TO
   PEN REGISTER AND A TRAP AND)  18 U.S.C. § 2518(8))
17 TRACE DEVICE AND (3) THE  )
   RELEASE OF SUBSCRIBER      )
18 INFORMATION AND CELL SITE  )
   INFORMATION                )
19 _____)

20      Application under oath has been made before this court by

21 Reema M. El-Amamy, Assistant United States Attorney for the

22 Central District of California, an "investigative or law

23 enforcement officer" as defined in Title 18, United States Code,

24 Section 2510(7) and an attorney for the government as defined in

25 Rule 1 of the Federal Rules of Criminal Procedure, for an order

26 pursuant to 18 U.S.C. § 2518 authorizing and approving the

   interception of wire communications, including push-to-talk

8  (digital dispatch/ direct connect) communications and

Date Revised: December 31, 2008

ER000463                    USA000482

1  contemporaneously received or retrieved voice mail, to and from,
2  and any background conversations intercepted in the vicinity of,
3  the following telephone numbers:

4         a.    the continued interception of a MetroPCS cellular
5  telephone, subscribed to Armando Gonzales at 15576 Merrill Ave.,
6  Fontana, California, 92335, with a telephone number of 909-251-
7  1663, MEID # 268435457101363157, and believed to be used
8  primarily by FNU LNU, also known as "Alex," ("ALEX"), (**Target**
9  **Telephone #3**), or any subsequently changed telephone number
10 assigned to the same MEID with the same subscriber information,
11 and/or any subsequently changed MEID assigned to the same
12 telephone number with the same subscriber information;

13        b.    the continued interception of a Sprint/Nextel
14 cellular telephone subscribed to Whaterver, Crazt Legs, at 1925
   Eloise Way, Upland, CA 91784, with a telephone number of 909-489-
16 8277, ESN # 2684354620058018, and believed to be used primarily
17 by DAVID NAVARRO ("**Target Telephone #5**") or any subsequently
18 changed telephone number assigned to the same ESN with the same
19 subscriber information, and/or any subsequently changed ESN
20 assigned to the same telephone number with the same subscriber
21 information; and

22        c.    the initial interception of a Sprint/Nextel
23 cellular telephone, subscribed to Raul Gonzalez at PO Box 54988,
24 Irvine, CA, with a telephone number of 951-368-4804, ISMI #
25 316010154367205, UFMI 126*294*6628, ESN # 364VJCRBTX and believed
26 to be used primarily by ALEX ("**Target Telephone #6**") or any
7  subsequently changed telephone number assigned to the same ISMI
8  or ESN with the same subscriber information, and/or any

1  subsequently changed ISMI or ESN assigned to the same telephone
2  number with the same subscriber information.

3

4      The court has reviewed the application and Exhibits A and B
5  thereto, and following full consideration of the matters set
6  forth therein, **FINDS AS FOLLOWS:**

7      1.  The application has been made pursuant to the authority
8  of a specially designated representative of the Attorney General
9  of the United States, specifically in this case Gary G. Grindler,
10 Deputy Assistant Attorney General, Criminal Division, and
11 therefore satisfies the dictates of Title 18, United States Code,
12 Section 2516(1).  A copy of the memoranda of authorization
13 approving the application was attached as an Exhibit to the
14 application and incorporated by reference therein.

       2.  The application with incorporated affidavit alleges a
16 full and complete statement of facts which demonstrates that the
17 Drug Enforcement Administration ("DEA") is conducting an
18 investigation into possible violations of offenses enumerated in
19 18 U.S.C. § 2516, to include the following: Racketeer Influenced
20 and Corrupt Organizations ("RICO") offenses, in violation of
21 Title 18, United States Code, Sections 1962 and 1963; violent
22 crimes in aid of a racketeering enterprise, in violation of Title
23 18, United States Code, Section 1959; manufacture, distribution,
24 and possession with intent to distribute a controlled substance,
25 in violation of Title 21, United States Code, Section 841(a)(1);
26 conspiracy to distribute a controlled substance, in violation of
7  Title 21, United States Code, Sections 846 and 841(a)(1); use of
8  a communication facility in committing or in causing or

facilitating the commission of a felony narcotics offense, in
violation of Title 21, United States Code, Section 843(b);
laundering of monetary instruments, in violation of Title 18,
United States Code, Section 1956; and engaging in monetary
transactions in property derived from specified unlawful
activity, in violation of Title 18, United States Code, Section
1957[1] by persons including FNU LNU, also known as "Alex,"
("ALEX"), David Navarro ("NAVARRO"), Steve Osker Hoyos ("HOYOS"),
Sara Leticia Misquez ("MISQUEZ"), FNU LNU, also known as Chipo
("CHIPO"), Steven Hernandez ("HERNANDEZ"), Larry Cuevas
("CUEVAS"), Patrick Orosco ("OROSCO"), Armando Venegas
("VENEGAS"), Richard Castorena ("CASTORENA"), Mario LNU
("MARIO"), Lucio Gallardo Diaz ("DIAZ"), Ray Perez ("PEREZ"),
Shawn Young ("YOUNG"), Carmela LNU ("CARMELA"), FNU LNU, also
known as "Cabezon" ("CABEZON"), Gabriel Macias ("MACIAS"), Paul
Onsurez ("ONSUREZ"), Juan Diaz ("DIAZ"), FNU LNU ("SOS"),
Victor Carrasco Felix ("FELIX"), FNU LNU ("JOSE LNU"), Gilberto
Gutierrez ("G. GUTIERREZ"), Jose Gutierrez ("J. GUTIERREZ"),
Teresa Castro ("CASTRO"), Deborah Cortez ("CORTEZ"), Roberto Sosa
("SOSA"), Enrique Jimenez ("JIMENEZ"), Salvador Martinez
("MARTINEZ"), Daniel Reyes ("REYES"), FNU LNU, also known as "M,"
("M"), Juan Gil ("GIL"),Armando Barajas ("BARAJAS"), "Red Eye,"
and others known, unknown or unidentified ("the Target
Subjects").

---

[1] Although not a predicate offense for wire interception under 18 U.S.C. § 2516 and thus not listed as a Target Offense, law enforcement is also investigating the Target Subjects for violation of 18 U.S.C. § 2, aiding and abetting the substantive offenses.

1        3.   There is probable cause to believe that:

         a.   FNU LNU, also known as "Alex," ("ALEX"), David
3  Navarro ("NAVARRO"), Steve Osker Hoyos ("HOYOS"), Sara Leticia
4  Misquez ("MISQUEZ"), FNU LNU, also known as Chipo ("CHIPO"),
5  Steven Hernandez ("HERNANDEZ"), Larry Cuevas ("CUEVAS"), Patrick
6  Orosco ("OROSCO"), Armando Venegas ("VENEGAS"), Richard Castorena
7  ("CASTORENA"), Mario LNU ("MARIO"), Lucio Gallardo Diaz ("DIAZ"),
8  Ray Perez ("PEREZ"), Shawn Young ("YOUNG"), Carmela LNU
9  ("CARMELA"), FNU LNU, also known as "Cabezon" ("CABEZON"),
10 Gabriel Macias ("MACIAS"), Paul Onsurez ("ONSUREZ"), Juan Diaz
11 ("DIAZ"), FNU LNU ("SOS"),   Victor Carrasco Felix ("FELIX"), FNU
12 LNU ("JOSE LNU"), Gilberto Gutierrez ("G. GUTIERREZ"), Jose
13 Gutierrez ("J. GUTIERREZ"), Teresa Castro ("CASTRO"), Deborah
14 Cortez ("CORTEZ"), Roberto Sosa ("SOSA"), Enrique Jimenez
   ("JIMENEZ"), Salvador Martinez ("MARTINEZ"), Daniel Reyes
16 ("REYES"), FNU LNU, also known as "M," ("M"), Juan Gil ("GIL"),
17 Armando Barajas ("BARAJAS"), "Red Eye," and others known, unknown
18 or unidentified have committed, are committing, or will commit
19 one or more of the Target Offenses;

20       b.   Wire communications concerning the Target Offenses
21 will be obtained through the interceptions of the Target
22 Telephones.  In particular, the communications to be intercepted
23 will concern, and will provide evidence pertaining to, the goals
24 of this investigation, including the following: (i) the precise
25 nature, extent, and methods of operation of the illegal
26 activities (including the Target Offenses) of the Target Subjects
7  and others known, unknown or unidentified, including the dates,
8  times, and places for the commission of the drug trafficking

Date Revised: December 31, 2008          5

                                    USA000486

1  activities; (ii) the acquisition and distribution of controlled
2  substances and money by the Target Subjects and others known,
3  unknown or unidentified; (iii) the identities and roles of
4  accomplices, aiders and abettors, co-conspirators and other
5  participants in the drug trafficking organization including any
6  the known and unknown suppliers, distributors and purchasers of
7  controlled substances and the individuals involved in laundering
8  or transporting drug trafficking proceeds; (iv) the locations at
9  which controlled substances, records, money and contraband are
10  stored; (v) the administration, control, management and
11  disposition of proceeds of drug trafficking, including the manner
12  in which any drug proceeds are laundered; and (vi) the existence,
13  location and source of resources used to finance their illegal
14  activities ("the goals of the investigation");

        c.    The Target Telephones are being used, or are about
16  to be used in connection with the commission of one or more the
17  Target Offenses; and

18          d.    Because of the nature of the investigation,
19  additional communications concerning the Target Offenses will
20  occur after the first has been intercepted.

21      4.   It has been adequately demonstrated that normal
22  investigative procedures have been tried and have failed,
23  reasonably appear unlikely to succeed if continued, reasonably
24  appear unlikely to succeed if tried, or are too dangerous.

25      5.   Pursuant to 18 U.S.C. §§ 3122 and 3123, it has been
26  certified that the information likely to be obtained from the pen
7  register (defined in 18 U.S.C. § 3127(3)) and trap and trace
8  device (defined in 18 U.S.C. § 3127(4)) on the Target Telephones

is relevant to the ongoing criminal investigation being conducted by the DEA in connection with possible violations of the Target Offenses.

6. Pursuant to 18 U.S.C. §§ 2703(d) and 3123, specific and articulable facts have been set forth to show that there are reasonable grounds to believe that the information likely to be obtained from Target Telephones, including cell site information and any other requested records or other non-content information pertaining to a telephone subscriber or customer, are relevant and material to the ongoing criminal investigation of the Target Subjects that is being conducted by the DEA.

**WHEREFORE**, it is hereby ordered that:

**Interception and Pen Register/ Trap and Trace**

1. The DEA and all other law enforcement agencies investigating this matter, and individuals operating under a contract with the government and acting under the supervision of these law enforcement agencies are authorized to intercept wire communications, including push-to-talk (digital dispatch/ direct connect) communications and contemporaneously received or retrieved voice mail, to and from, and any background conversations intercepted in the vicinity of, the Target Telephones.

2. The communications of the Target Subjects, and others known, unknown, or unidentified are to be intercepted.

3. Such interception shall not automatically terminate upon the first interception concerning the Target Offenses, but shall continue until communications are intercepted which fully achieve the goals of the investigation or for a period of 30 days

1  (defined as 24 hour periods), whichever occurs first (the
   "Interception Period").

3       4.    Pursuant to Title 18, United States Code, Section
4  2518(5), such Interception Period is authorized to begin for
5  **Target Telephone #3** and **Target Telephone #5** on the date of this
6  court's Order authorizing the interception, and on the earlier of
7  the day on which the investigative or law enforcement officers
8  first begin to conduct an interception under this court's order
9  or ten days after the date of the court order for **Target**
10 **Telephone #6.**

11      5.    Such interception is authorized to and from any changed
12 telephone numbers subsequently assigned to any instrument bearing
13 the same ESN/MEID or ISMS as the Target Telephones, or any
14 changed ESN/MEID or ISMI subsequently assigned to the same
   telephone number as the Target Telephones.

16      6.    Pursuant to Title 18, United States Code, Section
17 2518(3), in the event the Target Telephones are transferred
18 outside the territorial jurisdiction of the Court, the act of
19 interception may take place in, or using cellular tower equipment
20 located in, any other jurisdiction within the United States.

21      7.    Pursuant to 18 U.S.C. §§ 3122 and 3123, agents of the
22 DEA: (1) may install, or cause to be installed, and use a pen
23 register anywhere in the United States to record or decode
24 dialing, routing, addressing, or signaling information for the
25 Target Telephones, including "post-cut-through dialed digits"[2]

26

----

[2]     To the extent additional digits that are received are
electronic content as discussed in the application, the
8  government shall not use such information for any investigative
purposes or attempt to decode such information.

1 and dialing, routing, addressing, or signaling information
2 transmitted over the Service Provider's (defined below) network
3 by a two-way radio feature transmitted from the Target
4 Telephones, to record the date and time of such dialings or
5 transmissions, and to record the length of time the telephone
6 receiver in question is "off the hook" for incoming or outgoing
7 calls; and (2) may install, or cause to be installed, and use a
8 trap and trace device anywhere in the United States to capture
9 and record the incoming electronic or other impulses for the
10 Target Telephones which identify the originating numbers or other
11 dialing, routing, addressing, or signaling information reasonably
12 likely to identify the source of a wire or electronic
13 communication, and to record the date, time, and duration of
14 calls created by such incoming impulses; both for a period of
15 sixty days from the date this order is filed by the court. The
16 tracing operations and use of the caller identification feature
17 shall be without geographical limits.

18 **Service Providers**

19     8.    Pursuant to 18 U.S.C. §§ 2518(4), 2703, 3122, 3123, and
20 Federal Rule of Criminal 41, if applicable, SBC Communications,
21 Inc. or any subsidiary thereof, Ameritech, Southern New England
22 Telephone Company, Verizon California, Inc., XO Communications,
23 Comcast Cable Communications Inc./AT&T Corporation, Verizon,
24 Verizon New York, Inc., Verizon California, Inc., General
25 Telephone Company, MPower Communications, Verizon New Jersey
26 Inc., Bell South Telephone Company, Allegiance Telecom, Cox
7 Communications and Qwest Communications, AT&T, U.S. Sprint,
8 WorldCom, Pacific Bell Telephone Company, Pacific Bell Wireless,

1 Cellco Partnership, dba Verizon Wireless, AT&T Wireless Services,
2 AirTouch Cellular Telephone Company, U.S. Cellular, MetroPCS,
3 Cingular Wireless, Nextel of California, Inc., Boost Mobile LLC,
4 Cricket Communications, Sprint Communications, T-Mobile USA,
5 Inc., Virgin Mobile USA, AT&T Broadband, Nextel Communications
6 and Western Wireless Corp., and any other telephone companies,
7 and local long distance or wireless carriers who are providers of
8 wire and electronic communications services as defined in 18
9 U.S.C. § 2510(15), including any subsequent service provider
10 which provides such defined service to the Target Telephones,
11 ("the Service Providers") are ordered to do the following:

12    a. Provide the DEA and other law enforcement agencies
13 involved in this investigation with 24-hour-a-day, seven-days-a-
14 week information, facilities, and technical assistance necessary
to accomplish the interception over the Target Telephones
16 unobtrusively, expeditiously, and with a minimum of interference
17 to the services that the Service Providers are providing to the
18 persons whose communications are to be intercepted. The switch
19 mechanisms which allow law enforcement to receive audio shall be
20 programmed within four business hours of receipt of the court's
21 Order.

22    b. Provide the DEA with such 24-hour-a-day information
23 and services for the Target Telephones as the following: rotary
24 numbers associated with the Target Telephones, call forwarding,
25 speed dialing, call waiting, cell site and real-time locations/
26 Global Positioning Satellite (GPS) information (including User
7 Name(s), Pass Code(s), and historical and on-going activity
8 related to the physical location of the Target Telephones), pen

Date Revised: December 31, 2008   10

USA00049

1  register data, toll data, trap and trace extended digit dialed
   data, Direct Connect/Digital Dispatch services ("Push to Talk"),
3  three-way calling, and all other services.  In addition, the
4  Service Providers shall (if available) initiate a signal to
5  determine the location of the Target Telephones on the Service
6  Provider's network or with such other reference points as may be
7  reasonably available and at such intervals and times as directed
8  by the DEA.

9          c.  Within 48 hours of an oral or written demand of the
10 DEA or other law enforcement agencies involved in the
11 investigation, disclose to same: all non-content account
12 information and records in their files for the Target Telephones
13 and the telephones calling to or from the Target Telephones
14 (based on the DEA's written representation of same), including
   but not limited to subscriber names and addresses whether
16 published or unpublished, listed or unlisted, and any changes
17 (defined here to include additions, deletions, and transfers)
18 thereto; MEIDs, ESNs, IMSIs, IMFIs, SIMs or other identifying
19 information and any changes thereto; subscriber date of birth,
20 driver's licenses (state and number), social security number,
21 contact names and numbers, and employment information and any
22 changes thereto; all telephone numbers listed to subscribers
23 under the same or different account; method of payment; length of
24 service, periods of telephone activation, and type of service
25 utilized; applications, account and billing information; and
26 incoming and outgoing toll information (both historical and
7  ongoing), including Direct Connect/Digital Dispatch ("Push to
8  Talk") services and call detail.

1          d.    Disclose on a real time or near real time basis
when requested to do so by the DEA the geographic analysis
3 information (including the physical address of the cell
4 site/sector) regarding cell sites used and corresponding antenna
5 information to identify the location of the Target Telephones, to
6 include configuration (omni directional or sectorized, sector
7 orientation) control channels used, address and latitude/
8 longitude of antennas.

9          e.    Enter the telephone numbers of the Target
10 Telephones into the pen register system and supply originating
11 and terminating cell site information during the Interception
12 Period.

13          f.    Authorize the installation and/or use of "dialed
14 number recorders" to detect and record all numbers dialed or
pulsed by the Target Telephones.

16          g.    Execute the Court's Order as soon as practicable
17 after it is signed.  If a copy of the Order is given to any
18 Service Provider, the copy may be redacted to exclude the Target
19 Subjects and a description of the Target Offenses under
20 investigation.

21          h.    To avoid prejudice to this criminal investigation,
22 the Service Providers and their agents and employees shall not
23 disclose to or cause a disclosure of this Court's order or the
24 request for information, assistance, and facilities by the DEA or
25 other law enforcement agencies involved in the investigation or
26 the existence of this investigation to any person other than
7 those of their agents and employees who require said information
8 to accomplish the services herein requested.  In particular, the

1  Service Providers and their agents and employees are ordered not
   to make such disclosure to the lessee, telephone subscribers or
3  any interceptee or participant in the intercepted communications.

4          i.   In the event that the Service Provider (currently
5  MetroPCS and Sprint/Nextel) changes during the course of the
6  Interception Period, interception may continue with the new
7  Service Provider without further order of this court.  Both the
8  previous and the new Service Provider shall inform the DEA
9  immediately if the Service Provider changes during the
10 Interception Period, or if the ESN/MEID or telephone number for
11 the Target Telephones is supplied to another Service Provider.

12         j.   The Service Providers furnishing such facilities,
13 service, or technical assistance shall be compensated for
14 reasonable expenses incurred in doing so.

**Progress Reports, Monitoring, and Sealing**

16     9.   Pursuant to 18 U.S.C. § 2518(6), an Assistant United
17 States Attorney familiar with the facts of this case shall
18 provide the Court with a report after about the fifteenth day of
19 the Interception Period showing what progress has been made
20 toward achievement of the authorized objectives of the
21 investigation and the need for continued interception.  In the
22 event that the DEA is made aware that the Service Provider has
23 changed during the course of the interception, the periodic
24 progress report will include that information.

25     10.  Pursuant to 18 U.S.C. § 2518(5), the interception may
26 be conducted in whole or in part by government personnel (full or
7  part-time), or by an individual operating under a contract with

8

1  the government, acting under the supervision of investigative or
2  law enforcement officers authorized to conduct the interception.
3       11.  All intercepted communications will be minimized in
4  accordance with Chapter 119 of Title 18 U.S.C.  In the event the
5  intercepted language is in a code or foreign language (other than
6  English), and foreign language-speaking monitoring personnel or
7  an expert in that foreign language or code is not reasonably
8  available during the interception period, the entirety of the
9  foreign language conversations may be intercepted and recorded
10 and minimization shall be accomplished as soon as practicable
11 after the interception.

12       12.  The interception shall be conducted in such a way as to
13 minimize the interception of communications not otherwise subject
14 to interception pursuant to the Order.  Monitoring will be
   discontinued if a monitor determines that the conversation is not
16 criminal in nature, is privileged, or is not subject to
17 interception pursuant to the Order.  If monitoring is
18 discontinued, monitoring agents may spot check the conversation
19 in order to determine whether the conversation has become
20 criminal in nature or otherwise is now subject to interception
21 pursuant to the Order.  A memorandum outlining all of the
22 guidelines for minimization and application of privileges, as
23 well as a copy of the application and Order, will be provided to
24 all monitors.

25       13.  Pursuant to 18 U.S.C. § 2518(8)(b), this Order, the
26 accompanying application and all interim reports filed with the
7  Court shall be sealed until further order of this Court.  Copies
8  of the Order may be given by the DEA to any other law enforcement

 1 officer involved in the investigation and to the Service

 2 Providers as is necessary to implement the Order.

 3 DATED: June ___, 2009

 4 _____

 5 HONORABLE MANUEL L. REAL
   UNITED STATES DISTRICT JUDGE

 6 Prepared by:

 7 

 8 _____
   REEMA M. EL-AMAMY

 9 Assistant United States Attorney

10

11

12

13

14

16

17

18

19

20

21

22

23

24

25

26

 7

 8

ER000477                                    USA000496

1  THOMAS P. O'BRIEN
   United States Attorney
2  CHRISTINE C. EWELL
   Assistant United States Attorney
3  Chief, Criminal Division
   REEMA M. EL-AMAMY (Cal. Bar No. 237743)
4  Assistant United States Attorney
   Violent & Organized Crime Section
5       1500 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-0552
7       Fax: (213) 894-3713
        E-mail:reema.el-amamy@usdoj.gov
8
   Attorneys for Plaintiff
9  United States of America

10                 UNITED STATES DISTRICT COURT

11        FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

13  IN THE MATTER OF THE          )   CR Misc. No. 09-0038(C)-R
    APPLICATION OF THE UNITED     )
14  STATES OF AMERICA FOR AN      )   FIFTEEN-DAY REPORT AND [PROPOSED]
    ORDER AUTHORIZING             )   ORDER
15  INTERCEPTION OF WIRE          )
    COMMUNICATIONS                )
16                                )   [UNDER SEAL]
                                  )

17       Pursuant to the Court's Order of June 17, 2009, the

18  government hereby files this fifteen-day report regarding the

19  interception of wire communications.

20  DATED: July 6, 2009

21                              THOMAS P. O'BRIEN
                                United States Attorney

22                              CHRISTINE C. EWELL
                                Assistant United States Attorney
23                              Chief, Criminal Division

24

25

26                              REEMA M. EL-AMAMY
                                Assistant United States Attorney
27
                                Attorneys for Plaintiff
                                United States of America
28

FILED
CLERK, U.S. DISTRICT COURT

JUL - 7 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

1 **FIFTEEN-DAY REPORT**

2 **I. INTRODUCTION**

3     On June 17, 2009, the Honorable Manuel L. Real, United

4 States District Judge for the Central District of California,

5 signed an order in criminal miscellaneous matter ("CR Misc.") 09-

6 0038(C)-R, authorizing:

7         the continued interception of a MetroPCS cellular

8         telephone, subscribed to Armando Gonzales at 15576

9         Merrill Ave., Fontana, California, 92335, with a

10         telephone number of 909-251-1663, MEID #

11         268435457101363157, and believed to be used primarily

12         by FNU LNU, also known as "Alex," ("ALEX"), (**Target**

13         **Telephone #3**);

14

15         the continued interception of a Sprint/Nextel cellular

16         telephone subscribed to Whaterver, Crazt Legs, at 1925

17         Eloise Way, Upland, CA 91784, with a telephone number

18         of 909-489-8277, and believed to be used primarily by

19         DAVID NAVARRO ("**Target Telephone #5**"); and

20

21         the initial interception of a Sprint/Nextel cellular

22         telephone, subscribed to Raul Gonzalez at PO Box 54988,

23         Irvine, CA, with a telephone number of 951-368-4804,

24         UFMI 126*294*6628, and believed to be used primarily by

25         ALEX ("**Target Telephone #6**").

26

27     The government submits this fifteen-day report to inform the

28 Court of the course of the wire interception and related

2

                                    USA000498

1  investigation during the first fifteen days of interception. The

2  interception of **Target Telephone #5** and **Target Telephone #6** began

3  on or about June 20, 2009. There has been no interception of

4  **Target Telephone #3** as, after the Court signed the Order

5  authorizing the interception of **Target Telephone #3**, Task Force

6  Officer Kris Lavoie of the Drug Enforcement Administration

7  ("DEA") learned that **Target Telephone #3** was no longer active.

8      The government submits this fifteen-day report to inform the

9  Court of the course of the wire interception and related

10  investigation during the first fifteen days of interception.

11  Interception of **Target Telephone #5** and **Target Telephone #6** will

12  continue pursuant to the Court's order through July 17, 2009,

13  unless otherwise ordered by the Court. The related investigation

14  seeks to: (1) identify members and associates of the Ontario

15  Black Angeles criminal street gang and Mexican Mafia that are

16  involved in narcotics trafficking, extortion activities, and

17  other related crimes within the boundaries of the Ontario Black

18  Angeles criminal street gang's influence; and (2) target the

19  narcotics dealing enterprise of ALEX, his associates, and his

20  suppliers.

21            **II. DISCUSSION**

22      This report includes statistical information and summaries

23  of conversations from a sampling of calls intercepted from June

24  20, 2009, through and including July 6, 2009 on **Target Telephone**

25  **#5** and **Target Telephone #6**. TFO Lavoie has supervised the

26  compilation of statistical data with respect to the monitoring of

27  telephone conversations and the preparation of some of the

28

        USA000499

1 relevant intercepted telephone conversations for inclusion in
2 this report.

3 **A. Statistical Information for Target Telephone #5**:

4 Total Number of Calls: 748

5 Total Number of Pertinent Calls: 174

6 Number of Minimized Calls: 1

7 **B. Statistical Information for Target Telephone #6**:

8 Total Number of Calls: 1734

9 Total Number of Pertinent Calls: 363

10 Number of Minimized Calls: 70

11 **C. Summaries of Selected Intercepted Conversations for Target**
12    **Telephone #5**

13    As discussed herein, and based on a review of the pertinent
14 telephone conversations, TFO Lavoie continues to believe that
15 NAVARRO is using **Target Telephone #5** to further the criminal
16 activities of the Ontario Black Angeles criminal street gang.
17 The interception of pertinent calls occurring over **Target**
18 **Telephone #5** during the first interception period has continued
19 to provide law enforcement agents with greater information about
20 NAVARRO's criminal activity.

21    Below are summaries of three pertinent calls intercepted on
22 **Target Telephone #5.**

23    1.   On June 23, 2009, at 10:19 p.m., NAVARRO made an
24 outgoing call on **Target Telephone #5** to Daniel REYES on telephone
25 number 909-545-0503.  NAVARRO asked what REYES was doing and
26 REYES said he was taking care of something quick to
27 (unintelligible).  NAVARRO asked REYES if he "knew" and REYES
28 said "yes."  NAVARRO said he "got with the paisa" today.  NAVARRO

4

USA000500

1  said he was "in the O" right now.  NAVARRO asked if REYES would
2  be a minute.  REYES said if NAVARRO wanted to swing by, he was at
3  his "cousin's pad."  REYES said the homeboy that NAVARRO called
4  earlier had "just left" from there.  REYES said NAVARRO could
5  swing by but to "stay off of Euclid" because his "hyna" was
6  around there and then she would not see NAVARRO.  REYES said he
7  was at his cousin's.  NAVARRO said he was at the bar.  REYES said
8  he would go there.  Based on his training, experience, and
9  knowledge of the investigation, TFO Lavoie believes that when
10  NAVARRO asked REYES if he "knew," NAVARRO was referring to the
11  search warrant served at Ontario Black Angel gang member Marlon
12  JIRON's residence earlier in the day, where a firearm believed to
13  be used in the murder of Ontario Black Angel gang member Paul
14  Angel Rodriguez was seized by law enforcement.[1]

15      2.  On June 26, 2009 at 3:00 p.m., NAVARRO received an
16  incoming call on **Target Telephone #5** from Armando SAUCEDO, who
17  was using telephone number 909-419-9937.  During this
18  conversation, SAUCEDO asked what NAVARRO would be doing today.
19  NAVARRO said he just got out of work in Orange County.  SAUCEDO
20  asked if NAVARRO was going to "come over" later on today.
21  NAVARRO asked if SAUCEDO needed NAVARRO to.  SAUCEDO asked if
22  NAVARRO remembered when they "sent Ricky" for "those things."

23  _____

24      [1]  On May 13, 2009, law enforcement located a homicide
    victim (Ontario Black Angel gang member Paul Angel RODRIGUEZ) in
25  the area of  Cleghorn Road and the 15 Freeway, near the Cajon
    Pass.  Law enforcement's investigation led to Ontario Black Angel
26  Fernando MORALES, the last person known to be seen with
    RODRIGUEZ.  On May 14, 2009, RODRIGUEZ then led Ontario Police
27  Officers on a pursuit that ended at 1528 N. Marin Ave., Marlon
    JIRON's residence.  The firearm seized was from JIRON's residence
28  was a 9mm, and the firearm used in the homicide of Ontario Black
    Angel, Paul Angel Rodriguez on May 14, 2009 was also a 9mm.

                    USA000501

1  NAVARRO said "yes."  SAUCEDO said "somebody has it on hand" and
2  "was brand new."  SAUCEDO said it was "a little one."  SAUCEDO
3  said it was a "for sure thing" and is "asking for 2," but is
4  "pretty sure" they could "talk" third party "down."  NAVARRO
5  asked "how long" third party was "going to have it."  SAUCEDO
6  said he "did not know" and that is why SAUCEDO "got at" NAVARRO
7  "as soon as possible."  NAVARRO asked if "it" was "a 2."  SAUCEDO
8  said "2.5."  SAUCEDO said he was "just letting" NAVARRO "know."
9  NAVARRO said he would be "down there tomorrow" and would call
10 SAUCEDO up. SAUCEDO said if NAVARRO "did not have everything,"
11 then SAUCEDO would "put in." NAVARRO said "yes."  SAUCEDO said he
12 would "try to hold out until tomorrow" and "make sure" SAUCEDO
13 and NAVARRO were "interested."  NAVARRO said he would call
14 SAUCEDO tomorrow.

15          a.   Based on TFO Lavoie's training, experience, and
16 knowledge of the facts of this investigation, he believes SAUCEDO
17 was inquiring about a gun being sold by an unknown third party.
18 SAUCEDO stated it was a "sure thing", it was "brand new," and TFO
19 Lavoie believes that when SAUCEDO said that the third party was
20 "asking for 2," SAUCEDO was stating that the third party was
21 asking for 200 dollars.  TFO Lavoie believes, based on his
22 training and experience that when NAVARRO asked if it was "a 2,"
23 NAVARRO was referring to the caliber of gun being a .22, since
24 SAUCEDO previously mentioned "it" was a "little one."  TFO Lavoie
25 believes that when SAUCEDO replied "it" was a "2.5," SAUCEDO was
26 informing NAVARRO that the caliber of gun for sale as a .25.
27 NAVARRO agreed to contact SAUCEDO when he was in the area, and
28 SAUCEDO offered to "put in," possibly referring to contributing

6

USA000502

1  money to the purchase of the firearm, if NAVARRO did not have
2  enough.  TFO Lavoie is also aware that both NAVARRO and SAUCEDO
3  are convicted felons.

4      3.  On June 27, 2009 at 7:30 p.m., NAVARRO made an outgoing
5  call on **Target Telephone #5** to Ernest CASTILLO, who was using
6  telephone number 909-664-8542.  During this conversation,
7  CASTILLO asked what he was doing.  NAVARRO said "nothing kicking
8  back at the pad."  CASTILLO asked if he was "sick or what?"
9  NAVARRO said "yes."  NAVARRO asked what he was doing.  CASTILLO
10  said he was "just chilling."  CASTILLO said "the homie that
11  busted got out" and stated that "they threw some stuff at him."
12  CASTILLO said "they found the thing" and stated that he told him
13  that "he lied" to him about "that thing" "being there."  CASTILLO
14  said he told him that he did not know.  CASTILLO said "he" was
15  "out." NAVARRO asked "what did they charge" with and asked if
16  "they took him to get question or what."  CASTILLO said "yeah"
17  and stated that "they" were "going to send it to the DA and most
18  likely it was going to be conspiracy to murder after the fact."
19  NAVARRO said if anything he would "talk" to him "more" and said
20  he "could get with" him on "Monday and Tuesday" and they could
21  "go down his pad and get with him". CASTILLO said "yeah."
22  NAVARRO said he "needed to know from the horse's mouth."
23  CASTILLO said "yeah" and stated that "it would be better like
24  that."  NAVARRO asked what he was going to do today.  CASTILLO
25  said "chill."  NAVARRO said he would give him a call on "Monday
26  or Tuesday" and they would "check it out."  CASTILLO said
27  "alright."  Based on TFO Lavoie's training, experience, and
28  knowledge of the facts of the investigation, he believes CASTILLO

7

USA000503

1  called to inform NAVARRO about Ontario Black Angel gang member
2  Marlon JIRON being released from custody after a search warrant
3  at his residence resulted in the seizure of a 9mm handgun,
4  possibly used in the homicide of Paul Angel RODRIGUEZ.  NAVARRO
5  told CASTILLO he would "get with" CASTILLO on Monday or Tuesday
6  so they could visit JIRON, and get the information from JIRON
7  personally because he "needed to know from the horse's mouth."
8  TFO Lavoie believes NAVARRO will have to provide answers to the
9  hierarchy of the Ontario Black Angels and/ or Mexican Mafia
10 reference the seizure of the handgun, thus requiring the
11 information from JIRON personally.

12 **D.   Summaries of Selected Intercepted Conversations for Target
13        Telephone #6**

14     As discussed herein, and based on a review of the pertinent
15 telephone conversations, TFO Lavoie continues to believe that
16 ALEX is using **Target Telephone #6** to further his narcotics
17 distribution activities.  The interception of pertinent calls
18 occurring over **Target Telephone #6** during the first interception
19 period has continued to provide law enforcement agents with
20 greater information about ALEX's criminal activity.

21     Below are summaries of three pertinent calls intercepted on
22 **Target Telephone #6.**

23     1.   On June 27, 2009 at 8:31 p.m., ALEX made an outgoing
24 call on **Target Telephone #6** to Patrick OROSCO using telephone
25 number 909-464-2906.  During this Spanish language conversation,
26
27
28

8

1  ALEX asked if he was going to "work tomorrow or what."[2]  OROSCO
2  said "yes" and stated that he had "a lot of people waiting."
3  OROSCO said "a lot of people had been calling" him and he does
4  not "know what to tell them."  ALEX said "okay" and stated that
5  he would "see" him "tomorrow."  OROSCO said "okay."

6          a.   Based on TFO Lavoie's training, experience, and
7  knowledge of the facts of this investigation, he believes ALEX
8  was asking OROSCO, a street level narcotics distributor for ALEX,
9  if OROSCO is going to "work" or sell narcotics the following
10 day.  OROSCO told ALEX he had "a lot of people waiting" and "a
11 lot of people had been calling" meaning narcotics customers who
12 were asking if OROSCO had any narcotics to sell.  ALEX told
13 OROSCO he would see him the following day, and TFO Lavoie
14 believes the purpose of seeing him is for ALEX to deliver a load
15 of narcotics to OROSCO.  TFO Lavoie believes, based on
16 intercepted calls and prior surveillances conducted in this
17 investigation, that ALEX and OROSCO meet on almost a daily basis
18 for ALEX to make narcotics deliveries.

19     2.   On June 28, 2009, at 3:00 p.m., Alex made an outgoing
20 call on **Target Telephone #6** to Teresa CASTRO, who was using
21 telephone number 909-969-7158.  During this Spanish language
22 call, ALEX asked "how many whites" CASTRO had.  CASTRO said she
23 had "4."  ALEX told CASTRO to "meet up with Patrick" because
24 there was "a guy" who wanted "a 100."  CASTRO said "Richard

25

26 _____

27      [2]  The words contained in quotation marks in Spanish
   language conversations throughout the affidavit are translations
28 made by the certified Spanish language interpreters monitoring
   the intercepted calls.

9

                USA000505

1  called" and wanted "a white one," "another wanted 2" and "the
2  third" wanted "one" as well. ALEX said "okay".

3          a.  Based on TFO Lavoie's training, experience, and
4  knowledge of the facts of the investigation, he believes that
5  when ALEX is asking "how many whites" CASTRO had, ALEX is
6  referring to how many individual packages of cocaine CASTRO had
7  left for distribution, because a customer wanted "a 100"
8  referring to one hundred dollars worth of cocaine.  TFO Lavoie
9  believes that ALEX directed CASTRO to meet with OROSCO, another
10  street-level dealer, so that together they could amass enough
11  cocaine to sell to the customer who wanted one hundred dollars
12  worth of cocaine.

13      3.  On June 29, 2009 at 11:43 a.m., ALEX made an outgoing
14  call on **Target Telephone #6** to a source of supply believed to be
15  identified as Octavio PENA, who was using telephone number 951-
16  826-9149.[3]  During this Spanish language conversation, ALEX asked
17  PENA to hold.  ALEX asked if PENA had "white" "right now."  PENA
18  said "yes."  Both asked where to meet.  PENA said he
19  was "working" but could send his "wife over."  ALEX said that
20  was "good."  PENA asked if in "the afternoon."  ALEX said "around

21  _____

22      [3]  On or about July 1, 2009, TFO Lavoie obtained a warrant
     authorizing the disclosure of cell site information, as well as
23  "GPS information" for the telephone numbers of two individuals
     believed to be sources of supply for ALEX, including the
24  individual that uses telephone number 951-826-9149.

25      Since that date, TFO Lavoie has used GPS precision location
     data to identify the residences for both individuals.
26  Additionally, law enforcement established surveillance the
     morning of July 3, 2009 when intercepted communications on **Target**
27  **Telephone #6** revealed that PENA was scheduled to deliver
     narcotics to ALEX.  PENA was stopped in his vehicle by Riverside
28  County Sheriff's Department on the way to ALEX's residence.  No
     narcotics were found in PENA's vehicle during the stop.

                                    10

1   2:00 p.m." PENA said "okay" and asked if "the same." ALEX
2   said "yes." Based on his training, experience, and knowledge of
3   the investigation, TFO Lavoie believes that during this call ALEX
4   is asking if PENA, one of his sources of narcotics, had "white,"
5   which TFO Lavoie believes to be an undisclosed quantity of
6   cocaine. TFO Lavoie believes that PENA told ALEX that PENA did,
7   but was working and would need to send his wife. ALEX set the
8   meeting for 2:00 p.m. and PENA asked Alex "the same" which TFO
9   Lavoie believe to be the same quantity of narcotics PENA
10  routinely supplies to ALEX. ALEX replied yes.

11
                              III.  CONCLUSION
12
13          Thus far, while pertinent calls have been intercepted, the
14  goals of the investigation have not yet been attained.

15          TFO Lavoie believes that continued interception of **Target
16  Telephone #6** will continue to reveal the goal of revealing the
17  full scope of ALEX's narcotics distribution activities, including
18  identifying ALEX's customers and suppliers, and continued
19  interception of **Target Telephone #5** will continue to reveal the
20  extortion and other criminal activity of the Ontario Black Angels
21  criminal street gang.

22          Therefore, permission is respectfully requested to continue
23  to interception on **Target Telephone #5** and **Target Telephone #6**
24  pursuant to the Court's Order.

25          It is further requested, pursuant to the Court's Order and
26  18 U.S.C. § 2518(8)(b), that this report be sealed until further
27  order of the Court. The interception of **Target Telephone #5** and
28  **Target Telephone #6** will continue pursuant to the Court's Order

                                   11

1  of June 17, 2009, unless otherwise directed by the Court.  The
2  government will provide additional information concerning the
3  interception or related investigative findings upon request of
4  the Court.

5

6  DATED: July 6, 2009              Respectfully submitted,

7
                                   THOMAS P. O'BRIEN
8                                  United States Attorney

9
                                   CHRISTINE C. EWELL
10                                 Assistant United States Attorney
11                                 Chief, Criminal Division

12
13                                 REEMA M. EL-AMAMY
                                   Assistant United States Attorney
14                                 Violent & Organized Crime Section

15

16
17                 **[proposed] ORDER**

18       The Court has reviewed the above report and authorizes
19  continued interception over **Target Telephone #5** and **Target**
20  **Telephone #6**, pursuant to the Court's June 17, 2009 Order.  This
21  Report and Order shall be filed under seal.

22

23       IT IS SO ORDERED.

24  DATED: July 7, 2009.

25
26                                 HONORABLE MANUEL L. REAL
27                                 UNITED STATES DISTRICT JUDGE

28

12

```
 1  THOMAS P. O'BRIEN
    United States Attorney
 2  CHRISTINE C. EWELL
    Assistant United States Attorney
 3  Chief, Criminal Division
    REEMA M. EL-AMAMY (Cal. SBN 237743)
 4  Assistant United States Attorney
    Violent and Organized Crime Section
 5      1500 United States Courthouse
        312 North Spring Street
 6      Los Angeles, California 90012
        Telephone: (213) 894-0552
 7      Facsimile: (213) 894-3713
        E-mail: reema.el-amamy@usdoj.gov
 8
    Attorneys for Applicant
 9  UNITED STATES OF AMERICA
```

                      2009 JUL 15 PM 3:49
                      FILED

10                    UNITED STATES DISTRICT COURT

11               FOR THE CENTRAL DISTRICT OF CALIFORNIA

```
12  IN THE MATTER OF THE          )  CR Misc. No. 09-0038(C)-R
    APPLICATION OF THE UNITED     )
13  STATES OF AMERICA FOR AN      )  GOVERNMENT'S EX PARTE APPLICATION FOR
    ORDER AUTHORIZING (1) THE     )  AN ORDER SEALING ORIGINAL RECORDINGS
14  INTERCEPTION OF WIRE          )  FOR TARGET TELEPHONE; MEMORANDUM OF
    COMMUNICATIONS; (2) THE       )  POINTS AND AUTHORITIES; DECLARATION
15  INSTALLATION AND USE OF A     )  OF REEMA M. EL-AMAMY
    PEN REGISTER AND A TRAP AND   )
16  TRACE DEVICE AND (3) THE      )  (UNDER SEAL)
    RELEASE OF SUBSCRIBER         )
17  INFORMATION AND CELL SITE     )
    INFORMATION                   )
18  _____)
```

19       The government hereby files this ex parte application for an

20  order sealing certain original digital versatile disc recordings.

21  The government also requests that this ex parte application and the

22  Court's sealing order be filed under seal, and that the notification

23  requirements under Title 18, United States Code, Section 2518(d), be

24  delayed until further order from the Court.

25  //

26  //

27  //

28

1    This application is based upon the files and records of this
2 matter, the attached memorandum of points and authorities and the
3 attached declaration of Reema M. El-Amamy.

4

5 DATED: July 15, 2009                    Respectfully submitted,

6                                         THOMAS P. O'BRIEN
                                          United States Attorney
7
                                          CHRISTINE C. EWELL
8                                         Assistant United States Attorney
                                          Chief, Criminal Division
9

10

11

            REEMA M. EL-AMAMY
12          Assistant United States Attorney

13

            Attorneys for Applicant
14          UNITED STATES OF AMERICA

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                  2

1 <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2     On June 17, 2009, the Honorable Manuel L. Real, United States

3 District Judge for the Central District of California, signed an

4 order in criminal miscellaneous matter ("CR Misc.") 09-0038(C)-R,

5 authorizing:

6         a.   the continued interception of a MetroPCS cellular

7 telephone, subscribed to Armando Gonzales at 15576 Merrill Ave.,

8 Fontana, California, 92335, with a telephone number of 909-251-1663,

9 MEID # 268435457101363157, and believed to be used primarily by FNU

10 LNU, also known as "Alex," ("ALEX"), (**Target Telephone #3**);

11         b.   the continued interception of a Sprint/Nextel

12 cellular telephone subscribed to Whaterver, Crazt Legs, at 1925

13 Eloise Way, Upland, CA 91784, with a telephone number of 909-489-

14 8277, and believed to be used primarily by DAVID NAVARRO ("**Target**

15 **Telephone #5**"); and

16         c.   the initial interception of a Sprint/Nextel cellular

17 telephone, subscribed to Raul Gonzalez at PO Box 54988, Irvine, CA,

18 with a telephone number of 951-368-4804, UFMI 126*294*6628, and

19 believed to be used primarily by ALEX ("**Target Telephone #6**").

20     Pursuant to CR Misc. 09-0038(C)-R, monitoring on **Target**

21 **Telephone #5** and **Target Telephone #6** was initiated on or about June

22 20, 2009.  No interception took place on **Target Telephone #3**.

23 Monitoring of **Target Telephone #6** was discontinued on July 8, 2009,

24 as described in more detail in the attached declaration.

25     Title 18, United States Code, Section 2518(8)(a) provides in

26 pertinent part:

27

28                           1

> The contents of any wire . . . communication intercepted by any means authorized by this chapter shall, if possible, be recorded on tape or wire or other comparable device. The recording of the contents of any wire . . . communication under this subsection shall be done in such way as will protect the recording from editing or other alterations. Immediately upon the expiration of the period of the order, or extensions thereof, such recordings shall be made available to the judge issuing such order and sealed under his directions. Custody of the recordings shall be wherever the judge orders. They shall not be destroyed except upon an order of the issuing or denying judge and in any event shall be kept for ten years.

Pursuant to this section, the government presents the original intercepted digital versatile disc ("DVD") recordings to the Court and requests that the Court direct its sealing and order, and further requests that the sealed discs be placed in the custody of the Drug Enforcement Administration ("DEA") and remain sealed until further order of the Court.

The government further requests that the notification requirements under Title 18, United States Code, Section 2518(8)(d) be postponed as to all parties intercepted under the afore-described surveillance period until further order of this Court.

2

USA000512

1 <u>DECLARATION OF REEMA M. EL-AMAMY</u>

2    I, REEMA M. EL-AMAMY, hereby declare and state as follows:

3    1.   I am an Assistant United States Attorney for the Central
4 District of California.  I am an "investigative or law enforcement
5 officer" as defined in Title 18, United States Code, Section
6 2510(7), that is, an attorney authorized by law to prosecute
7 offenses enumerated in Title 18, United States Code, Section 2516.

8    2.   On June 17, 2009, the Honorable Manuel L. Real, United
9 States District Judge for the Central District of California, signed
10 an order in criminal miscellaneous matter 09-0038(C)-R, authorizing:

11        a.   the continued interception of a MetroPCS cellular
12 telephone, subscribed to Armando Gonzales at 15576 Merrill Ave.,
13 Fontana, California, 92335, with a telephone number of 909-251-1663,
14 MEID # 268435457101363157, and believed to be used primarily by FNU
15 LNU, also known as "Alex," ("ALEX"), (**Target Telephone #3**);

16        b.   the continued interception of a Sprint/Nextel
17 cellular telephone subscribed to Whaterver, Crazt Legs, at 1925
18 Eloise Way, Upland, CA 91784, with a telephone number of 909-489-
19 8277, and believed to be used primarily by DAVID NAVARRO ("**Target
20 Telephone #5**"); and

21        c.   the initial interception of a Sprint/Nextel cellular
22 telephone, subscribed to Raul Gonzalez at PO Box 54988, Irvine, CA,
23 with a telephone number of 951-368-4804, UFMI 126*294*6628, and
24 believed to be used primarily by ALEX ("**Target Telephone #6**").

25    3.   Drug Enforcement Administration Task Force Officer Kris
26 Lavoie ("TFO Lavoie") has informed me that, pursuant to CR Misc. 09-
27 0038(C)-R,  monitoring on **Target Telephone #6** was initiated on or
28 about June 20, 2009 and was discontinued on July 8, 2009.

1    4.   TFO Lavoie has informed me of the following:

2         a.   Monitoring of **Target Telephone #6** was discontinued
3  when an unidentified female was intercepted on giving out the number
4  for **Target Telephone #6** as her "new number." During a separate
5  intercepted call on **Target Telephone #5**, between NAVARRO and ALEX,
6  ALEX said an unidentified subject named "Viejon" had stolen his
7  telephone (which was **Target Telephone #6**), and NAVARRO agreed to
8  assist ALEX in getting it back, but he needed to know where Viejon
9  lived. ALEX said Viejon lived in Fontana, and told NAVARRO to call
10 ALEX's old telephone and pretend he was one of ALEX's "workers."
11 ALEX said NAVARRO could pretend he needed to give ALEX money, and
12 arrange a meet with Viejon, who would likely "take the bait."[1]

13        b.   TFO Lavoie does not believe that this "ruse"
14 telephone call ever happened, and, on July 14, 2009, in a call
15 between NAVARRO and ALEX on **Target Telephone #5**, the two indicated
16 they would "take care of that thing" tomorrow (July 15, 2009). Law
17 enforcement has yet to receive another follow up call, and it is
18 unknown if "that thing" related Alex's phone, or simply paying the
19 weekly rent (extortion money). As of this filing, law enforcement
20 has not received additional information regarding this subject.

21        c.   Because of the uncertainty regarding whether ALEX
22 would reclaim and restart use of **Target Telephone #6**, law
23 enforcement waited until July 15, 2009, the date of the possible
24 reclamation of the telephone, before concluding that it was no
25 longer in use and the recordings should be sealed.

26
      _____
27    [1]   The telephone calls between ALEX and NAVARRO were conducted
      in Spanish and were translated by a certified interpreter.

28                                    2

5. TFO Lavoie has told me that during the period of July 8, 2009 to July 15, 2009, the wire interceptions on **Target Telephone #6** were maintained in the same manner as was used during the period of active interception. TFO Lavoie has told me that the wire interceptions on **Target Telephone #6** during the period of court-authorized interception have now been recorded on a digital versatile disc ("DVD"). That DVD will be brought before this Court for sealing and subsequent storage in a secure DEA facility, in order to preserve the recordings and to prevent editing or alteration thereof.

6. TFO Lavoie has further informed me that the investigation of the Target Subjects identified in CR Misc. 09-0038(C)-R is ongoing. Accordingly, notification of those individuals of the existence of interception under CR Misc. 09-0038(C)-R would alert those individuals to the existence and nature of the underlying investigation.

7. I request that the Court direct the sealing of the DVD and order that the sealed DVD be placed in the custody of the DEA and remain sealed until further order of the Court.

8. I also request that this order and application be sealed until further order of the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

DATED: July 15, 2009

REEMA M. EL-AMAMY
Assistant United States Attorney

3

CLERK'S OFFICE
When the above-captioned
please conform the attached
2 copies and return to:

AUSA ___

1 | THOMAS P. O'BRIEN
United States Attorney
2 | CHRISTINE C. EWELL
Assistant United States Attorney
3 | Chief, Criminal Division
REEMA M. EL-AMAMY (Cal. SBN 237743)
4 | Assistant United States Attorney
Violent and Organized Crime Section
5 |     1500 United States Courthouse
    312 North Spring Street
6 |     Los Angeles, California 90012
    Telephone: (213) 894-0552
7 |     Facsimile: (213) 894-3713
    E-mail: reema.el-amamy@usdoj.gov
8 |

9 | Attorneys for Applicant
UNITED STATES OF AMERICA

10 |

11 |                 UNITED STATES DISTRICT COURT

12 |         FOR THE CENTRAL DISTRICT OF CALIFORNIA

13 |

14 | IN THE MATTER OF THE          ) CR Misc. No. 09-0038(C)-R
APPLICATION OF THE UNITED      )
15 | STATES OF AMERICA FOR AN      )
ORDER AUTHORIZING (1) THE      )
16 | INTERCEPTION OF WIRE          ) ORDER SEALING ORIGINAL RECORDINGS FOR
COMMUNICATIONS; (2) THE        ) TARGET TELEPHONE
17 | INSTALLATION AND USE OF A     )
PEN REGISTER AND A TRAP AND    ) (UNDER SEAL)
18 | TRACE DEVICE AND (3) THE      )
RELEASE OF SUBSCRIBER          )
19 | INFORMATION AND CELL SITE     )
INFORMATION                    )
                               )

20 |

21 |     This matter having come before the Court upon the government's

22 | application for an order sealing recordings contained on a digital

23 | versatile disc ("DVD"), the Court finds:

24 |     On June 17, 2009, the Honorable Manuel L. Real, United States

25 | District Judge for the Central District of California, signed an

26 | order in criminal miscellaneous matter ("CR Misc.") 09-0038(C)-R,

27 | authorizing:

28 |

                                    1

FILED
CLERK, U.S. DISTRICT COURT

JUL 22 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY

LODGED
J-49 COURT
CALIF.

1          a.   the continued interception of a MetroPCS cellular
2    telephone, subscribed to Armando Gonzales at 15576 Merrill Ave.,
3    Fontana, California, 92335, with a telephone number of 909-251-1663,
4    MEID # 268435457101363157, and believed to be used primarily by FNU
5    LNU, also known as "Alex," ("ALEX"), (**Target Telephone #3**);

6          b.   the continued interception of a Sprint/Nextel
7    cellular telephone subscribed to Whaterver, Crazt Legs, at 1925
8    Eloise Way, Upland, CA 91784, with a telephone number of 909-489-
9    8277, and believed to be used primarily by DAVID NAVARRO ("**Target
10   Telephone #5**"); and

11         c.   the initial interception of a Sprint/Nextel cellular
12   telephone, subscribed to Raul Gonzalez at PO Box 54988, Irvine, CA,
13   with a telephone number of 951-368-4804, UFMI 126*294*6628, and
14   believed to be used primarily by ALEX ("**Target Telephone #6**")

15      Pursuant to CR Misc. 09-0038(B)-R, monitoring on **Target Target
16   Telephone #6** was initiated on or about June 20, 2009 and was
17   discontinued on July 8, 2009.

18      One DVD was used to record conversations on **Target Telephone #6**
19   during the period of court-authorized wire interception, which has
20   been brought before this Court, pursuant to Title 18, United States
21   Code, Section 2518(8)(a).

22   WHEREFORE IT IS ORDERED THAT:

23      1.   The DVD containing wire interceptions be sealed in an
24   envelope, verified by the initials of the Court;

25      2.   The United States Drug Enforcement Administration, or
26   other designated law enforcement agency, shall maintain custody of
27   the DVD in its sealed condition, in a safe and secure place for a

28

2

      

1 period of not less than ten (10) years from the date of this order;

2     3.   The DVD shall not be destroyed, except upon order of this

3 Court;

4     4.   The DVD shall be protected from editing or alteration;

5     5.   Except as provided by Title 18, United States Code,

6 Section 2517, the DVD shall remain sealed and the contents of the

7 disc shall be disclosed only upon order of the Court, and the

8 notification requirments under Title 18, United States Code,

9 Section 2518(8)(d) shall be postponed until further order of this

10 Court; and

11     6.   This order and application shall be sealed until further

12 order of this Court.

13

14

15 DATED: July 22nd, 2009

16

17

18                       **GARY KLAUSNER**

19                 _____

20                 HONORABLE ~~MANUEL L. REAL~~
                UNITED STATES DISTRICT COURT JUDGE

21 Presented By:

22

23 _____

24 REEMA M. EL-AMAMY
Assistant United States Attorney
Violent & Organized Crime Section

25

26

27

28

                             3

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

| | | |
|---|---|---|
| Case No. CR MISC. 09-38 (C)-R | | Date July 22, 2009 |

Present: The Honorable R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

Interpreter: None

| Sheila English | Lynne Nicholson | Justin Rhoades |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder, Tape No. | Assistant U.S. Attorney |

| U.S.A. v. Defendant(s): | Present Cust. Bond | Attorneys for Defendants: | Present App. Ret. |
|---|---|---|---|

**Proceedings:** **UNDER SEAL - GOVERNMENT'S APPLICATION FOR ORDER SEALING ORIGINAL RECORDINGS FOR TARGET TELEPHONE**

ALSO PRESENT:    Kris Lavoie, Task Force Officer (DEA)

Case called. The Court has reviewed the document listed above. Agent Lavoie presents one manilla envelope containing one disk to be sealed. The envelope is sealed and Agent Lavoie initials across the seal in the presence of the Court. The Court signs the order sealing the original disk recordings.

**IT IS SO ORDERED.**

| | : | 05 |
|---|---|---|
| Initials of Deputy Clerk | se | |

cc: Hon. Manuel Real

# United States District Court
## Central District of California

### AMENDED

**UNITED STATES OF AMERICA vs.**

Docket No.     **CR 10-00351-ODW-27**

**Defendant**    Jessica Medina

akas:   **Jessica Meceal Medina**

Social Security No.   2    0    6    8

(Last 4 digits)

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|-------|-----|------|
| **April** | **8** | **2013** |

**COUNSEL**

**Joseph F Walsh, panel**

(Name of Counsel)

**PLEA**

☐ **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   ☐   **NOLO CONTENDERE**    ☒   **NOT GUILTY**

**FINDING**

There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:
Count 1: **18:1962(d):RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS CONSPIRACY;** Count 2: **18:1962(d): RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS;** Count 5: **21:846: CONSPIRACY TO DISTRIBUTE AND TO POSSESS WITH INTENT TO DISTRIBUTE METHAMPHETAMINE AND HEROIN;** Count 10: **21:841(a)(1),(b)(1)(A)(viii):POSSESSION WITH INTENT TO DISTRIBUTE AND DISTRIBUTION OF METHAMPHETAMINE**

**JUDGMENT AND PROB/ COMM ORDER**

The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

**151 months on Counts One, Two, Five and Ten of the Indictment. This term consists of 120 months on each of Counts 1, 2, and 151 on Counts 5, 10 of the Indictment, all to be served concurrently.**

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 5 years.

This term consists of 3 years on each of Counts 1 and 2, and 5 years on each of Counts 5 and 10, all such terms to run concurrently under the following terms and conditions:

1.    The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 05-02;

2.    During the period of community supervision the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment;

3.    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer;

ER000501

USA vs.   Jessica Medina        Docket No.:    CR 10-00351-ODW-27

4.     The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath, and/or sweat patch testing, as directed by the Probation Officer. The defendant shall abstain from using illicit drugs and alcohol, and abusing prescription medications during the period of supervision;

5.     During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment program approved by the United States Probation Office for treatment of narcotic addiction or drug dependency.

6.     As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's drug dependency to the aftercare contractor during the period of community supervision. The defendant shall provide payment and proof of payment as directed by the Probation Officer;

7.     The defendant may not associate with anyone known to her to be a Black Angels gang member and others known to her to be participants in the Black Angels gang criminal activities, with the exception of family members. She may not wear, display, use or possess any gang insignias, emblems, badges, buttons, caps, hats, jackets or vests, or any other clothing that defendant knows evidence affiliation with the Black Angels gang, and she may not knowingly display any signs or gestures;

8.     As directed by the Probation Officer, the defendant shall not be present in any area known to him to be a location where members of the Black Angels gang meets and/or assembles; and

9.     The defendant shall cooperate in the collection of a DNA sample from herself.

It is ordered that the defendant shall pay to the United States a special assessment of $400, which is due immediately.

All fines are waived as it is found that such sanction would place an undue burden on the defendant's dependents.

The Court recommends defendant to participate in the 500-hour RDAP.

The Court recommends defendant to be housed in a Southern California facility.

The Court authorizes the Probation Office to disclose the Presentence Report to the substance abuse treatment provider to facilitate the defendant's treatment for narcotic addiction or drug dependency. Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of this Court;

It is further ordered that the defendant surrender herself to the institution designated by the Bureau of Prisons on or before 12 noon, on **May 24, 2013.** In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at the Roybal Federal Building, 255 East Temple Street, Los Angeles, California, 90012.

ER000502

USA vs.  Jessica Medina                                    Docket No.:   CR 10-00351-ODW-27

Pursuant to 18 U.S.C. § 3553(a), the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The Court, in determining the particular sentence to be imposed, shall consider:

1. The nature and circumstances of the offense and the history and characteristics of the defendant;
2. The need for the sentence imposed –
   a. To reflect the seriousness of the offense; to promote respect for the law; and to provide just punishment for the offense;
   b. To afford adequate deterrence to criminal conduct;
   c. To protect the public from further crimes of the defendant; and

3. The kinds of sentences available;
4. The guideline sentencing range;
5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

CR-104 (03/11)                    **JUDGMENT & PROBATION/COMMITMENT ORDER**                    Page 3

USA vs.  Jessica Medina                                      Docket No.:  CR 10-00351-ODW-27

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

April 9, 2013
_____                           _____              _____
Date                                              U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

April 9, 2013
_____              By    S. English /s/
Filed Date                                 _____
                                           Deputy Clerk

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

☐  The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

CR-104 (03/11)                    **JUDGMENT & PROBATION/COMMITMENT ORDER**                    Page 4

USA vs.   Jessica Medina                                    Docket No.:   CR 10-00351-ODW-27

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1).  Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).  Interest and penalties pertaining to restitution , however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office.  18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full.  18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k).  The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k).  See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

      1. Special assessments pursuant to 18 U.S.C. §3013;
      2. Restitution, in this sequence:
              Private victims (individual and corporate),
              Providers of compensation to private victims,
              The United States as victim;
      3. Fine;
      4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
      5. Other penalties and costs.

**SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE**

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account.  All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses.  Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

**RETURN**

I have executed the within Judgment and Commitment as follows:

CR-104 (03/11)                    **JUDGMENT & PROBATION/COMMITMENT ORDER**                    Page 5

USA vs.  Jessica Medina                      Docket No.:  CR 10-00351-ODW-27

Defendant delivered on _____  to  _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____  to  _____
    at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____        By _____
      Date                              Deputy Marshal

**CERTIFICATE**

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____        By _____
      Filed Date                        Deputy Clerk

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

   These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

(Signed) _____        _____
          Defendant                              Date


          _____        _____
          U. S. Probation Officer/Designated Witness        Date

ER000506

Name _____

Address _____

City, State, Zip _____

Phone _____

Fax _____

E-Mail _____

☐ FPD  ☐ Appointed  ☐ CJA  ☐ Pro Per  ☐ Retained

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER: |
|---|---|
| PLAINTIFF(S), | |
| v. | |
| DEFENDANT(S). | **NOTICE OF APPEAL** |

NOTICE IS HEREBY GIVEN that _____ hereby appeals to

*Name of Appellant*

the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☐ Order (specify):

☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on _____. Entered on the docket in this action on _____.

A copy of said judgment or order is attached hereto.

_____
Date

_____
Signature
☐ Appellant/ProSe  ☐ Counsel for Appellant  ☐ Deputy Clerk

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

APPEAL,COMPLEX,RELATED-G

# UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
## CRIMINAL DOCKET FOR CASE #: 2:10-cr-00351-ODW-27

Case title: USA v. Barajas et al

Date Filed: 04/07/2010
Date Terminated: 04/08/2013

---

Assigned to: Judge Otis D. Wright, II

Appeals court case number: 13-50156
9TH CCA

### Defendant (27)

**Jessica Medina**
*TERMINATED: 04/08/2013*

represented by **Joseph F Walsh**
Joseph F Walsh Law Offices
205 South Broadway Suite 606
Los Angeles, CA 90012
213-627-1793
Fax: 213-627-1711
Email: attyjoewalsh@aol.com
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

### Pending Counts

**Disposition**

18:1962(d):RACKETEER
INFLUENCED AND CORRUPT
ORGANIZATIONS CONSPIRACY
(1)

Bureau of Prisons for 151 months on
Counts 1,2,5,10 of the Indictment. This
term consists of 120 months on each of
Counts 1, 2, and 151 on Counts 5, 10 of
the Indictment, all to be served
concurrently. Supervised release for 5
years, This term consists of 3 years on
each of Counts 1 and 2, and 5 years on
each of Counts 5 and 10, all such terms
to run concurrently under the following
terms and conditions of US Probation
Office and General Order 05-02. Pay
the United States special assessment of
400.00 which is due immediately. All
fines waived.

Bureau of Prisons for 151 months on
Counts 1,2,5,10 of the Indictment. This
term consists of 120 months on each of
Counts 1, 2, and 151 on Counts 5, 10 of
the Indictment, all to be served

ER000508

18:1962(d): RACKETEER
INFLUENCED AND CORRUPT
ORGANIZATIONS
(2)

concurrently. Supervised release for 5 years, This term consists of 3 years on each of Counts 1 and 2, and 5 years on each of Counts 5 and 10, all such terms to run concurrently under the following terms and conditions of US Probation Office and General Order 05-02. Pay the United States special assessment of 400.00 which is due immediately. All fines waived.

21:846: CONSPIRACY TO
DISTRIBUTE AND TO POSSESS
WITH INTENT TO DISTRIBUTE
METHAMPHETAMINE AND
HEROIN
(5)

Bureau of Prisons for 151 months on Counts 1,2,5,10 of the Indictment. This term consists of 120 months on each of Counts 1, 2, and 151 on Counts 5, 10 of the Indictment, all to be served concurrently. Supervised release for 5 years, This term consists of 3 years on each of Counts 1 and 2, and 5 years on each of Counts 5 and 10, all such terms to run concurrently under the following terms and conditions of US Probation Office and General Order 05-02. Pay the United States special assessment of 400.00 which is due immediately. All fines waived.

21:841(a)(1),(b)(1)(A)
(viii):POSSESSION WITH INTENT
TO DISTRIBUTE AND
DISTRIBUTION OF
METHAMPHETAMINE
(10)

Bureau of Prisons for 151 months on Counts 1,2,5,10 of the Indictment. This term consists of 120 months on each of Counts 1, 2, and 151 on Counts 5, 10 of the Indictment, all to be served concurrently. Supervised release for 5 years, This term consists of 3 years on each of Counts 1 and 2, and 5 years on each of Counts 5 and 10, all such terms to run concurrently under the following terms and conditions of US Probation Office and General Order 05-02. Pay the United States special assessment of 400.00 which is due immediately. All fines waived.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                              **Disposition**

None

**Highest Offense Level (Terminated)**

ER000509

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

**USA**                        represented by    **Reema M El-Amamy**
                                                AUSA- Office of US Attorney
                                                Criminal Division - US Courthouse
                                                312 North Spring Street 12th Floor
                                                Los Angeles, CA 90012
                                                213-894-0552
                                                Fax: 894-0142
                                                Email: reema.el-amamy@usdoj.gov
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Justin R Rhoades**
                                                AUSA - US Attorney's Office
                                                Criminal Division - US Courthouse
                                                312 North Spring Street 12th Floor
                                                Los Angeles, CA 90012
                                                213-894-3380
                                                Fax: 213-894-3713
                                                Email: justin.rhoades@usdoj.gov
                                                *ATTORNEY TO BE NOTICED*

                                                **Michael H Dore**
                                                AUSA - Office of the US Attorney
                                                312 North Spring Street Suite 1500
                                                Los Angeles, CA 90012
                                                213-894-0721
                                                Fax: 213-894-3713
                                                Email: Michael.Dore@usdoj.gov
                                                *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/07/2010 | 1 | INDICTMENT filed as to Armando Barajas (1) count(s) 1, Juan Gil (2) count(s) 1, David Navarro (3) count(s) 1, Jose Hurtado (4) count(s) 1, Frank Alcala (5) count(s) 1, Enrique Jimenez (6) count(s) 1, Carlos Rivera (7) count(s) 1, Rigo Portillo (8) count(s) 1, Juan Diaz (9) count(s) 1, Carlos Vasquez (10) count(s) 1, Adolf Moraga (11) count(s) 1, Steven Espinoza (12) count(s) 1, Rafael Alvarez (13) count(s) 1, Daniel Reyes (14) count(s) 1, Zacarias Arteaga (15) count(s) 1, Hugo Quiroz (16) count(s) 1, Robert Dewester (17) count(s) 1, Marlon Jiron (18) count(s) 1, Fernando Morales (19) count(s) 1, Alex Castro (20) count(s) 1, Alberto Moreno (21) count(s) |

| | | |
|---|---|---|
| | | 1, Michael Sanchez (22) count(s) 1, Manuel Calderon (23) count(s) 1, Virginia Gil (24) count(s) 1, Rebecca Estrada (25) count(s) 1, Maria Lopez (26) count(s) 1, Jessica Medina (27) count(s) 1, Jessica Perez (28) count(s) 1, Raul Prieto (29) count(s) 1, David Hernandez (30) count(s) 1, Francisco Venegas (31) count(s) 1, Steven Vega (32) count(s) 1, Robert Perez (33) count(s) 1, Rose Marie Magallanes (34) count(s) 1, Jamesd Kissling (35) count(s) 1, Jesstine Lucero (36) count(s) 1, Bianca Laguna (37) count(s) 1, Andrea Richards (38) count(s) 1, Santacruz Silva (39) count(s) 1, Jose Romero (40) count(s) 1, Marco Antonio Torres-Cruz (41) count(s) 1, Inez Meza (42) count(s) 1, Agustin Andalon (43) count(s) 1, Angel Aranda (44) count(s) 1, Salvador Martinez (45) count(s) 1, Lupe Gonzalez (46) count(s) 1, Rogelio Peralta (47) count(s) 1, Robert Tolson (48) count(s) 1, Santiago Mendez (49) count(s) 1, Carl Cook (50) count(s) 1. Offense occurred in sb. (mhe) (Entered: 04/08/2010) |
| 04/07/2010 | 2 | EX PARTE APPLICATION to Seal Case Filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolf Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, Jamesd Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook(ja) (Entered: 04/09/2010) |
| 04/07/2010 | 3 | ORDER by Magistrate Judge Margaret A. Nagle granting 2 Ex Parte Application to Seal Case as to Armando Barajas (1), Juan Gil (2), David Navarro (3), Jose Hurtado (4), Frank Alcala - (5), Enrique Jimenez (6), Carlos Rivera (7), Rigo Portillo (8), Juan Diaz (9), Carlos Vasquez (10), Adolf Moraga (11), Steven Espinoza (12), Rafael Alvarez (13), Daniel Reyes (14), Zacarias Arteaga (15), Hugo Quiroz (16), Robert Dewester (17), Marlon Jiron (18), Fernando Morales (19), Alex Castro (20), Alberto Moreno (21), Michael Sanchez (22), Manuel Calderon (23), Virginia Gil (24), Rebecca Estrada (25), Maria Lopez (26), Jessica Medina (27), Jessica Perez (28), Raul Prieto (29), David Hernandez (30), Francisco Venegas (31), Steven Vega (32), Robert Perez (33), Rose Marie Magallanes (34), Jamesd Kissling (35), Jesstine Lucero (36), Bianca Laguna (37), Andrea Richards (38), Santacruz Silva (39), Jose Romero (40), Marco Antonio Torres-Cruz (41), Inez Meza (42), Agustin Andalon (43), Angel Aranda (44), Salvador Martinez (45), Lupe Gonzalez (46), Rogelio Peralta (47), Robert Tolson (48), Santiago Mendez (49), Carl Cook (50) (ja) (Entered: 04/09/2010) |
| 04/07/2010 | 30 | CASE SUMMARY filed by AUSA Justin Rhodes as to Defendant Jessica Medina; defendants Year of Birth: 1985 (mhe) (Entered: 04/09/2010) |
| 04/07/2010 | 54 | NOTICE of Related Case(s) filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, |

| | | |
|---|---|---|
| | | Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolf Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, Jamesd Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook Related Case(s): CR 10-295 (mhe) (Entered: 04/09/2010) |
| 04/07/2010 | 55 | NOTICE TO COURT OF COMPLEX CASE filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolf Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, Jamesd Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook. (mhe) (Entered: 04/09/2010) |
| 04/07/2010 | 56 | MEMORANDUM filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolf Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, Jamesd Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook. Re Magistrate Judge Jacqueline Chooljian, Magistrate Judge Patrick J. Walsh (mhe) (Entered: 04/09/2010) |
| 04/07/2010 | 83 | NOTICE OF REQUEST FOR DETENTION filed by Plaintiff USA as to Defendant Jessica Medina (mhe) (Entered: 04/09/2010) |
| 04/07/2010 | 133 | NOTICE OF REQUEST FOR DETENTION filed by Plaintiff USA as to Defendant Jessica Medina (am) (Entered: 04/23/2010) |
| 04/21/2010 | 159 | MINUTES OF ARREST ON INDICTMENT HEARING held before Magistrate Judge Oswald Parada as to Defendant Jessica Medina. Defendant states true name as charged.Attorney: Joseph F Walsh for Jessica Medina, Appointed, present. Court orders defendant Temporarily detained detained. Defendant remanded to the custody of the USM. Detention Hearing set for |

| | | 4/23/2010 11:00 AM before Magistrate Judge Oswald Parada. Court Smart: CS RS-3. (am) (Entered: 04/23/2010) |
|---|---|---|
| 04/21/2010 | [160](#) | REPORT COMMENCING CRIMINAL ACTION as to Defendant Jessica Medina; defendants Year of Birth: 1985; date of arrest: 4/21/2010 (am) (Entered: 04/23/2010) |
| 04/21/2010 | [161](#) | STATEMENT OF CONSTITUTIONAL RIGHTS filed by Defendant Jessica Medina (am) (Entered: 04/23/2010) |
| 04/21/2010 | [162](#) | ORDER OF TEMPORARY DETENTION Pending Hearing Pursuant to Bail Reform Act by Magistrate Judge Oswald Parada as to Defendant Jessica Medina. Pending hearing, the defendant shall be held in custody by the U. S. Marshal and produced for the hearing. (am) (Entered: 04/23/2010) |
| 04/21/2010 | [233](#) | FINANCIAL AFFIDAVIT filed as to Defendant Jessica Medina. (mhe) (Entered: 04/27/2010) |
| 04/23/2010 | [204](#) | ARREST WARRANT RETURNED Executed on 4/21/10 as to Defendant Jessica Medina. (mhe) (Entered: 04/26/2010) |
| 04/23/2010 | [247](#) | MINUTES OF Detention Hearing held before Magistrate Judge Oswald Parada as to Defendant Jessica Medina, The Court Orders: Jessica Medina (27) $125,000 APPEARANCE BOND SEE ATTACHED BOND FOR TERMS AND CONDITIONS. Court Smart: CS 4/23/10. (Attachments: # [1](#) BOND) (mhe) (Entered: 04/28/2010) |
| 04/23/2010 | [2183](#) | DECLARATION RE: PASSPORT filed by Defendant Jessica Medina, declaring that I do not currently possess any passport(s). I will not apply for the issuance of a passport during the pendency of this case. RE: Bond and Conditions (CR-1) [2182](#) . Late docketing due to Clerks Office error. (ja) (Entered: 05/22/2013) |
| 04/23/2010 | [2233](#) | AFFIDAVIT OF SURETIES (No Justification - Pursuant to Local Criminal Rule 46-5.2.8) in the amount of $ 50,000 by surety: Celena Medina for Bond and Conditions (CR-1) [2182](#) . Filed by Defendant Jessica Medina.Late docketing due to Clerks Office error (mhe) (Entered: 06/10/2013) |
| 04/23/2010 | [2234](#) | AFFIDAVIT OF SURETIES (No Justification - Pursuant to Local Criminal Rule 46-5.2.8) in the amount of $ 50,000 by surety: Amparo Duran for Bond and Conditions (CR-1) [2182](#) . Filed by Defendant Jessica Medina. Late docketing due to Clerks Office error (mhe) (Entered: 06/10/2013) |
| 04/27/2010 | [2235](#) | AFFIDAVIT OF SURETIES (No Justification - Pursuant to Local Criminal Rule 46-5.2.8) in the amount of $ 25,000 by surety: Ronald Medina for Bond and Conditions (CR-1) [2182](#) . Filed by Defendant Jessica Medina. Late docketing due to Clerks Office error (mhe) (Entered: 06/10/2013) |
| 04/29/2010 | [2182](#) | BOND AND CONDITIONS OF RELEASE filed as to Defendant Jessica Medina conditions of release: $125,000 Appearance Bond approved by Magistrate Judge Paul L. Abrams. Late docketing due to Clerks Office error. (ja) (Entered: 05/22/2013) |
| 04/29/2010 | [2184](#) | MEMORANDUM FOR RELEASE ORDER AUTHORIZATION filed by |

ER000513

| | | PSA Officer as to Defendant Jessica Medina. Submitted in compliance with conditions as set forth in Bond and Conditions. Late docketing due to Clerks Office error. (ja) (Entered: 05/22/2013) |
|---|---|---|
| 05/03/2010 | 283 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08-05 - Related Case- filed. Related Case No: CR 10-00295 JHN. Case, as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook, transferred from Judge Christina A. Snyder to Judge Jacqueline H. Nguyen for all further proceedings. The case number will now reflect the initials of the transferee Judge CR 10-00351 JHN.Signed by Judge Jacqueline H. Nguyen (rn) (Entered: 05/03/2010) |
| 05/03/2010 | 297 | NOTICE OF APPEARANCE OR REASSIGNMENT of AUSA Reema M El-Amamy on behalf of Plaintiff USA. Filed by Plaintiff USA. (El-Amamy, Reema) (Entered: 05/03/2010) |
| 05/12/2010 | 354 | COMPLEX CASE MANAGEMENT ORDER by Judge Jacqueline H. Nguyen as to Defendants Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook. All parties and their counsel shall appear for an initial status conference in this matter on Friday, June 4, 2010, at 11:00 a.m.. THE HEARING WILL BE HELD IN COURTROOM #890-Roybal Federal Building.(ama) (Entered: 05/12/2010) |
| 05/18/2010 | 364 | EX PARTE APPLICATION for Order for Production of Discovery Prior to the Completion of the Discovery Index and to Permit the Government to File its First Status Report on May 31, 2010 Filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, |

ER000514

| | | |
|---|---|---|
| | | Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (Attachments: # 1 Proposed Order)(El-Amamy, Reema) (Entered: 05/18/2010) |
| 05/19/2010 | 365 | ORDER Granting Ex Parte Application to Produce Discovery Prior to the Completion of the Discovery Index and Continue Date to File Government's First Status Report 364 by Judge Jacqueline H. Nguyen as to all defendants (1-50). Until 6/15/2010, the government is permitted to produce discovery prior to the completion of its Discovery Index. Note changes made by the court. The government shall file its "First Status Report" by 6/1/2010. (csi) (Entered: 05/19/2010) |
| 06/02/2010 | 414 | STATUS REPORT filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit)(El-Amamy, Reema) (Entered: 06/02/2010) |
| 06/04/2010 | 448 | MINUTES OF Status Conference held before Judge Jacqueline H. Nguyen as to Defendants Armando Barajas, David Navarro, Jose Hurtado, Frank Alcala, Carlos Rivera, Adolph Moraga, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Robert Dewester, Marlon Jiron, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, David Hernandez, Francisco Venegas, Robert Perez, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Carl Cook. Second Status Conference set for 8/6/2010 11:00 AM before Judge Jacqueline H. Nguyen. Court Reporter: Pat Cuneo. (rrey) (Entered: 06/07/2010) |
| 06/04/2010 | 461 | AMENDED MINUTES held before Judge Jacqueline H. Nguyen re: MINUTES OF Status Conference held before Judge Jacqueline H. Nguyen as to Defendants Armando Barajas, David Navarro, Jose Hurtado, Frank Alcala, Carlos Rivera, Adolph Moraga, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Robert Dewester, Marlon Jiron, Alex Castro, Alberto |

| | | |
|---|---|---|
| | | Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, David Hernandez, Francisco Venegas, Robert Perez, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Carl Cook. Second Status Conference set for 8/6/2010 11:00 AM before Judge Jacqueline H. Nguyen. Court Reporter: Pat Cuneo. (rrey) 448 as to Defendant Armando Barajas, David Navarro, Jose Hurtado, Frank Alcala, Carlos Rivera, Adolph Moraga, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Robert Dewester, Marlon Jiron, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, David Hernandez, Francisco Venegas, Robert Perez, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Carl Cook. (rrey) (Entered: 06/09/2010) |
| 06/09/2010 | 464 | MINUTES OF IN CHAMBERS ORDER RE DISCOVERY PROCEDURES AT SAN BERNARDINO CENTRAL DETENTION CENTER by Judge Jacqueline H. Nguyen: as to Defendants Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook. (ama) (Entered: 06/09/2010) |
| 06/14/2010 | 493 | EX PARTE APPLICATION for Order for continued production of discovery Filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (Attachments: # 1 Proposed Order)(El-Amamy, Reema) (Entered: 06/14/2010) |
| 06/15/2010 | 502 | ORDER by Judge Jacqueline H. Nguyen as to ALL DEFEDANTS: re EX PARTE APPLICATION for Order for continued production of discovery |

| | | 493 . (ama) (Entered: 06/15/2010) |
|---|---|---|
| 06/16/2010 | 504 | NOTICE of Manual Filing of Under Seal Documents filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (El-Amamy, Reema) (Entered: 06/16/2010) |
| 06/28/2010 | 546 | STIPULATION to Continue Trial Date to 4/19/2011 filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (Attachments: # 1 Proposed Order)(El-Amamy, Reema) (Entered: 06/28/2010) |
| 06/28/2010 | 548 | STATUS REPORT filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (El-Amamy, Reema) (Entered: 06/28/2010) |
| 07/09/2010 | 587 | ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT by Judge Jacqueline H. Nguyen as to Defendants Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven |

ER000517

| | | |
|---|---|---|
| | | Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook. Jury Trial continued to 4/19/2011 08:30 AM and Status Conference on 4/8/2011 03:00 PM before Judge Jacqueline H. Nguyen. The Court intends on setting further status conferences in the interim by separate order. (ama) (Entered: 07/09/2010) |
| 07/11/2010 | 589 | NOTICE of Manual Filing of Under Seal Documents filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (El-Amamy, Reema) (Entered: 07/11/2010) |
| 07/30/2010 | 630 | NOTICE of Manual Filing of Under Seal Documents filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (El-Amamy, Reema) (Entered: 07/30/2010) |
| 10/12/2010 | 733 | NOTICE of Manual Filing of Under Seal Documents filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, |

ER000518

| | | |
|---|---|---|
| | | Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (El-Amamy, Reema) (Entered: 10/12/2010) |
| 10/22/2010 | 756 | NOTICE of Manual Filing of Under Seal Documents filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (El-Amamy, Reema) (Entered: 10/22/2010) |
| 10/29/2010 | 773 | NOTICE of Manual Filing of Under Seal Documents filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (El-Amamy, Reema) (Entered: 10/29/2010) |
| 11/04/2010 | 784 | NOTICE of Manual Filing of Under Seal Documents filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (El-Amamy, Reema) (Entered: |

| | | |
|---|---|---|
| | | 11/03/2010) |
| 11/09/2010 | 819 | NOTICE of Manual Filing of Under Seal Documents filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (El-Amamy, Reema) (Entered: 11/09/2010) |
| 01/13/2011 | 925 | NOTICE of Change of Attorney Information for attorney Joseph F Walsh counsel for defendant Jessica Medina. Changing address to 205 S. Broadway, Suite 606, Los Angeles, CA. 90012. Filed by defendant Jessica Medina (Walsh, Joseph) (Entered: 01/13/2011) |
| 02/25/2011 | 969 | STIPULATION to Continue Trial Date to January 31, 2012 filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (Attachments: # 1 Proposed Order)(El-Amamy, Reema) (Entered: 02/25/2011) |
| 02/25/2011 | 970 | ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT by Judge Jacqueline H. Nguyen, The trial is set for January 31, 2012 at 8:30 a.m. for all defendants, and a status conference date for all defendants is set for January 13, 2012 at 3:00 p.m. The time period of March 8, 2011 to January 31, 2012 for defendant Vasquez (defendant number 10), and April 19, 2011 to January 31, 2012 for all other defendants, re Stipulation to Continue,,, 969 ., (bp) (Entered: 02/25/2011) |
| 04/13/2011 | 1070 | NOTICE of Manual Filing of Under Seal Documents filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel |

ER000520

| | | |
|---|---|---|
| | | Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (El-Amamy, Reema) (Entered: 04/13/2011) |
| 04/15/2011 | 1078 | SEALED DOCUMENT- Government's Exparte Application for Order Sealing Document; Declaration of Reema M. El-Amamy. (mat) (Entered: 04/20/2011) |
| 04/15/2011 | 1079 | SEALED DOCUMENT- Order Sealing Document. (mat) (Entered: 04/20/2011) |
| 05/02/2011 | 1092 | NOTICE of Manual Filing of Under Seal Documents filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (El-Amamy, Reema) (Entered: 05/02/2011) |
| 05/02/2011 | 1117 | SEALED DOCUMENT- Government's Exparte Application for Order Sealing Document; Declaration of Reema M. El-Amamy. (mat) (Entered: 05/10/2011) |
| 05/02/2011 | 1118 | SEALED DOCUMENT- Order Sealing Document. (mat) (Entered: 05/10/2011) |
| 05/05/2011 | 1112 | SEALED DOCUMENT- Government's Exparte Application for Order Sealing Document; Declaration of Reema M. El-Amamy.(mat) (Entered: 05/09/2011) |
| 05/05/2011 | 1113 | SEALED DOCUMENT- Order Sealing Document (mat) (Entered: 05/09/2011) |
| 05/05/2011 | 1114 | SEALED DOCUMENT- Notice of Lodging (mat) Modified on 12/15/2011 to Unseal Plea Agreement (ama). (Entered: 05/09/2011) |
| 05/23/2011 | 1130 | NOTICE of Manual Filing of Under Seal Documents filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, |

ER000521

| | | |
|---|---|---|
| | | Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (El-Amamy, Reema) (Entered: 05/23/2011) |
| 06/01/2011 | 1137 | JOINDER in MOTION to Dismiss for Lack of Jurisdiction 1134 filed by Alex Castro filed by Defendant James Kissling. (Pereyra-Suarez, Charles) (Entered: 06/01/2011) |
| 06/01/2011 | 1149 | SEALED DOCUMENT- Government's Exparte Application for Order Sealing Document; Declaration of Reema M. El-Amamy. (mat) (Entered: 06/07/2011) |
| 06/01/2011 | 1150 | SEALED DOCUMENT- Order Sealing Document. (mat) (Entered: 06/07/2011) |
| 06/02/2011 | 1142 | JOINDER in MOTION to Dismiss for Lack of Jurisdiction 1134 filed by Alex Castro filed by Defendant Rigo Portillo. (McNicholas, John) (Entered: 06/02/2011) |
| 06/07/2011 | 1154 | NOTICE OF MOTION AND MOTION for Joinder as to Motion to Dismiss Indictment. Filed by Plaintiff Juan Gil as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook Motion set for hearing on 7/11/2011 at 09:00 AM before Judge Jacqueline H. Nguyen. (Eisner, Alan) (Entered: 06/07/2011) |
| 06/07/2011 | 1162 | JOINDER in MOTION for Joinder as to Motion to Dismiss Indictment. 1154 filed by Juan Gil filed by Defendant Jessica Medina. (Walsh, Joseph) (Entered: 06/07/2011) |
| 06/13/2011 | 1172 | NOTICE OF WITHDRAWAL of Motion filed by Defendant Jessica Medina RE: MOTION for Joinder as to Motion to Dismiss Indictment. 1154 (Walsh, Joseph) (Entered: 06/13/2011) |
| 06/15/2011 | 1175 | NOTICE OF MOTION AND Quarterly MOTION for Joinder as to Motion for Bill of Particulars. *Defendant* Filed by Plaintiff James Joseph Kissling as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, |

| | | Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook Motion set for hearing on 7/18/2011 at 09:00 AM before Judge Jacqueline H. Nguyen. (Pereyra-Suarez, Charles) (Entered: 06/15/2011) |
| 06/16/2011 | [1180](#) | STIPULATION for Modification of Conditions of Release filed by Defendant Jessica Medina (Attachments: # [1](#) Proposed Order)(Walsh, Joseph) (Entered: 06/16/2011) |
| 06/20/2011 | [1182](#) | EX PARTE APPLICATION to Continue Motions Hearing from July 11, 2011 to July 18, 2011. Filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (Attachments: # [1](#) Proposed Order)(El-Amamy, Reema) (Entered: 06/20/2011) |
| 06/20/2011 | [1184](#) | ORDER MODIFYING CONDITIONS OF RELEASE FROM HOME DETENTION TO CURFEW by Judge Jacqueline H. Nguyen as to Defendant Jessica Medina, (bp) (Entered: 06/20/2011) |
| 06/23/2011 | [1188](#) | IT IS HEREBY ORDERED that the hearing date for all motions in this matter that are presently calendared for July 11, 2011, shall now be heard by the Court on July 18, 2011 at 1:30 p.m. by Judge Jacqueline H. Nguyen: (bp) (Entered: 06/23/2011) |
| 06/29/2011 | [1196](#) | EX PARTE APPLICATION for Medical Examination Filed by Plaintiff James Joseph Kissling as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, |

| | | |
|---|---|---|
| | | Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (Attachments: # 1 Proposed Order)(Pereyra-Suarez, Charles) (Entered: 06/29/2011) |
| 06/30/2011 | 1201 | ORDER by Judge Jacqueline H. Nguyen To Provide an Eye Examination and Prescription Eye Glases, if Necessary for Defendant James Kislling re Ex Parte 1196 as to James Joseph Kissling (35) (cbr) (Entered: 07/01/2011) |
| 07/05/2011 | 1206 | NOTICE OF MOTION AND MOTION for Joinder as to In Co-Defendant Fernando Morales' Motion for Disclosure of Gang Expert Testimony. *Charles Pereyra-Suarez* Filed by Plaintiff James Joseph Kissling as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook Motion set for hearing on 8/8/2011 at 09:00 AM before Judge Jacqueline H. Nguyen. (Pereyra-Suarez, Charles) (Entered: 07/05/2011) |
| 07/11/2011 | 1227 | NOTICE OF MOTION AND MOTION for Joinder as to Co-Defendant Raul Prieto's Motion to Establish Reasonable Dates for the Disclosure of Discovery and To Preclude the Government From Using Any Items Not Disclosed Within That Timeframe. *Charles Pereyra-Suarez* Filed by Plaintiff James Joseph Kissling as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook Motion set for hearing on 8/8/2011 at 09:00 AM before Judge Jacqueline H. Nguyen. (Pereyra-Suarez, Charles) (Entered: 07/11/2011) |
| 07/14/2011 | 1242 | EX PARTE APPLICATION to Continue Motions Hearing Date from 8/1/2011 to 9/7/2011. Filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph |

| | | |
|---|---|---|
| | | Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (Attachments: # 1 Proposed Order)(El-Amamy, Reema) (Entered: 07/14/2011) |
| 07/15/2011 | 1244 | ORDER CONTINUING HEARING DATE FOR MOTIONS by Judge Jacqueline H. Nguyen: granting 1242 Ex Parte Application to Continue as to all motions currently remaining to September 7, 2011. The governments response to such motions will be due three weeks before the motions hearing, on August 17, 2011, and any reply briefs shall be filed no later than August 24, 2011. (ama) (Entered: 07/15/2011) |
| 07/25/2011 | 1257 | NOTICE OF MOTION AND MOTION for Joinder as to All Pending Motions. *Charles Pereyra-Suarez* Filed by Plaintiff James Joseph Kissling as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook Motion set for hearing on 9/7/2011 at 02:00 PM before Judge Jacqueline H. Nguyen. (Pereyra-Suarez, Charles) (Entered: 07/25/2011) |
| 08/01/2011 | 1259 | NOTICE OF MOTION AND MOTION to Dismiss for Lack of Jurisdiction Filed by Plaintiff Juan Gil as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook Motion set for hearing on 9/7/2011 at 02:00 PM before Judge Jacqueline H. Nguyen. (Eisner, Alan) (Entered: 08/01/2011) |

| 08/02/2011 | 1262 | NOTICE OF MOTION AND MOTION for Joinder as to of Defendant James Kissling in Co-Defendant Juan Gil's Motion to Dismiss Indictment Based On Lack of Jurisdiction and Related Matters. Filed by Plaintiff James Joseph Kissling as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook Motion set for hearing on 9/7/2011 at 02:00 PM before Judge Jacqueline H. Nguyen. (Pereyra-Suarez, Charles) (Entered: 08/02/2011) |
| 08/17/2011 | 1271 | OPPOSITION to First MOTION for Joinder as to co-defendant Fernando Morales' Motion for Disclosure of Proffer Information. 1247 , MOTION for Disclosure Proffer Information 1229 , MOTION for Joinder as to Co-Defendant Fernando Morales' Motion For Disclosure Of Proffer Information. 1241 , MOTION for Joinder as to Motion for Disclosure of Proffer Information. 1261 (El-Amamy, Reema) (Entered: 08/17/2011) |
| 08/17/2011 | 1272 | OPPOSITION to MOTION for Joinder as to Co-Defendant Raul Prieto's Motion to Establish Reasonable Dates for the Disclosure of Discovery and To Preclude the Government From Using Any Items Not Disclosed Within That Timeframe. *Charles Pereyra-Suarez* 1227 , MOTION for Discovery of Expert witness information, 404(b) evidence, transcripts of conversations and informants *to be produced at reasonable dates* MOTION for Discovery of Expert witness information, 404(b) evidence, transcripts of conversations and informants *to be produced at reasonable dates* 1220 , MOTION for Joinder as to Motion to Establish Reasonable Dates for the Disclosure of Discovery. 1260 , MOTION for Disclosure to Establish Dates for the Disclosure of Discovery and to Preclude the Govt from Using any items Not Disclosed. 1226 , MOTION for Joinder as to NOTICE OF MOTION AND MOTION BY DEFENDANT RAUL PRIETO TO ESTABLISH REASONABLE DATES FOR THE DISCLOSURE OF DISCOVERY AND TO PRECLUDE THE GOVERNMENT FROM USING ANY ITEMS NOT DISCLOSED WITHIN THAT TIMEFRAME. 1243 , MOTION for Joinder as to Co-Defendant Fernando Morales' Motion To Establish Reasonable Dates For The Disclosure Of Discovery And To Preclude The Government From Using Any Items Not Disclosed Within That Time Frame. 1240 , First MOTION for Joinder as to in defendant Raul Prieto's Notice of Motion and Motion to establish reasonable dates for the disclosure of discovery and to preclude the government from using any items not dislosed within that time frame. 1246 (El-Amamy, Reema) (Entered: 08/17/2011) |
| 08/23/2011 | 1282 | EX PARTE APPLICATION for Order for Briefing Schedule *Modification* Filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David |

| | | Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (Attachments: # 1 Proposed Order)(El-Amamy, Reema) (Entered: 08/23/2011) |
|---|---|---|
| 08/24/2011 | 1286 | NOTICE of Manual Filing of Under Seal Documents filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (El-Amamy, Reema) (Entered: 08/24/2011) |
| 08/24/2011 | 1288 | IT IS HEREBY ORDERED that defendants shall be permitted to file their responses to the government's opposition to the Motion to Dismiss the Indictment and the Opposition to the Motions for a Bill of Particulars by August 25, 2011, by Judge Jacqueline H. Nguyen: granting 1282 Ex Parte Application for Order as to Carl Cook (50) (bp) (Entered: 08/24/2011) |
| 08/25/2011 | 1312 | SEALED DOCUMENT- Government's Exparte Application for Order Sealing Document; Declaration of Reema M. El-Amany. (mat) (Entered: 09/01/2011) |
| 08/25/2011 | 1313 | SEALED DOCUMENT- Order Sealing Document. (mat) (Entered: 09/01/2011) |
| 08/31/2011 | 1309 | MINUTES OF IN CHAMBERS ORDER RESETTING SEPTEMBER 7, 2011 MOTION HEARING TIME by Judge Jacqueline H. Nguyen: The Court hereby advises all counsel and interested parties that the hearing time previously set for various pending motions is advanced from September 7, 2011 at 2:00 p.m. to September 7, 2011 at 9:00 a.m. The hearing will be held in Courtroom 890, 8th floor, of the Roybal Federal Building. (ama) (Entered: 08/31/2011) |
| 09/13/2011 | 1331 | JOINDER in MOTION to Compel Discovery of Wiertap Materials 1325 filed by Juan Gil filed by Defendant Albert Moreno (Deft. No. 21). |

| | | |
|---|---|---|
| | | (Chambers, Mark) (Entered: 09/13/2011) |
| 09/18/2011 | 1341 | NOTICE of Manual Filing of Under Seal Documents filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (El-Amamy, Reema) (Entered: 09/18/2011) |
| 09/20/2011 | 1344 | ORDER by Judge Jacqueline H. Nguyen: granting 1343 Ex Parte Application to Continue hearing as to Juan Gil (2). IT IS HEREBY ORDERED that the hearing on defendant Gils motion shall take place on October 11, 2011 at 10:30 a.m. The governments response to defendant Gils motion shall be filed by September 27, 2011, and any reply shall be filed by October 4, 2011. (rrey) (Entered: 09/20/2011) |
| 09/21/2011 | 1350 | SEALED DOCUMENT- Government's Exparte Application for Order Sealing Document; Declaration of Reema M. El-Amamy.(mat) (Entered: 09/26/2011) |
| 09/21/2011 | 1351 | SEALED DOCUMENT- Order Sealing Document. (mat) (Entered: 09/26/2011) |
| 09/21/2011 | 1353 | SEALED DOCUMENT- Government's Exparte Application for Order for Relief; Declaration of Reema M. El-Amamy; Declaration of Steve M. Walton. (mat) (Entered: 09/26/2011) |
| 09/21/2011 | 1354 | SEALED DOCUMENT- MINUTES (IN CHAMBERS): ORDER denying Ex Parte Application (mat) (Entered: 09/26/2011) |
| 09/23/2011 | 1349 | EX PARTE APPLICATION to Continue Disclosure Date *re: 404(b) evidence* Filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (Attachments: # 1 Proposed Order)(El-Amamy, Reema) (Entered: |

| | | 09/23/2011) |
|---|---|---|
| 09/26/2011 | 1352 | AMENDED DOCUMENT filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook *Ex Parte Application to Continue Disclosure Date re: 404(b) evidence* (Attachments: # 1 Proposed Order)(El-Amamy, Reema) (Entered: 09/26/2011) |
| 09/26/2011 | 1358 | ORDER Granting Ex Parte Application Re: Production of 404(B) Evidence 1349 1352 by Judge Jacqueline H. Nguyen as to all Defendants. (csi) (Entered: 09/27/2011) |
| 09/29/2011 | 1361 | JOINDER in MOTION to Compel Discovery of Wiertap Materials 1325 filed by Juan Gil filed by Defendant Jessica Medina. (Walsh, Joseph) (Entered: 09/29/2011) |
| 10/10/2011 | 1381 | STIPULATION to Continue Trial Date from 1/31/12 to 11/6/12 filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, Frank Alcala, Carlos Rivera, Juan Diaz, Carlos Vasquez, Steven Espinoza, Fernando Morales, Alberto Moreno, Maria Lopez, Jessica Medina, Raul Prieto, Steven Vega, Rose Marie Magallanes, James Joseph Kissling, Inez Meza, Salvador Gutierrez Martinez (Attachments: # 1 Proposed Order)(El-Amamy, Reema) (Entered: 10/10/2011) |
| 10/13/2011 | 1384 | ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT by Judge Jacqueline H. Nguyen. The trial date in this matter is set for November 6, 2012 at 8:30 a.m. (bp) (Entered: 10/13/2011) |
| 01/23/2012 | 1455 | EX PARTE APPLICATION to Continue Expert Disclosure Date Filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (Attachments: # 1 |

| | | |
|---|---|---|
| | | Proposed Order)(El-Amamy, Reema) (Entered: 01/23/2012) |
| 01/25/2012 | 1457 | ORDER by Judge Jacqueline H. Nguyen: granting 1455 Ex Parte Application to Continue as to Armando Barajas (1), Juan Gil (2), David Navarro (3), Jose Hurtado (4), Frank Alcala - (5), Enrique Jimenez (6), Carlos Rivera (7), Rigo Portillo (8), Juan Diaz (9), Carlos Vasquez (10), Adolph Moraga (11), Steven Espinoza (12), Rafael Alvarez (13), Daniel Reyes (14), Zacarias Arteaga (15), Hugo Quiroz (16), Robert Dewester (17), Marlon Jiron (18), Fernando Morales (19), Alex Castro (20), Alberto Moreno (21), Michael Sanchez (22), Manuel Calderon (23), Virginia Gil (24), Rebecca Estrada (25), Maria Lopez (26), Jessica Medina (27), Jessica Perez (28), Raul Prieto (29), David Hernandez (30), Francisco Venegas (31), Steven Vega (32), Rose Marie Magallanes (34), James Joseph Kissling (35), Jesstine Lucero (36), Andrea Richards (38), Santacruz Silva (39), Jose Romero (40), Marco Antonio Torres-Cruz (41), Inez Meza (42), Agustin Andalon (43), Angel Aranda (44), Salvador Gutierrez Martinez (45), Lupe Gonzalez (46), Rogelio Peralta (47), Robert Tolson (48), Santiago Mendez (49), Carl Cook (50) (ama) (Entered: 01/25/2012) |
| 06/22/2012 | 1552 | NOTICE OF REASSIGNMENT OF CASE due to Unavailability of Judicial Officer filed. The previously assigned District Judge is no longer available. Pursuant to directive of the Chief District Judge and in accordance with the rules of this Court, the case has been returned to the Clerk for reassignment. This case, as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook, has been reassigned to Judge Otis D Wright, II for all further proceedings. Case number will now read CR 10-00351 ODW. (rn) (Entered: 06/22/2012) |
| 06/30/2012 | 1556 | NOTICE OF MOTION AND MOTION to Suppress Wiretap Evidence Filed by Plaintiff Juan Gil as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook |

ER000530

| | | Motion set for hearing on 7/30/2012 at 10:00 AM before Judge Otis D Wright II. (Eisner, Alan) (Entered: 06/30/2012) |
|---|---|---|
| 06/30/2012 | 1557 | NOTICE OF MOTION AND MOTION to Suppress Wiretap Evidence Filed by Plaintiff Juan Gil as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook Motion set for hearing on 7/30/2012 at 10:00 AM before Judge Otis D Wright II. (Eisner, Alan) (Entered: 06/30/2012) |
| 06/30/2012 | 1558 | NOTICE OF MOTION AND MOTION to Suppress Wiretap Evidence Filed by Plaintiff Juan Gil as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook Motion set for hearing on 7/30/2012 at 10:00 AM before Judge Otis D Wright II. (Eisner, Alan) (Entered: 06/30/2012) |
| 06/30/2012 | 1560 | NOTICE OF MOTION AND MOTION for Discovery of Evidence Relating to Wiretap Applications Filed by Plaintiff Juan Gil as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook Motion set for hearing on 7/30/2012 at 10:00 AM before Judge Otis D Wright II. (Attachments: # 1 Exhibit A Letter Aug 25, 2011, # 2 Exhibit B Letter June 10, 2011, # 3 Exhibit C Letter Feb 20, |

| | | 2012)(Eisner, Alan) (Entered: 06/30/2012) |
|---|---|---|
| 07/10/2012 | 1574 | EXHIBIT Exhibits A-G to MOTION to Suppress Wiretap Evidence 1558 , MOTION for Discovery of Evidence Relating to Wiretap Applications 1560 , MOTION to Suppress Wiretap Evidence 1557 , MOTION to Suppress Wiretap Evidence 1556 filed by Defendant Juan Gil. (Attachments: # 1 Exhibit A Wiretap Applic Feb 13 2009, # 2 Exhibit B Wiretap Applic March 17, 2009, # 3 Exhibit C Wiretap Applic May 11, 2009, # 4 Exhibit D Wiretap Applic June 17, 2009, # 5 Exhibit E Wiretap Applic July 17, 2009, # 6 Exhibit F Wiretap Applic August 19, 2009, # 7 Exhibit G Wiretap Applic September 25, 2009)(Eisner, Alan) (Entered: 07/10/2012) |
| 07/11/2012 | 1580 | ORDER ON PETITION FOR ACTION ON CONDITIONS OF PRETRIAL RELEASE by Judge Otis D Wright, II as to Defendant Jessica Medina (lc) (Entered: 07/12/2012) |
| 07/13/2012 | 1587 | MINUTES OF (IN CHAMBERS) ORDER by Judge Otis D Wright II as to Defendant Jessica Medina. At the request of the parties, the Court hereby sets an Order To Show Cause Hearing Re Bond Modification on Tuesday, July 17, 2012 at 10:00 a.m. (sch) (Entered: 07/13/2012) |
| 07/14/2012 | 1589 | APPLICATION for Order for Pre-trial Detention Filed by Plaintiff USA as to Defendant Jessica Medina (El-Amamy, Reema) (Entered: 07/14/2012) |
| 07/15/2012 | 1590 | NOTICE OF MOTION AND MOTION to Suppress Wiretap Evidence From Target Telephone No. 9 Filed by Defendant Jessica Medina Motion set for hearing on 8/13/2012 at 10:00 AM before Judge Otis D Wright II. (Attachments: # 1 Exhibit, # 2 Exhibit)(Walsh, Joseph) (Entered: 07/15/2012) |
| 07/15/2012 | 1591 | NOTICE of Manual Filing of Exhibit filed by Defendant Jessica Medina (Walsh, Joseph) (Entered: 07/15/2012) |
| 07/16/2012 | 1592 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: APPLICATION for Order for Pre-trial Detention 1589 . The following error(s) was found: Incorrect event selected. The correct event is: APPLICATION: Review/Reconsideration of order setting conditions of release pending trial (CR88). In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (lc) (Entered: 07/16/2012) |
| 07/16/2012 | 1594 | JOINDER in MOTION to Suppress Wiretap Evidence From Target Telephone No. 9 1590 filed by Jessica Medina filed by Defendant Raul Prieto. (Cephas, Dana) (Entered: 07/16/2012) |
| 07/16/2012 | 1596 | SEALED DOCUMENT- DEFENDANT'S EXPARTE APPLICATION for Order for Filing a Sealed Document; Declaration of Joseph F. Walsh. (mat) (Entered: 07/17/2012) |
| 07/16/2012 | 1597 | SEALED DOCUMENT- ORDER Filing Sealing Document. (mat) (Entered: 07/17/2012) |

| | | |
|---|---|---|
| 07/16/2012 | 1604 | EXHIBIT in Support of Defendant's Motion to Suppress Wiretap Evidence. (Attachments: Part 2, Part 3)(mat) Modified on 4/8/2013 (mat). (Entered: 07/18/2012) |
| 07/17/2012 | 1598 | MINUTES OF Order to Show Cause: Bond Modification Hearing held before Judge Otis D Wright, II as to Defendant Jessica Medina. Case called, appearances made. The Court and counsel confer regarding bond issues as stated on the record. The Court grants the bond modification. The clerk will prepare a modified bond with the additional condition. Bond Set as to Defendant Jessica Medina (27) $125,000 AB with Affidavit of Surety no justification SEE ATTACHED CR-1 BOND FORM FOR ADDITIONAL BOND CONDITIONS Court Reporter: Katie Thibodeaux. (Attachments: # 1 CR-1 Bond Form) (es) (Entered: 07/17/2012) |
| 07/19/2012 | 1607 | MINUTES OF IN CHAMBERS ORDER by Judge Otis D Wright, II: as to Defendant Fernando Morales, Alberto Moreno, Jessica Medina, Raul Prieto:ON THE COURTS OWN MOTION, the MOTION to Sever 1569 ; MOTION for Order for Requring Disclosure of the Government's final witness list 1581 ; MOTION forDiscovery of Information related to illegal drug allegations and gang membership allegations 1582 ; MOTION to Suppress Wiretap Evidence From Target Telephone No. 9 1590 ; MOTION for Disclosure Witness and Exhibit Lists 1595 ; MOTION to Sever Defendant Fernando Morales 1602 , is hereby continued to September 11, 2012 at 10:00 a.m. The continued date of September 11, 2012 also includes the joinders: Prieto- 1594 , Moreno- 1601 . (lc) (Entered: 07/20/2012) |
| 07/23/2012 | 1610 | JOINDER in MOTION for Disclosure Witness and Exhibit Lists for Trial 1595 filed by Fernando Morales, MOTION for Order for Requring Disclosure of the Government's final witness list at least 30 days before trial 1581 filed by Raul Prieto (Eisner, Alan) (Entered: 07/23/2012) |
| 08/01/2012 | 1621 | AFFIDAVIT OF SURETIES (No Justification - Pursuant to Local Criminal Rule 46-5.2.8) in the amount of $ 25,000 by surety: Ronald Medina for Bond and Conditions, Filed by Defendant Jessica Medina (ja) (Entered: 08/06/2012) |
| 08/01/2012 | 1622 | AFFIDAVIT OF SURETIES (No Justification - Pursuant to Local Criminal Rule 46-5.2.8) in the amount of $ 50,000 by surety: Amparo Duran for Bond and Conditions Filed by Defendant Jessica Medina (ja) (Entered: 08/06/2012) |
| 08/01/2012 | 1623 | AFFIDAVIT OF SURETIES (No Justification - Pursuant to Local Criminal Rule 46-5.2.8) in the amount of $ 50,000 by surety: Celina Medina for Bond and Conditions Filed by Defendant Jessica Medina (ja) (Entered: 08/06/2012) |
| 08/05/2012 | 1618 | MEMORANDUM in Support of MOTION to Suppress Wiretap Evidence From Target Telephone No. 9 1590 filed by Defendant Raul Prieto. (Attachments: # 1 Exhibit A -- sample app for pen register, # 2 Exhibit B -- letter re GPS ability, # 3 Exhibit C -- DEA report of investigation, # 4 Exhibit D -- DOJ letter of July 15, # 5 Exhibit E -- DOJ letter of April 28) (Cephas, Dana) (Entered: 08/05/2012) |

| | | |
|---|---|---|
| 08/06/2012 | 1624 | REPLY in support MOTION to Suppress Wiretap Evidence 1556 , MOTION to Suppress Wiretap Evidence 1558 , MOTION to Suppress Wiretap Evidence 1557 filed by Defendant Juan Gil. (Eisner, Alan) (Entered: 08/06/2012) |
| 08/08/2012 | 1628 | SUPPLEMENT to MOTION to Suppress Wiretap Evidence From Target Telephone No. 9 1590 *Adding the Argument that the Wiretap did not have the Necessary Justice Department Authorization* filed by Defendant Jessica Medina. *Adding the Argument that the Wiretap did not have the Necessary Justice Department Authorization* (Attachments: # 1 Letter Wiretap Authorization Letter)(Walsh, Joseph) (Entered: 08/08/2012) |
| 08/08/2012 | 1629 | JOINDER in MOTION to Sever Defendant *Fernando Morales* 1602 filed by Armando Barajas filed by Defendant Juan Gil. (Eisner, Alan) (Entered: 08/08/2012) |
| 08/10/2012 | 1635 | JOINDER in MOTION to Preclude Government's Use of Information at Trial 1632 filed by Raul Prieto filed by Defendant Juan Gil. (Eisner, Alan) (Entered: 08/10/2012) |
| 08/14/2012 | 1642 | JOINDER in MOTION to Suppress Wiretap Evidence 1556 filed by Juan Gil, MOTION to Suppress Wiretap Evidence 1558 filed by Juan Gil, MOTION to Suppress Wiretap Evidence 1557 filed by Juan Gil filed by Defendant Jessica Medina. (Walsh, Joseph) (Entered: 08/14/2012) |
| 08/14/2012 | 1643 | JOINDER in MOTION to Sever Defendant *Fernando Morales* 1602 filed by Armando Barajas, MOTION for Order for Requring Disclosure of the Government's final witness list at least 30 days before trial 1581 filed by Raul Prieto, MOTION to Preclude Government's Use of Information at Trial 1632 filed by Raul Prieto filed by Defendant Jessica Medina. (Walsh, Joseph) (Entered: 08/14/2012) |
| 08/16/2012 | 1658 | MINUTES OF MOTION HEARING AND JOINDERS IN MOTIONS Hearing held before Judge Otis D Wright, II as to Defendant Armando Barajas, Juan Gil, Carlos Rivera, Fernando Morales, Maria Lopez, Jessica Medina, Raul Prieto, Salvador Gutierrez Martinez. MOTION to Suppress Wiretap Evidence Seized From Unlawful Delegation of Warrant Execution to Non-Law Enforcement, Untrained, Unsupervised Civilians for Hire Filed by Plaintiff Juan Gil 1556 , along with the JOINDERS filed by Prieto 1583 , Rivera 1593 , Barajas 1579 , Moreno 1570 , Medina 1642 , Lopez 1644 , and Martinez 1646 is DENIED.MOTION to Suppress Illegal Wiretaps Not Properly Pre-Authorized by the Department of Justice filed by Juan Gil 1557 , along with the JOINDERS filed by filed by Prieto 1584 , Rivera 1593 , Barajas 1579 , Moreno 1571 , Medina 1642 , Lopez 1644 , and Martinez 1646 is DENIED. MOTION to Suppress Evidence From Overbroad Wiretap Orders that Filed to Identify Particular Evidence to Be Seized filed by Juan Gil 1558 along with the JOINDERSfiled by filed by Prieto 1585 , Rivera 1593 , Barajas 1579 , Moreno 1572 , Medina 1642 , Lopez 1644 , and Martinez 1646 is DENIED. MOTION for Court Order Compelling the Government to Produce Evidence filed by Juan Gil 1560 along with JOINDERS filed by Moreno 1573 , Barajas 1579 , Rivera 1593 , Lopez 1644 , Martinez 1646 is DENIED. The Court and counsel confer |

ER000534

| | | regarding preliminary issues of trial, and grouping of defendants for trial. Defense counsel indicates that they are in anticipation of a supersedingindictment. Government confirms. Court and counsel confer the affect that this may have on the trial and the issue of grouping. Court Reporter: Katie Thibodeaux. (lc) (Entered: 08/22/2012) |
|---|---|---|
| 08/17/2012 | 1652 | DECLARATION of Jessica Medina re MOTION to Suppress Wiretap Evidence From Target Telephone No. 9 1590 filed by Defendant Jessica Medina. (Walsh, Joseph) (Entered: 08/17/2012) |
| 08/17/2012 | 1653 | EX PARTE APPLICATION for Order for Release of Grand Jury Transcripts Filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (Attachments: # 1 Proposed Order)(El-Amamy, Reema) (Entered: 08/17/2012) |
| 08/20/2012 | 1654 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Declaration (Motion related) 1652 of Jessica Medina. The following error(s) was found: Case number is r missing. Title page is missing as well as all LR 11-3.8. required information (Caption missing)..In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (lc) (Entered: 08/20/2012) |
| 08/20/2012 | 1657 | ORDER by Judge Otis D Wright, II: granting 1653 Ex Parte Application for Order ALLOWING DISCLOSURE OF GRAND JURY TESTIMONY as to Armando Barajas (1), Juan Gil (2), David Navarro (3), Jose Hurtado (4), Frank Alcala - (5), Enrique Jimenez (6), Carlos Rivera (7), Rigo Portillo (8), Juan Diaz (9), Carlos Vasquez (10), Adolph Moraga (11), Steven Espinoza (12), Rafael Alvarez (13), Daniel Reyes (14), Zacarias Arteaga (15), Hugo Quiroz (16), Robert Dewester (17), Marlon Jiron (18), Fernando Morales (19), Alex Castro (20), Alberto Moreno (21), Michael Sanchez (22), Manuel Calderon (23), Virginia Gil (24), Rebecca Estrada (25), Maria Lopez (26), Jessica Medina (27), Jessica Perez (28), Raul Prieto (29), David Hernandez (30), Francisco Venegas (31), Steven Vega (32), Robert Perez (33), James Joseph Kissling (35), Jesstine Lucero (36), Bianca Laguna (37), Andrea Richards (38), Santacruz Silva (39), Jose Romero (40), Marco Antonio Torres-Cruz (41), Inez Meza (42), Agustin Andalon (43), Angel Aranda (44), Salvador Gutierrez Martinez (45), Lupe Gonzalez (46), Rogelio Peralta (47), Robert Tolson (48), Santiago Mendez (49), Carl Cook (50); granting in |

ER000535

| | | |
|---|---|---|
| | | part and denying in part 1653 Ex Parte Application for Order as to Rose Marie Magallanes (34) (lc) (Entered: 08/21/2012) |
| 08/27/2012 | 1665 | NOTICE of Manual Filing of Exhibits filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (El-Amamy, Reema) (Entered: 08/27/2012) |
| 08/27/2012 | 1668 | OPPOSITION to MOTION to Suppress Wiretap Evidence From Target Telephone No. 9 1590 (Attachments: # 1 Declaration, # 2 Declaration)(El-Amamy, Reema) (Entered: 08/27/2012) |
| 08/29/2012 | 1677 | EX PARTE APPLICATION for Order for Briefing Schedule Filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (Attachments: # 1 Exhibit, # 2 Proposed Order)(El-Amamy, Reema) (Entered: 08/29/2012) |
| 08/29/2012 | 1679 | ORDER SETTING BRIEFING SCHEDULE UPON GOVERNMENTS APPLICATION 1677 by Judge Otis D Wright, II: A any responses or oppositions to defendants motions be due by August 27, 2012. Any replies shall be due by September 4, 2012. The hearing on the motions and any joinders shall take place on September 11, 2012 at 10 a.m. as previously scheduled. as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel |

| | | Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Coo (lc) (Entered: 08/29/2012) |
|---|---|---|
| 08/29/2012 | 1683 | SEALED DOCUMENT- GOVERNMENT'S EXPARTE APPLICATION for Order Sealing Exhibits; Declaration of Reema M. El-Amamy. (mat) (Entered: 08/31/2012) |
| 08/29/2012 | 1684 | SEALED DOCUMENT- EXHIBITS A-E to Defendant Jessica Medina's Motion to Suppress Wiretap. (mat) (Additional attachment(s) added on 8/31/2012: Part 2, Part 3, Part 4, Part 5, Part 6, Part 7, Part 8) (mat). Modified on 8/31/2012 (mat). (Entered: 08/31/2012) |
| 08/29/2012 | 1685 | ORDER by Judge Otis D Wright, II: granting 1683 Exparte Application to file document Under Seal as to Jessica Medina (27). (lc) (Entered: 08/31/2012) |
| 09/04/2012 | 1687 | REPLY in support of motion MOTION to Suppress Wiretap Evidence From Target Telephone No. 9 1590 filed by Defendant Jessica Medina. (Walsh, Joseph) (Entered: 09/04/2012) |
| 09/04/2012 | 1688 | REPLY in support of MOTION to Suppress Wiretap Evidence From Target Telephone No. 9 1590 filed by Defendant Raul Prieto. (Attachments: # 1 Exhibit F, # 2 Exhibit G)(Cephas, Dana) (Entered: 09/04/2012) |
| 09/04/2012 | 1690 | REPLY in Support MOTION to Preclude Government's Use of Information at Trial 1632 filed by Defendant Juan Gil. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Eisner, Alan) (Entered: 09/04/2012) |
| 09/04/2012 | 1691 | REPLY in support MOTION for Disclosure Witness and Exhibit Lists for Trial 1595 filed by Defendant Juan Gil. (Attachments: # 1 Exhibit A) (Eisner, Alan) (Entered: 09/04/2012) |
| 09/06/2012 | 1698 | NOTICE OF APPEARANCE OR REASSIGNMENT of AUSA Michael H Dore on behalf of Plaintiff USA. Filed by Plaintiff USA. (Dore, Michael) (Entered: 09/06/2012) |
| 09/10/2012 | 1703 | STATUS REPORT filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (Attachments: # 1 Exhibit)(El-Amamy, Reema) (Entered: 09/10/2012) |
| 09/10/2012 | 1705 | NOTICE of Manual Filing of IN CAMERA and UNDER SEAL |

| | | DOCUMENT filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (El-Amamy, Reema) (Entered: 09/10/2012) |
|---|---|---|
| 09/11/2012 | 1712 | MINUTES OF MOTIONS HEARING AND JOINDERS Hearing held before Judge Otis D Wright, II as to Defendant Armando Barajas, Juan Gil, Carlos Rivera, Juan Diaz, Steven Espinoza, Maria Lopez, Jessica Medina, Raul Prieto, Steven Vega, Salvador Gutierrez Martinez. Defendant, Maria Lopez (26) is not present and waived her presence from this hearing by waiver filed on August 14, 2012 1645 .The Court and counsel confer regarding the motions and joinders. The Court hears oral argument. The Court rules on the following motions along with the joinders as stated on the record: MOTION FOR ORDER REQ. GOVTS WITNESS LIST 30 DAYS BEFORE TRIAL filed by Prieto- 29- 1581 , along with JOINDERS BY: 2-Gil 1610 ; 12-Espinoza 1616 ; 45-Martinez 1686 - DENIED; MOTION FOR DISCOVERY OF INFO RE: ILLEGAL DRUG ALLEGATIONS AND GANG MEMBER filed by Prieto-29- 1582 - along with JOINDER: 45-Martinez 1686 - DENIED; MOTION TO PRECLUDE GOVT'S USE AT TRIAL EVIDENCE PRODUCED AFTER APRIL 30, 2012 filed by Prieto-29- 1632 - along with JOINDERS BY: 2-Gil 1635 ; 9- Diaz 1639 ; 12-Espinoza 1637 -DENIED WITHOUT PREJUDICE; MOTION TO SUPPRESS WIRETAP EVIDENCE FROM TARGET TELE NO. 9- filed by Medina-27- 1590 - along with JOINDERS: 29- Prieto 1594 ; 7- Rivera 1593 - Matter Submitted; MOTION TO SEVER-Filed by Moreno-21- 1569 - along with JOINDERS: 45- Martinez 1686 ; 26- Lopez 1696 - GRANTED;MOTION TO SEVER-Filed by Barajas-1- 1602 - along with the JOINDERS BY: 2-Gil 1629 ; 12- Espinoza 1638 ; 27- Medina 1643 ; 29- Prieto 1619 ; 32- Vega 1630 ; 45- Martinez 1686 - GRANTED. DEFENDANTS WILL BE DIVIDED INTO THE FOLLOWING GROUPS FOR TRIAL:: GROUP 1-A: 1-Barajas, 2-Gil, 26-Lopez, 45-Martinez. The trial is set for November 6, 2012 at 9:00 a.m. GROUP 1-B: 7-Rivera, 27-Medina, 29-Prieto- No trial date set. GROUP C: 9-Diaz, 32-Vega- No trial date set. The Court sets a Pretrial Conference for October 17, 2012 at 10:00 a.m. At this hearing, the court will set trial dates for the two remaining groups (1-B and C) of defendants. Trial remains set for November 6, 2012 at 9:00 a.m. in Courtroom 11, Spring Street Courthouse. The Court orders AUSA, Michael Dore to submit to defense counsel the expert opinions of Juan R. Lemus by October 17, 2012. The last day to designate expert witnesses is September 28, 2012. Court Reporter: Kathy Stride. (lc) Modified on 9/12/2012 (lc). (Entered: 09/12/2012) |

| 09/17/2012 | 1720 | EX PARTE APPLICATION for Order for Unsealing Transcripts of Hearings Held on August 5, 2010 (CR 648); February 7, 2011 (CR 955); and August 29, 2011 (CR 1307) Filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, Carlos Rivera, Juan Diaz, Maria Lopez, Jessica Medina, Raul Prieto, Steven Vega, Salvador Gutierrez Martinez (Attachments: # 1 Proposed Order)(Dore, Michael) (Entered: 09/17/2012) |
|---|---|---|
| 09/17/2012 | 1723 | NOTICE OF MOTION AND MOTION to Suppress Evidence Derived from Wiretaps Issued Without Probable Cause Filed by Plaintiff Juan Gil as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook Motion set for hearing on 10/15/2012 at 10:00 AM before Judge Otis D Wright II. (Eisner, Alan) (Entered: 09/17/2012) |
| 09/17/2012 | 1725 | ORDER by Judge Otis D Wright, II: granting 1720 governments Ex Parte Application to unseal hearing transcripts of 8/5/2010; 2/7/2011 and 8//29/2011 as to Armando Barajas (1), Juan Gil (2), Carlos Rivera (7), Juan Diaz (9), Maria Lopez (26), Jessica Medina (27), Raul Prieto (29), Steven Vega (32), Salvador Gutierrez Martinez (45) (lc) (Entered: 09/17/2012) |
| 09/17/2012 | 1726 | NOTICE OF MOTION AND MOTION to Suppress Evidence Based upon Failure to Demonstrate Necessity and Misrepresentations Undermining Necessity Filed by Plaintiff Juan Gil as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook Motion set for hearing on 10/15/2012 at 10:00 AM before Judge Otis D Wright II. (Attachments: # 1 Declaration of Investigator)(Eisner, Alan) (Entered: 09/17/2012) |
| 09/17/2012 | 1727 | APPLICATION for Leave to File Excess Pages as to Wiretap Motions Filed by Plaintiff Juan Gil as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, |

|  |  | Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook Application set for hearing on 10/15/2012 at 10:00 AM before Judge Otis D Wright II. (Attachments: # 1 Proposed Order)(Eisner, Alan) (Entered: 09/17/2012) |
|---|---|---|
| 09/18/2012 | 1728 | ORDER by Judge Otis D Wright, II: DENYING 1727 APPLICATION for Leave to File Excess Pages as to Wiretap Motions Filed by defendant Juan Gil (1) as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook. (lc) (Entered: 09/18/2012) |
| 09/19/2012 | 1736 | NOTICE OF MOTION AND MOTION to Compel Defendants to Permit Photographing of Tattoos Filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, Carlos Rivera, Juan Diaz, Maria Lopez, Jessica Medina, Raul Prieto, Steven Vega Motion set for hearing on 10/17/2012 at 10:00 AM before Judge Otis D Wright II. (Attachments: # 1 Proposed Order)(Dore, Michael) (Entered: 09/19/2012) |
| 09/19/2012 | 1738 | NOTICE of Manual Filing of Under Seal Documents filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (El-Amamy, Reema) (Entered: 09/19/2012) |
| 09/20/2012 | 1739 | MINUTES OF IN CHAMBERS ORDER by Judge Otis D Wright, II: as to |

|  |  | Defendant Armando Barajas, Juan Gil, Carlos Rivera, Juan Diaz, Maria Lopez, Jessica Medina, Raul Prieto, Steven Vega.ON THE COURTS OWN MOTION, the MOTION to Compel Defendants to Permit Photographing of Tattoos 1736 is hereby continued from October 17, 2012 to October 15, 2012 at 10:00 a.m. (lc) (Entered: 09/20/2012) |
|---|---|---|
| 09/21/2012 | 1760 | SEALED DOCUMENT- GOVERNMENT'S EXPARTE APPLICATION for Order Sealing Document; Declaration of Reema M. El-Amamy. (mat) (Main Document 1760 replaced on 10/3/2012) (jre). (Entered: 09/24/2012) |
| 09/21/2012 | 1766 | ORDER by Judge Otis D Wright, II: granting 1760 government Exparte Application to file document Under Seal as to Jessica Perez (28). (lc) (Entered: 09/25/2012) |
| 09/22/2012 | 1746 | NOTICE OF MOTION AND MOTION for Joinder as to to Preclude Expert. Filed by Plaintiff Juan Gil as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook Motion set for hearing on 10/15/2012 at 10:00 AM before Judge Otis D Wright II. (Eisner, Alan) (Entered: 09/22/2012) |
| 09/24/2012 | 1748 | OPPOSITION to MOTION to Compel Defendants to Permit Photographing of Tattoos 1736 (Eisner, Alan) (Entered: 09/24/2012) |
| 09/24/2012 | 1751 | NOTICE OF MOTION AND MOTION to Preclude Government's Use at Trial Evidence Produced After April 30, 2012 Filed by Plaintiff Juan Gil as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook Motion set for hearing on 10/22/2012 at 10:00 AM before Judge Otis D Wright II. (Attachments: # 1 Exhibit A E-mail Disclosures, # 2 Exhibit B Portions of Discovery Index, # 3 Exhibit C Uroste Rap Sheet)(Eisner, Alan) (Entered: 09/24/2012) |
| 09/24/2012 | 1754 | NOTICE OF MOTION AND MOTION to Suppress Evidence Derived from |

| | | |
|---|---|---|
| | | Origional Wiretap and Extensions (A) and (B) Issued Without Probable Cause Filed by Plaintiff Juan Gil as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook Motion set for hearing on 10/22/2012 at 10:00 AM before Judge Otis D Wright II. (Eisner, Alan) (Entered: 09/24/2012) |
| 09/24/2012 | 1756 | NOTICE OF MOTION AND MOTION to Suppress Evidence Derived From Wiretap Extensions (C) through (F) Issued Without Probable Cause Filed by Plaintiff Juan Gil as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook Motion set for hearing on 10/22/2012 at 10:00 AM before Judge Otis D Wright II. (Eisner, Alan) (Entered: 09/24/2012) |
| 09/24/2012 | 1757 | NOTICE OF MOTION AND MOTION to Suppress Wiretap Evidence Based on Failure to Demonstrate Necessity of Origional Wiretap and Extension (A) Filed by Plaintiff Juan Gil as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook Motion set for hearing on 10/22/2012 at 10:00 AM before Judge Otis D Wright II. (Eisner, Alan) (Entered: 09/24/2012) |
| 09/24/2012 | 1761 | NOTICE OF MOTION AND MOTION to Suppress Wiretap Evidence |

ER000542

| | | |
|---|---|---|
| | | Based Upon Failure to Demonstrate Necessity for Wiretap Extensions (B) through (F) Filed by Plaintiff Juan Gil as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook Motion set for hearing on 10/22/2012 at 10:00 AM before Judge Otis D Wright II. (Eisner, Alan) (Entered: 09/24/2012) |
| 09/24/2012 | 1762 | DECLARATION of Juan Gil re MOTION to Suppress Wiretap Evidence Based on Failure to Demonstrate Necessity of Origional Wiretap and Extension (A) MOTION to Suppress Wiretap Evidence Based on Failure to Demonstrate Necessity of Origional Wiretap and Extension (A) MOTION to Suppress Wiretap Evidence Based on Failure to Demonstrate Necessity of Origional Wiretap and Extension (A) MOTION to Suppress Wiretap Evidence Based on Failure to Demonstrate Necessity of Origional Wiretap and Extension (A) MOTION to Suppress Wiretap Evidence Based on Failure to Demonstrate Necessity of Origional Wiretap and Extension (A) 1757 , MOTION to Suppress Evidence Derived from Origional Wiretap and Extensions (A) and (B) Issued Without Probable Cause MOTION to Suppress Evidence Derived from Origional Wiretap and Extensions (A) and (B) Issued Without Probable Cause MOTION to Suppress Evidence Derived from Origional Wiretap and Extensions (A) and (B) Issued Without Probable Cause MOTION to Suppress Evidence Derived from Origional Wiretap and Extensions (A) and (B) Issued Without Probable Cause MOTION to Suppress Evidence Derived from Origional Wiretap and Extensions (A) and (B) Issued Without Probable Cause 1754 , MOTION to Suppress Wiretap Evidence Based Upon Failure to Demonstrate Necessity for Wiretap Extensions (B) through (F) MOTION to Suppress Wiretap Evidence Based Upon Failure to Demonstrate Necessity for Wiretap Extensions (B) through (F) MOTION to Suppress Wiretap Evidence Based Upon Failure to Demonstrate Necessity for Wiretap Extensions (B) through (F) MOTION to Suppress Wiretap Evidence Based Upon Failure to Demonstrate Necessity for Wiretap Extensions (B) through (F) MOTION to Suppress Wiretap Evidence Based Upon Failure to Demonstrate Necessity for Wiretap Extensions (B) through (F) 1761 , MOTION to Suppress Evidence Derived From Wiretap Extensions (C) through (F) Issued Without Probable Cause MOTION to Suppress Evidence Derived From Wiretap Extensions (C) through (F) Issued Without Probable Cause MOTION to Suppress Evidence Derived From Wiretap Extensions (C) through (F) Issued Without Probable Cause MOTION to Suppress Evidence Derived From Wiretap Extensions (C) through (F) Issued Without Probable Cause MOTION to Suppress Evidence Derived From Wiretap Extensions (C) through (F) Issued Without Probable Cause 1756 filed by Defendant Juan |

| | | |
|---|---|---|
| | | Gil. (Attachments: # 1 Declaration re Standing)(Eisner, Alan) (Entered: 09/24/2012) |
| 09/27/2012 | 1789 | ORDER MODIFYING BRIEFING SCHEDULE by Judge Otis D Wright, II: granting 1282 Government Ex Parte Application :any oppositions to defendants Gils wiretap suppression motions, Docket Nos. 1754 , 1756 , 1757 , and 1761 , are due by October 8, 2012. Any replies shall be due byOctober 15, 2012. The hearing on the motions and any joindersshall take place on October 23, 2012 at 10 a.m. as previouslyscheduled. as to Armando Barajas (1), Juan Gil (2), David Navarro (3), Jose Hurtado (4), Carlos Rivera (7), Juan Diaz (9), Adolph Moraga (11), Steven Espinoza (12), Daniel Reyes (14), Robert Dewester (17), Alberto Moreno (21), Michael Sanchez (22), Manuel Calderon (23), Virginia Gil (24), Rebecca Estrada (25), Maria Lopez (26), Jessica Medina (27), Raul Prieto (29), Francisco Venegas (31), Steven Vega (32), Robert Perez (33), Jesstine Lucero (36), Bianca Laguna (37), Andrea Richards (38), Santacruz Silva (39), Jose Romero (40), Marco Antonio Torres-Cruz (41), Inez Meza (42), Agustin Andalon (43), Angel Aranda (44), Salvador Gutierrez Martinez (45), Lupe Gonzalez (46), Rogelio Peralta (47), Robert Tolson (48) (lc) (Entered: 09/28/2012) |
| 09/28/2012 | 1790 | OPPOSITION to MOTION to Preclude Government's Use at Trial Evidence Produced After April 30, 2012 1751 filed by Plaintiff USA as to Defendant Juan Gil, Armando Barajas, and Raul Prieto. (Dore, Michael) (Entered: 09/28/2012) |
| 09/28/2012 | 1791 | STATUS REPORT filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, Carlos Rivera, Juan Diaz, Maria Lopez, Jessica Medina, Raul Prieto, Steven Vega, Salvador Gutierrez Martinez (Attachments: # 1 Exhibit)(El-Amamy, Reema) (Entered: 09/28/2012) |
| 10/01/2012 | 1793 | REPLY Support MOTION to Compel Defendants to Permit Photographing of Tattoos 1736 filed by Plaintiff USA as to Defendant Barajas, J. Gil, Prieto, and Vega. (Attachments: # 1 Exhibit A-B, # 2 Exhibit C-G)(Dore, Michael) (Entered: 10/01/2012) |
| 10/02/2012 | 1794 | OPPOSITION to MOTION to Compel Defendants to Permit Photographing of Tattoos 1736 filed by Defendant Jessica Medina. (Attachments: # 1 Declaration)(Walsh, Joseph) (Entered: 10/02/2012) |
| 10/04/2012 | 1797 | TRANSCRIPT ORDER as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook. Court Reporter. DCN number: M80012.Order for: Criminal Non Appeal. |

| | | Transcript portion requested: Other: Change of Pleas- 8/5/10, 2/7/11, & 8/29/11. Category: Expedited.(El-Amamy, Reema) (Entered: 10/04/2012) |
|---|---|---|
| 10/09/2012 | 1808 | NOTICE of Manual Filing of Exhibits and Declaration filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (El-Amamy, Reema) (Entered: 10/09/2012) |
| 10/09/2012 | 1809 | NOTICE of Manual Filing of Under Seal Documents filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (El-Amamy, Reema) (Entered: 10/09/2012) |
| 10/11/2012 | 1826 | SEALED DOCUMENT- GOVERNMENT'S EXPARTE APPLICATION to Seal Exhibits in Support of Government's Opposition to Defendant Juan Gil's Motions to Suppress Wieretap Evidence based on Failure to Demonstrate Necessity; Declaration; [Proposed] Order. (mat) (Entered: 10/15/2012) |
| 10/11/2012 | 1827 | SEALED DOCUMENT- ORDER Sealing Document. (mat) (Entered: 10/15/2012) |
| 10/11/2012 | 1828 | SEALED DOCUMENT- Government's Exhibits in Support of Opposition to Defendant Juan Gil's Motion to Suppress Wiretap Evidence Derived from the Original Wiretap Order, and Wiretap Extensions (A) Through (F) for Lack of Necessary. (Attachments: Part 2, Part 3, Part 4, Part 5, Part 6, Part 7, Part 8, Part 9, Part 10, Part 11, Part 12, Part 13, Part 14, Part 15, Part 16, Part 17, Part 18, Part 19, Part 20, Part 21)(mat) (Entered: 10/15/2012) |
| 10/11/2012 | 1831 | SEALED DOCUMENT- GOVERNMENT'S EXPARTE APPLICATION TO SEAL El-Amamy Declaration in Support of Government's Opposition to Defendant Juan Gil;s Motions to Suppress Wiretap Evidence Based on |

| | | Failure to Demonstrate Necessity; Declaration; [Proposed] Order. (mat) (Entered: 10/16/2012) |
|---|---|---|
| 10/11/2012 | 1832 | SEALED DOCUMENT- ORDER Sealing Document. (mat) (Entered: 10/16/2012) |
| 10/11/2012 | 1833 | SEALED DOCUMENT- EL-AMAMY DECLARATION in Support of Opposition to Defendant Juan Gil's MOTION to Suppress Wiretap Evidence Derived from the Original Wiretap Order, and Wiretap Extensions (A) through (F) for lack of Necessity. (Attachments: Part 2, Part 3, Part 4, Part 5) (mat) (Entered: 10/16/2012) |
| 10/15/2012 | 1823 | JOINDER in MOTION to Suppress Evidence Derived from Wiretaps Issued Without Probable Cause 1723 filed by Juan Gil, MOTION to Exclude Government's Expert Witnesses Designated After June 15, 2012 1724 filed by Raul Prieto, MOTION to Suppress Wiretap Interceptions 1716 filed by Armando Barajas, MOTION to Suppress Evidence Based upon Failure to Demonstrate Necessity and Misrepresentations Undermining Necessity 1726 filed by Juan Gil filed by Defendant 9. (Raynor, Richard) (Entered: 10/15/2012) |
| 10/16/2012 | 1830 | MINUTES (IN CHAMBERS) by Judge Otis D Wright, II: The Motion To Suppress Wiretap Evidence from Target Telephone # 9 filed by 27- Medina 1590 together with joinders: 7-Rivera 1593 and 29-Prieto 1594 , submitted on September 11, 2012 is DENIED. (lc) (Entered: 10/16/2012) |
| 10/17/2012 | 1834 | JOINDER in MOTION to Suppress Wiretap Evidence Based on Failure to Demonstrate Necessity of Origional Wiretap and Extension (A) MOTION to Suppress Wiretap Evidence Based on Failure to Demonstrate Necessity of Origional Wiretap and Extension (A) MOTION to Suppress Wiretap Evidence Based on Failure to Demonstrate Necessity of Origional Wiretap and Extension (A) MOTION to Suppress Wiretap Evidence Based on Failure to Demonstrate Necessity of Origional Wiretap and Extension (A) MOTION to Suppress Wiretap Evidence Based on Failure to Demonstrate Necessity of Origional Wiretap and Extension (A) 1757 filed by Juan Gil, MOTION to Suppress Evidence Derived from Origional Wiretap and Extensions (A) and (B) Issued Without Probable Cause MOTION to Suppress Evidence Derived from Origional Wiretap and Extensions (A) and (B) Issued Without Probable Cause MOTION to Suppress Evidence Derived from Origional Wiretap and Extensions (A) and (B) Issued Without Probable Cause MOTION to Suppress Evidence Derived from Origional Wiretap and Extensions (A) and (B) Issued Without Probable Cause MOTION to Suppress Evidence Derived from Origional Wiretap and Extensions (A) and (B) Issued Without Probable Cause 1754 filed by Juan Gil, MOTION to Suppress Wiretap Evidence Based Upon Failure to Demonstrate Necessity for Wiretap Extensions (B) through (F) MOTION to Suppress Wiretap Evidence Based Upon Failure to Demonstrate Necessity for Wiretap Extensions (B) through (F) MOTION to Suppress Wiretap Evidence Based Upon Failure to Demonstrate Necessity for Wiretap Extensions (B) through (F) MOTION to Suppress Wiretap Evidence Based Upon Failure to Demonstrate Necessity for Wiretap Extensions (B) through (F) MOTION to Suppress Wiretap Evidence Based Upon Failure to |

ER000546

| | | |
|---|---|---|
| | | Demonstrate Necessity for Wiretap Extensions (B) through (F) <u>1761</u> filed by Juan Gil, MOTION to Suppress Evidence Derived From Wiretap Extensions (C) through (F) Issued Without Probable Cause MOTION to Suppress Evidence Derived From Wiretap Extensions (C) through (F) Issued Without Probable Cause MOTION to Suppress Evidence Derived From Wiretap Extensions (C) through (F) Issued Without Probable Cause MOTION to Suppress Evidence Derived From Wiretap Extensions (C) through (F) Issued Without Probable Cause MOTION to Suppress Evidence Derived From Wiretap Extensions (C) through (F) Issued Without Probable Cause <u>1756</u> filed by Juan Gil filed by Defendant Juan Diaz. (Raynor, Richard) (Entered: 10/17/2012) |
| 10/17/2012 | <u>1835</u> | MINUTES OF Pretrial Conference held before Judge Otis D Wright, II as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto. The Court sets the following dates: Motions in limine to be filed with the Court by 3:00 p.m. on November 9, 2012. Hearing on the Motion in Limine is set November 13, 2012 at 2:30 p.m., same time the Court will resolve disputes regarding exhibits.Government trial list to be produced by November 7, 2012. Jury Trial is set November 27, 2012 at 8:30 a.m. Each defendant will have five (5) peremptory challenges and the government will have ten (10). The Motions in Limine shall be limited to five (5)- government and five (5)- jointly for the defendants.The government shall prepare and file a stipulation and order re excludable time through November 27, 2012. Court Reporter: Katie Thibodeaux. (lc) (Entered: 10/17/2012) |
| 10/17/2012 | <u>1836</u> | REPLY in support MOTION to Suppress Wiretap Evidence Based on Failure to Demonstrate Necessity of Origional Wiretap and Extension (A) MOTION to Suppress Wiretap Evidence Based on Failure to Demonstrate Necessity of Origional Wiretap and Extension (A) MOTION to Suppress Wiretap Evidence Based on Failure to Demonstrate Necessity of Origional Wiretap and Extension (A) MOTION to Suppress Wiretap Evidence Based on Failure to Demonstrate Necessity of Origional Wiretap and Extension (A) MOTION to Suppress Wiretap Evidence Based on Failure to Demonstrate Necessity of Origional Wiretap and Extension (A) <u>1757</u> , MOTION to Suppress Wiretap Evidence Based Upon Failure to Demonstrate Necessity for Wiretap Extensions (B) through (F) MOTION to Suppress Wiretap Evidence Based Upon Failure to Demonstrate Necessity for Wiretap Extensions (B) through (F) MOTION to Suppress Wiretap Evidence Based Upon Failure to Demonstrate Necessity for Wiretap Extensions (B) through (F) MOTION to Suppress Wiretap Evidence Based Upon Failure to Demonstrate Necessity for Wiretap Extensions (B) through (F) MOTION to Suppress Wiretap Evidence Based Upon Failure to Demonstrate Necessity for Wiretap Extensions (B) through (F) <u>1761</u> filed by Defendant Juan Gil. (Eisner, Alan) (Entered: 10/17/2012) |
| 10/17/2012 | <u>1837</u> | EX PARTE APPLICATION for Leave to File Excess Pages as to Reply Brief re Necessity Filed by Plaintiff Juan Gil as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex |

ER000547

| | | |
|---|---|---|
| | | Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (Attachments: # 1 Proposed Order)(Eisner, Alan) (Entered: 10/17/2012) |
| 10/17/2012 | 1838 | ORDER by Judge Otis D Wright, II: denying 1837 defendant Juan Gil Ex Parte Application for Leave to File oversized reply brief and brief overdue brief 1837 as to Armando Barajas (1), Juan Gil (2), David Navarro (3), Jose Hurtado (4), Frank Alcala - (5), Enrique Jimenez (6), Carlos Rivera (7), Rigo Portillo (8), Juan Diaz (9), Carlos Vasquez (10), Adolph Moraga (11), Steven Espinoza (12), Rafael Alvarez (13), Daniel Reyes (14), Zacarias Arteaga (15), Hugo Quiroz (16), Robert Dewester (17), Marlon Jiron (18), Fernando Morales (19), Alex Castro (20), Alberto Moreno (21), Michael Sanchez (22), Manuel Calderon (23), Virginia Gil (24), Rebecca Estrada (25), Maria Lopez (26), Jessica Medina (27), Jessica Perez (28), Raul Prieto (29), David Hernandez (30), Francisco Venegas (31), Steven Vega (32), Robert Perez (33), Rose Marie Magallanes (34), James Joseph Kissling (35), Jesstine Lucero (36), Bianca Laguna (37), Andrea Richards (38), Santacruz Silva (39), Jose Romero (40), Marco Antonio Torres-Cruz (41), Inez Meza (42), Agustin Andalon (43), Angel Aranda (44), Salvador Gutierrez Martinez (45), Lupe Gonzalez (46), Rogelio Peralta (47), Robert Tolson (48), Santiago Mendez (49), Carl Cook (50) (lc) (Entered: 10/17/2012) |
| 10/17/2012 | 1839 | REPLY in Support MOTION to Suppress Wiretap Evidence Based on Failure to Demonstrate Necessity of Origional Wiretap and Extension (A) MOTION to Suppress Wiretap Evidence Based on Failure to Demonstrate Necessity of Origional Wiretap and Extension (A) MOTION to Suppress Wiretap Evidence Based on Failure to Demonstrate Necessity of Origional Wiretap and Extension (A) MOTION to Suppress Wiretap Evidence Based on Failure to Demonstrate Necessity of Origional Wiretap and Extension (A) MOTION to Suppress Wiretap Evidence Based on Failure to Demonstrate Necessity of Origional Wiretap and Extension (A) 1757 filed by Defendant Juan Gil. (Eisner, Alan) (Entered: 10/17/2012) |
| 10/17/2012 | 1840 | REPLY in Support MOTION to Suppress Wiretap Evidence Based Upon Failure to Demonstrate Necessity for Wiretap Extensions (B) through (F) MOTION to Suppress Wiretap Evidence Based Upon Failure to Demonstrate Necessity for Wiretap Extensions (B) through (F) MOTION to Suppress Wiretap Evidence Based Upon Failure to Demonstrate Necessity for Wiretap Extensions (B) through (F) MOTION to Suppress Wiretap Evidence Based Upon Failure to Demonstrate Necessity for Wiretap Extensions (B) through (F) MOTION to Suppress Wiretap Evidence Based Upon Failure to Demonstrate Necessity for Wiretap Extensions (B) through (F) 1761 filed by Defendant Juan Gil. (Eisner, Alan) (Entered: 10/17/2012) |
| 10/17/2012 | 1841 | EX PARTE APPLICATION for Extension of Time to File 1839, 1840. Filed |

| | | |
|---|---|---|
| | | by Plaintiff Juan Gil as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (Attachments: # 1 Proposed Order)(Eisner, Alan) (Entered: 10/17/2012) |
| 10/17/2012 | 1842 | NOTICE of Errata filed by Plaintiff Juan Gil as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook RE: EX PARTE APPLICATION for Extension of Time to File 1839, 1840. 1841 . (Attachments: # 1 Proposed Order)(Eisner, Alan) (Entered: 10/17/2012) |
| 10/17/2012 | 1843 | NOTICE of Errata filed by Plaintiff Juan Gil as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook RE: EX PARTE APPLICATION for Extension of Time to File 1839, 1840. 1841 , Notice of Errata,,, 1842 . (Attachments: # 1 Proposed Order)(Eisner, Alan) (Entered: 10/17/2012) |
| 10/19/2012 | 1848 | NOTICE OF LODGING filed by Plaintiff Juan Gil as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, |

| | | |
|---|---|---|
| | | Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Eisner, Alan) (Entered: 10/19/2012) |
| 10/21/2012 | 1850 | NOTICE OF LODGING filed by Plaintiff Juan Gil as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (Attachments: # 1 Declaration of Frank Mackey)(Eisner, Alan) (Entered: 10/21/2012) |
| 10/23/2012 | 1853 | STIPULATION to Continue Trial Date to 11/27/12 filed by Plaintiff USA as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto (Attachments: # 1 Proposed Order)(El-Amamy, Reema) (Entered: 10/23/2012) |
| 10/23/2012 | 1855 | ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT by Judge Otis D Wright, II as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto. Jury Trial set for 11/27/2012 08:30 AM.The Court sets a motions in limine hearing date as to defendants Carlos Rivera (defendant number 7), Jessica Medina (defendant number 27), and Raul Prieto (defendant number 29) for November 13, 2012 at 2:30 p.m. (lc) (Entered: 10/24/2012) |
| 10/30/2012 | 1858 | PROPOSED VOIR DIRE QUESTIONS filed by Plaintiff USA as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto (El-Amamy, Reema) (Entered: 10/30/2012) |
| 11/09/2012 | 1864 | NOTICE OF MOTION AND MOTION in Limine to Exclude 1. Lay Opinion Testimony of David Navarro and 2. Evidence of Racketeering Acts of Co-Defendants Not Currently on Trial Filed by Defendant Jessica Medina Motion set for hearing on 11/13/2012 at 02:30 PM before Judge Otis D Wright II. (Attachments: # 1 Exhibit)(Walsh, Joseph) (Entered: 11/09/2012) |
| 11/09/2012 | 1865 | NOTICE OF MOTION AND MOTION in Limine to Exclude Evidence revealing that the Defendants have prior convictions, including evidence that any defendants had parole officers Filed by Plaintiff Raul Prieto as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto Motion set for hearing |

|  |  | on 11/13/2012 at 02:30 PM before Judge Otis D Wright II. (Attachments: # 1 Proposed Order Granting Motion in Limine)(Cephas, Dana) (Entered: 11/09/2012) |
|---|---|---|
| 11/12/2012 | 1866 | OPPOSITION to MOTION in Limine to Exclude 1. Lay Opinion Testimony of David Navarro and 2. Evidence of Racketeering Acts of Co-Defendants Not Currently on Trial 1864 filed by Plaintiff USA as to Defendant Medina, Rivera, and Prieto. (Dore, Michael) (Entered: 11/12/2012) |
| 11/13/2012 | 1869 | MINUTES OF Motion Hearing held before Judge Otis D Wright, II as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto.Defendant (29) Raul Prietos presence is waived. The Court hears oral argument from counsel. The Court rules on the motions as follows: -MOTION in Limine to Exclude 1864 a): Lay Opinion Testimony of David Navarro- DENIED b): Evidence of Racketeering Acts - under submission; MOTION in Limine to Exclude Evidence revealing that the Defendants have prior convictions 1865 - DENIED. Trial is continued one week to December 4, 2012 at 8:30 am. Court Reporter: Victoria Valine. (lc) (Entered: 11/13/2012) |
| 11/21/2012 | 1874 | STATEMENT OF THE CASE FOR TRIAL (DECEMBER 4, 2012) filed by Plaintiff USA as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto (El-Amamy, Reema) (Entered: 11/21/2012) |
| 11/27/2012 | 1875 | NOTICE of Manual Filing of Witness Statements filed by Plaintiff USA as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto (Dore, Michael) (Entered: 11/27/2012) |
| 11/29/2012 | 1878 | EX PARTE APPLICATION for Order for Permitting Use of Exhibits During Opening Statement Filed by Plaintiff USA as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto (Attachments: # 1 Exhibit 1-6, # 2 Exhibit 7-12, # 3 Proposed Order)(El-Amamy, Reema) (Entered: 11/29/2012) |
| 11/29/2012 | 1882 | PROPOSED JURY INSTRUCTIONS (Annotated set) filed by Plaintiff USA as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto (El-Amamy, Reema) (Entered: 11/29/2012) |
| 11/29/2012 | 1883 | PROPOSED JURY INSTRUCTIONS (Unannotated set) filed by Plaintiff USA as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto (El-Amamy, Reema) (Entered: 11/29/2012) |
| 11/30/2012 | 1884 | SUMMARY OF THE INDICTMENT filed by Plaintiff USA as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto (El-Amamy, Reema) (Entered: 11/30/2012) |
| 11/30/2012 | 1885 | OPPOSITION to EX PARTE APPLICATION for Order for Permitting Use of Exhibits During Opening Statement 1878 filed by Defendant Raul Prieto, Carlos Rivera and Jessica Medina. (Cephas, Dana) (Entered: 11/30/2012) |
| 11/30/2012 | 1888 | ORDER by Judge Otis D Wright, II: granting 1878 Ex Parte Application that the government may display items attached as Exhibits 3-12 to its ex parte application during its Opening Statement in the trial against defendants Rivera (7), Medina (27), and Prieto(29). (lc) (Entered: 11/30/2012) |

| | | |
|---|---|---|
| 11/30/2012 | 1890 | TRIAL MEMORANDUM filed by Plaintiff USA as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto (El-Amamy, Reema) (Entered: 11/30/2012) |
| 12/02/2012 | 1891 | DEFENDANTS' PROPOSED SUMMARY OF INDICTMENT filed by Plaintiff Raul Prieto as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto Re: Miscellaneous Document 1884 (Attachments: # 1 Exhibit A -- revised and redlined version of govenment's proposal)(Cephas, Dana) (Entered: 12/02/2012) |
| 12/03/2012 | 1892 | MEMORANDUM OF LAW filed by Plaintiff USA as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto *re Potential Evidentiary Issues* (Dore, Michael) (Entered: 12/03/2012) |
| 12/03/2012 | 1893 | NOTICE of Manual Filing of Witness Statements for December 4, 2012 Trial filed by Plaintiff USA as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto (El-Amamy, Reema) (Entered: 12/03/2012) |
| 12/03/2012 | 1894 | OBJECTION to Jury Instructions (Proposed) 1882 , filed by Plaintiff Jessica Medina as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto (Walsh, Joseph) (Entered: 12/03/2012) |
| 12/03/2012 | 1895 | PROPOSED JURY INSTRUCTIONS (Annotated set) filed by Plaintiff Jessica Medina as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto (Walsh, Joseph) (Entered: 12/03/2012) |
| 12/03/2012 | 1896 | PROPOSED JURY INSTRUCTIONS (Unannotated set) filed by Plaintiff Jessica Medina as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto (Walsh, Joseph) (Entered: 12/03/2012) |
| 12/03/2012 | 1899 | RESPONSE to Objections (non-motion) 1894 ,filed by Plaintiff USA as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto (El-Amamy, Reema) (Entered: 12/03/2012) |
| 12/03/2012 | 1902 | TRIAL MEMORANDUM filed by Plaintiff Raul Prieto as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto (Cephas, Dana) (Entered: 12/03/2012) |
| 12/03/2012 | 1903 | OBJECTION to Jury Instructions (Proposed) 1883 , Jury Instructions (Proposed) 1882 , filed by Plaintiff Raul Prieto as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto (Cephas, Dana) (Entered: 12/03/2012) |
| 12/04/2012 | 1911 | MINUTES OF JURY TRIAL - BEGUN (Jury Impanelment) - 1st Day held before Judge Otis D Wright, II: Jury selection begun as to Defendant Carlos Rivera (7) on Count 1,2,5,6,10,23 and Jessica Medina (27) on Count 1,2,5,10 and Raul Prieto (29) on Count 1,5. Jury empaneled and sworn. Opening statements made. Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 12/5/2012 08:00 AM. Court Reporter: Katie Thibodeaux. (lc) (Entered: 12/06/2012) |
| 12/05/2012 | 1906 | TRANSCRIPT filed as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto for proceedings held on TUESDAY, DECEMBER 4, 2012 ; 1:57 P.M. Court Reporter/Electronic Court Recorder: KATIE E. THIBODEAUX, CSR 9858, Transcript may be viewed at the court public terminal or |

ER000552

| | | |
|---|---|---|
| | | purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 12/26/2012. Redacted Transcript Deadline set for 1/5/2013. Release of Transcript Restriction set for 3/5/2013.(mw) (Entered: 12/05/2012) |
| 12/05/2012 | 1907 | NOTICE OF FILING TRANSCRIPT filed as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto for proceedings TUESDAY, DECEMBER 4, 2012 ; 1:57 P.M re Transcript 1906 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY.(mw) TEXT ONLY ENTRY (Entered: 12/05/2012) |
| 12/05/2012 | 1912 | MINUTES OF Jury Trial - 2nd Day held before Judge Otis D Wright, II as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 12/6/2012 08:00 AM. Court Reporter: Katie Thibodeaux. (lc) (Entered: 12/06/2012) |
| 12/06/2012 | 1908 | TRANSCRIPT filed as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto for proceedings held on 12/5/2012 @ 8:00 A.M.. Court Reporter/Electronic Court Recorder: Victoria L. Valine, CSR, RMR, CRR, www.victoriavalinecsr.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 12/27/2012. Redacted Transcript Deadline set for 1/6/2013. Release of Transcript Restriction set for 3/6/2013. (Valine, Victoria) (Entered: 12/06/2012) |
| 12/06/2012 | 1909 | NOTICE OF FILING TRANSCRIPT filed as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto for proceedings 12/5/2012 @ 8:00 A.M. re Transcript 1908 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY.(Valine, Victoria) TEXT ONLY ENTRY (Entered: 12/06/2012) |
| 12/06/2012 | 1910 | TRANSCRIPT ORDER as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook. Court Reporter. DCN number: M80109.Order for: Criminal Non Appeal. Transcript portion requested: Other: Jury Trial- 12/4/12. Category: Daily. (El-Amamy, Reema) (Entered: 12/06/2012) |
| | | |

| 12/06/2012 | 1913 | SEALED DOCUMENT- MINUTES OF IN CHAMBERS: Notice to all Parties and Order. (mat) (Entered: 12/06/2012) |
| 12/06/2012 | 1914 | SEALED DOCUMENT- GOVERNMENT'S WITNESS STATEMENTS. (Attachments: Part 2, Part 3, Part 4, Part 5, Part 6, Part 7, Part 8, Part 9, Part 10, Part 11, Part 12)(mat) (Entered: 12/06/2012) |
| 12/06/2012 | 1915 | MINUTES OF Jury Trial - 3rd Day held before Judge Otis D Wright, II as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 12/7/2012 08:00 AM. Court Reporter: Katie Thibodeaux-am/ Victoria Valine-pm. (lc) (Entered: 12/06/2012) |
| 12/06/2012 | 1916 | TRANSCRIPT filed as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto for proceedings held on DECEMBER 6, 2012 @ 11:30 A.M.. Court Reporter/Electronic Court Recorder: Victoria L. Valine, CSR, RMR, CRR, www.victoriavalinecsr.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 12/27/2012. Redacted Transcript Deadline set for 1/6/2013. Release of Transcript Restriction set for 3/6/2013. (Valine, Victoria) (Entered: 12/06/2012) |
| 12/06/2012 | 1917 | NOTICE OF FILING TRANSCRIPT filed as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto for proceedings DECEMBER 6, 2012 @ 11:30 A.M. re Transcript 1916 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY.(Valine, Victoria) TEXT ONLY ENTRY (Entered: 12/06/2012) |
| 12/07/2012 | 1918 | TRANSCRIPT-JURY TRIAL - DAY THREE- VOLUME I-filed as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto for proceedings held on THURSDAY, DECEMBER 6, 2012; 7:56 A.M. Court Reporter/Electronic Court Recorder: KATIE E. THIBODEAUX, CSR 9858, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 12/28/2012. Redacted Transcript Deadline set for 1/7/2013. Release of Transcript Restriction set for 3/7/2013.(mw) (Entered: 12/07/2012) |
| 12/07/2012 | 1919 | NOTICE OF FILING TRANSCRIPT filed as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto for proceedings THURSDAY, DECEMBER 6, 2012; 7:56 A.M re Transcript 1918 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY.(mw) TEXT ONLY ENTRY (Entered: 12/07/2012) |
| 12/07/2012 | 1920 | MINUTES OF Jury Trial - 4th Day held before Judge Otis D Wright, II as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 12/11/2012 08:00 AM. Court Reporter: Victoria Valine. (lc) (Entered: |

| | | 12/07/2012) |
|---|---|---|
| 12/08/2012 | 1921 | TRANSCRIPT filed as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto for proceedings held on December 7, 2012 @ 8 A.M.. Court Reporter/Electronic Court Recorder: Victoria L. Valine, CSR, RMR, CRR, www.victoriavalinecsr.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 12/29/2012. Redacted Transcript Deadline set for 1/8/2013. Release of Transcript Restriction set for 3/8/2013. (Valine, Victoria) (Entered: 12/08/2012) |
| 12/08/2012 | 1922 | NOTICE OF FILING TRANSCRIPT filed as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto for proceedings December 7, 2012 @ 8 A.M. re Transcript 1921 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY.(Valine, Victoria) TEXT ONLY ENTRY (Entered: 12/08/2012) |
| 12/11/2012 | 1924 | MINUTES OF Jury Trial - 5th Day held before Judge Otis D Wright, II as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto: Witnesses called, sworn and testified. Exhibits identified and admitted. Government and defendants rest. Motion for judgment of acquittal Denied. Closing arguments made. Court instructs Jury. Baliff sworn. Alternates excused. Jury retires to deliberate. Filed witness and exhibit lists. Oral request by dana Cephas to continue trial to subpoena a witness is Denied. Jury Trial continued to 12/13/2012 08:00 AM. Court Reporter: Katie Thibodeaux. (lc) (Entered: 12/11/2012) |
| 12/11/2012 | 1928 | TRIAL GOVERNMENT EXHIBIT LIST FILED re Defendant Carlos Rivera, Jessica Medina, Raul Prieto (lc) (Entered: 12/12/2012) |
| 12/11/2012 | 1929 | TRIAL GOVERNMENT WITNESS LIST Filed re Defendant Carlos Rivera, Jessica Medina, Raul Prieto (lc) (Entered: 12/12/2012) |
| 12/12/2012 | 1932 | MINUTES OF Jury Trial - 6th Day held before Judge Otis D Wright, II as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto. Verdict reached. Jury finds: Carlos Rivera (7) Guilty on Count 1,2, 5,6,10,23 and Jessica Medina (27) Guilty on Count 1,2,5,10 and Raul Prieto (29) Guilty on Count 5. Jury Polled. Witness and exhibit lists, jury notes, jury instructions and jury verdict filed. Defendants referred to Probation Office for Investigation and Report. Sentencing set for 3/11/2013 10:00 AM before Judge Otis D Wright II. Court Reporter: Katie Thibodeaux. (lc) (Entered: 12/13/2012) |
| 12/12/2012 | 1933 | Jury Instructions (Given) by Judge Otis D Wright, II as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto, (lc) (Entered: 12/13/2012) |
| 12/12/2012 | 1934 | REDACTED Jury Note (Number: 1) as to Carlos Rivera, Jessica Medina, Raul Prieto (lc) (Entered: 12/13/2012) |
| 12/12/2012 | 1935 | REDACTED Jury Note (Number: 2) as to Carlos Rivera, Jessica Medina, Raul Prieto (lc) (Entered: 12/13/2012) |

| | | |
|---|---|---|
| 12/12/2012 | 1936 | REDACTED Jury Note (Number: 3) as to Carlos Rivera, Jessica Medina, Raul Prieto (lc) (Entered: 12/13/2012) |
| 12/12/2012 | 1937 | REDACTED Jury Note (Number: 4) as to Carlos Rivera, Jessica Medina, Raul Prieto (lc) (Entered: 12/13/2012) |
| 12/12/2012 | 1940 | JURY VERDICT AS TO DEFENDANT JESSICA MEDINA (27). (lc) (Entered: 12/13/2012) |
| 12/12/2012 | 1942 | Jury Note (Number: 1) as to Carlos Rivera, Jessica Medina, Raul Prieto (cch) (Entered: 12/14/2012) |
| 12/12/2012 | 1943 | Jury Note (Number: 2) as to Carlos Rivera, Jessica Medina, Raul Prieto (cch) (Entered: 12/14/2012) |
| 12/12/2012 | 1944 | Jury Note (Number: 3) as to Carlos Rivera, Jessica Medina, Raul Prieto (cch) (Entered: 12/14/2012) |
| 12/12/2012 | 1945 | Jury Note (Number: 4) as to Carlos Rivera, Jessica Medina, Raul Prieto (cch) (Entered: 12/14/2012) |
| 01/03/2013 | 1960 | TRANSCRIPT- JURY TRIAL - DAY FIVE- filed as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto for proceedings held on TUESDAY, DECEMBER 11, 2012; 8:04 A.M. Court Reporter/Electronic Court Recorder: KATIE E. THIBODEAUX, CSR 9858, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 1/24/2013. Redacted Transcript Deadline set for 2/3/2013. Release of Transcript Restriction set for 4/3/2013.(mw) (Entered: 01/03/2013) |
| 01/03/2013 | 1961 | NOTICE OF FILING TRANSCRIPT filed as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto for proceedings DECEMBER 11, 2012; 8:04 A.M re Transcript 1960 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY.(mw) TEXT ONLY ENTRY (Entered: 01/03/2013) |
| 01/03/2013 | 1963 | NOTICE of Manual Filing of Under Seal Documents filed by Plaintiff USA as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (El-Amamy, Reema) (Entered: 01/03/2013) |
| 01/04/2013 | 1965 | SEALED DOCUMENT- GOVERNMENT'S EXPARTE APPLICATION |

| | | |
|---|---|---|
| | | for Order Sealing Document; Declaration of Reema M. El-Amamy. (mat) (Entered: 01/08/2013) |
| 01/04/2013 | 1966 | SEALED DOCUMENT- ORDER Sealing Document. (mat) (Entered: 01/08/2013) |
| 01/14/2013 | 1975 | NOTICE OF MOTION AND MOTION for New Trial *And for Judgement of Acquittal* Filed by Defendant Jessica Medina Motion set for hearing on 2/19/2012 at 01:30 PM before Judge Otis D Wright II. (Walsh, Joseph) (Entered: 01/14/2013) |
| 01/17/2013 | 1979 | TRIAL STIPULATION RE PRIOR FELONY CONVICTION OF DEFENDANT CARLOS RIVERA -- GOVERNMENT TRIAL EXHIBIT 275 filed by Plaintiff USA as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto (Dore, Michael) (Entered: 01/17/2013) |
| 01/17/2013 | 1980 | TRIAL STIPULATION RE INTERSTATE NEXUS OF FIREARM AND AMMUNITION RE DEFENDANTS CARLOS RIVERA, JESSICA MEDINA, AND RAUL PRIETO -- GOVERNMENT TRIAL EXHIBIT 276 filed by Plaintiff USA as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto (Dore, Michael) (Entered: 01/17/2013) |
| 01/17/2013 | 1981 | TRIAL STIPULATION RE CONTROLLED SUBSTANCES RE DEFENDANTS CARLOS RIVERA, JESSICA MEDINA, AND RAUL PRIETO -- GOVERNMENT TRIAL EXHIBIT 277 filed by Plaintiff USA as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto (Dore, Michael) (Entered: 01/17/2013) |
| 01/28/2013 | 1992 | OPPOSITION to MOTION for Acquittal MOTION for New Trial MOTION for Joinder as to Motions of Co-defendants Medina and Rivera. 1973 filed by Plaintiff USA as to Defendant Raul Prieto. (Attachments: # 1 Exhibit A-F, # 2 Exhibit G-O)(Dore, Michael) (Entered: 01/28/2013) |
| 01/28/2013 | 1993 | OPPOSITION to MOTION for New Trial *And for Judgement of Acquittal* 1975 filed by Plaintiff USA as to Defendant Jessica Medina. (Attachments: # 1 Exhibit A-E, # 2 Exhibit F-K)(Dore, Michael) (Entered: 01/28/2013) |
| 02/11/2013 | 2010 | STIPULATION to Continue Sentencing Hearings of Defendants Medina, Rivera, and Prieto from 03/11/2013 to 04/08/2013 filed by Plaintiff Jessica Medina as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto (Attachments: # 1 Proposed Order)(Walsh, Joseph) (Entered: 02/11/2013) |
| 02/11/2013 | 2011 | ORDER TO CONTINUE Sentencing by Judge Otis D. Wright, II as to Defendant Jessica Medina only. Sentencing continued to 4/8/2013 11:30 PM. (lc) (Entered: 02/11/2013) |
| 02/12/2013 | 2023 | SEALED DOCUMENT- DECLARATION of Reema M. El-Amamy and Exhibits. (Attachments: Part 2, Part 3, Part 4, Part 5)(mat) (Entered: 02/19/2013) |
| 02/19/2013 | 2035 | MINUTES OF Motion Hearing held before Judge Otis D. Wright, II as to Defendant Jessica Medina, Raul Prieto. RE MOTIONS FOR NEW TRIAL. Defendant Jessica Medina (27)s MOTION for New Trial 1973 is DENIED. Defendant Raul Prieto(29)s MOTION for New Trial 1975 is DENIED. |

ER000557

| | | |
|---|---|---|
| | | Court Reporter: Pat Cuneo. (lc) (Entered: 02/27/2013) |
| 03/13/2013 | 2056 | SCHEDULING NOTICE by Judge Otis D. Wright, II as to Defendant Jessica Medina. The Sentencing Hearing previously scheduled for 04/08/2013 at 11:30 A.M. has been advanced, AS TO THE TIME ONLY, to 10:00 AM before Judge Otis D. Wright II. The date of the hearing remains the same. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY.(cch) TEXT ONLY ENTRY (Entered: 03/13/2013) |
| 03/25/2013 | 2077 | POSITION WITH RESPECT TO SENTENCING FACTORS filed by Defendant Jessica Medina (Attachments: # 1 Letter, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Walsh, Joseph) (Entered: 03/25/2013) |
| 03/25/2013 | 2084 | SENTENCING MEMORANDUM filed by Plaintiff USA as to Defendant Jessica Medina (El-Amamy, Reema) (Entered: 03/25/2013) |
| 04/03/2013 | 2098 | SENTENCING LETTER filed by Defendant Jessica Medina *Supplemental Letters* (Attachments: # 1 Letter)(Walsh, Joseph) (Entered: 04/03/2013) |
| 04/05/2013 | 2102 | EX PARTE APPLICATION for Order for To Unseal Exhibit *Wiretap Application for Use on Appeal* Filed by Plaintiff Jessica Medina as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook (Attachments: # 1 Proposed Order)(Walsh, Joseph) (Entered: 04/05/2013) |
| 04/08/2013 | 2106 | ORDER by Judge Otis D. Wright, II: granting 2102 Ex Parte Application for Order as to Jessica Medina (27) the wiretap application for Target Telephone Number 9, which has been filed under seal, is hereby unsealed and my be used in connection with the Defendants appeal to the Ninth Circuit Court of Appeals. (lc) (Entered: 04/08/2013) |
| 04/08/2013 | 2112 | MINUTES OF SENTENCING Hearing held before Judge Otis D. Wright, II as to Defendant Jessica Medina(27). Count(s) 1,2,5,10,Defendant is committed to the Bureau of Prisons for 151 months on Counts 1,2,5,10 of the Indictment. This term consists of 120 months on each of Counts 1, 2, and 151 on Counts 5, 10 of the Indictment, all to be served concurrently. Supervised release for 5 years, This term consists of 3 years on each of Counts 1 and 2, and 5 years on each of Counts 5 and 10, all such terms to run concurrently under the following terms and conditions of US Probation Office and General Order 05-02. Pay the United States special assessment of 400.00 which is due immediately. All fines waived. Bond exonerated upon surrender. Defendant surrender herself on or before 12 noon, on May 24, |

ER000558

| | | 2013. Government's motion, all remaining count(s)/underlying indictment/information, ordered dismissed. Defendant informed of right to appeal. Court Reporter: Katie Thibodeaux. (lc) (Entered: 04/09/2013) |
|---|---|---|
| 04/08/2013 | 2113 | JUDGMENT AND COMMITMENT by Judge Otis D. Wright, II as to Defendant Jessica Medina (27),Count(s) 1,2,5,10,Defendant is committed to the Bureau of Prisons for 151 months on Counts 1,2,5,10 of the Indictment. This term consists of 120 months on each of Counts 1, 2, and 151 on Counts 5, 10 of the Indictment, all to be served concurrently. Supervised release for 5 years, This term consists of 3 years on each of Counts 1 and 2, and 5 years on each of Counts 5 and 10, all such terms to run concurrently under the following terms and conditions of US Probation Office and General Order 05-02. Pay the United States special assessment of 400.00 which is due immediately. All fines waived. Bond exonerated upon surrender. Defendant surrender herself on or before 12 noon, on May 24, 2013. Government's motion, all remaining count(s)/underlying indictment/information, ordered dismissed. Defendant informed of right to appeal. (lc) (Entered: 04/09/2013) |
| 04/09/2013 | 2114 | AMENDED JUDGMENT by Judge Otis D. Wright, II as to Defendant Jessica Medina (27). Judgment 2113 is amended as to defendant's plea. Count(s) 1, 10, 2, 5, Bureau of Prisons for 151 months on Counts 1,2,5,10 of the Indictment. This term consists of 120 months on each of Counts 1, 2, and 151 on Counts 5, 10 of the Indictment, all to be served concurrently. Supervised release for 5 years, This term consists of 3 years on each of Counts 1 and 2, and 5 years on each of Counts 5 and 10, all such terms to run concurrently under the following terms and conditions of US Probation Office and General Order 05-02. Pay the United States special assessment of 400.00 which is due immediately. All fines waived. (cch) (Entered: 04/09/2013) |
| 04/10/2013 | 2123 | NOTICE OF APPEAL to Appellate Court filed by Plaintiff Jessica Medina as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook re Amended Judgment,, 2114 IFP GRANTED. (Attachments: # 1 Exhibit Address of Counsel, # 2 Exhibit Judgment and Sentence)(Walsh, Joseph) (Entered: 04/10/2013) |
| 04/10/2013 | 2128 | NOTIFICATION by Circuit Court of Appellate Docket Number 13-50156 as to Defendant Jessica Medina, 9TH CCA regarding Notice of Appeal to USCA - Final Judgment, 2123 . (car) (Entered: 04/12/2013) |
| 04/11/2013 | 2126 | TRANSCRIPT ORDER re: Court of Appeal case number 13-50156, as to Defendant Jessica Medina. Court Reporter.Order for: Criminal Appeal |

| | | |
|---|---|---|
| | | Criminal Justice Act. Transcript portion requested:Sentencing on 04/08/2013. Pre-Trial Proceeding: 09/11/2012. Other: 02/19/2013. Criminal case appeal. 60 day deadline automatically set (Attachments: # 1 Exhibit Record Designation Dates and Court Reporter Names, # 2 Exhibit CJA 24 Stide, # 3 Exhibit CJA 24 Thibodeaux, # 4 Exhibit CJA 24 Cuneo)(Walsh, Joseph) (Entered: 04/11/2013) |
| 04/22/2013 | 2137 | NOTICE OF FILING TRANSCRIPT filed as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto for proceedings November 13, 2012 @ 2:30 PM re Transcript 2136 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY.(Valine, Victoria) TEXT ONLY ENTRY (Entered: 04/22/2013) |
| 05/28/2013 | 2191 | VERIFICATION OF SURRENDER as to Jessica Medina: surrender date 5/24/13. (lc) (Entered: 05/28/2013) |
| 06/04/2013 | 2219 | Counsel are notified, on December 5, 2012 minute order as to Defendant's Carlos Rivera 7 , Jessica Medina 27 , Raul Prieto 29 , the Court reporter was Vicki Valine. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY.(sce) TEXT ONLY ENTRY (Entered: 06/04/2013) |
| 06/05/2013 | 2228 | TRANSCRIPT filed as to Defendant Jessica Medina, Raul Prieto for proceedings held on 2/19/2013 1:34 p.m. Court Reporter: PAT CUNEO, CSR 1600, website: www.patcuneo.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 6/26/2013. Redacted Transcript Deadline set for 7/6/2013. Release of Transcript Restriction set for 9/3/2013.(Cuneo, Patricia) (Entered: 06/05/2013) |
| 06/05/2013 | 2229 | NOTICE OF FILING TRANSCRIPT filed as to Defendant Jessica Medina, Raul Prieto for proceedings 2/19/2013 1:34 p.m. re Transcript 2228 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY.(Cuneo, Patricia) TEXT ONLY ENTRY (Entered: 06/05/2013) |
| 06/06/2013 | 2230 | TRANSCRIPT filed as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook for proceedings held on 09/11/2012; 10:00 AM. Court Reporter/Electronic Court Recorder: Katherine M. Stride, phone number 213-894-2187. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for |

| | | Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 6/27/2013. Redacted Transcript Deadline set for 7/7/2013. Release of Transcript Restriction set for 9/4/2013.(Stride, Katherine) (Entered: 06/06/2013) |
|---|---|---|
| 06/06/2013 | 2231 | NOTICE OF FILING TRANSCRIPT filed as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook for proceedings 09/11/2012; 10:00 AM re Transcript 2230 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY.(Stride, Katherine) TEXT ONLY ENTRY (Entered: 06/06/2013) |
| 06/17/2013 | 2238 | TRANSCRIPT filed as to Defendant Armando Barajas, Juan Gil, Juan Diaz, Jessica Medina, Raul Prieto, Steven Vega for proceedings held on OCTOBER 15, 2012; 10:13 A.M. Court Reporter/Electronic Court Recorder: KATIE E. THIBODEAUX, CSR 9858, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/8/2013. Redacted Transcript Deadline set for 7/18/2013. Release of Transcript Restriction set for 9/15/2013.(mw) (Entered: 06/17/2013) |
| 06/17/2013 | 2239 | TRANSCRIPT- JURY TRIAL - DAY SIX filed as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto for proceedings held on DECEMBER 12, 2012; 1:40 P.M. Court Reporter/Electronic Court Recorder: KATIE E. THIBODEAUX, CSR 9858, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/8/2013. Redacted Transcript Deadline set for 7/18/2013. Release of Transcript Restriction set for 9/15/2013.(mw) (Entered: 06/17/2013) |
| 06/17/2013 | 2241 | TRANSCRIPT filed as to Defendant Jessica Medina for proceedings held on APRIL 8, 2013; 10:06 A.M. Court Reporter/Electronic Court Recorder: KATIE E. THIBODEAUX, CSR 9858, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/8/2013. |

| | | |
|---|---|---|
| | | Redacted Transcript Deadline set for 7/18/2013. Release of Transcript Restriction set for 9/15/2013.(mw) (Entered: 06/17/2013) |
| 06/17/2013 | 2242 | NOTICE OF FILING TRANSCRIPT filed as to Defendant Armando Barajas, Juan Gil, Carlos Rivera, Juan Diaz, Jessica Medina, Raul Prieto, Steven Vega for proceedings OCTOBER 15, 2012; 10:13 A.M; DECEMBER 12, 2012; 1:40 P.M; MARCH 19, 2013; 10:03 A.M; APRIL 8, 2013; 10:06 A.M re Transcript 2238 , 2240 , 2239 , 2241 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY.(mw) TEXT ONLY ENTRY (Entered: 06/17/2013) |
| 08/02/2013 | 2266 | TRANSCRIPT filed as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto for proceedings held on AUGUST 16, 2012; 10:04 A.M. Court Reporter/Electronic Court Recorder: KATIE E. THIBODEAUX, CSR 9858, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/23/2013. Redacted Transcript Deadline set for 9/2/2013. Release of Transcript Restriction set for 10/31/2013.(mw) (Entered: 08/02/2013) |
| 08/02/2013 | 2267 | TRANSCRIPT filed as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto for proceedings held on OCTOBER 17, 2012; 11:13 A.M. Court Reporter/Electronic Court Recorder: KATIE E. THIBODEAUX, CSR 9858, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/23/2013. Redacted Transcript Deadline set for 9/2/2013. Release of Transcript Restriction set for 10/31/2013.(mw) (Entered: 08/02/2013) |
| 08/02/2013 | 2268 | PARTIAL TRANSCRIPT filed as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto for proceedings held on DECEMBER 4, 2012 ; JURY VOIR DIRE, 9:13 A.M. - 1:56 P.M. Court Reporter/Electronic Court Recorder: KATIE E. THIBODEAUX, CSR 9858, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/23/2013. Redacted Transcript Deadline set for 9/2/2013. Release of Transcript Restriction set for 10/31/2013.(mw) (Entered: 08/02/2013) |
| 08/02/2013 | 2269 | TRANSCRIPT filed as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto for proceedings held on MARCH 11, 2013; 10:11 A.M. Court Reporter/Electronic Court Recorder: KATIE E. THIBODEAUX, CSR 9858, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/23/2013. Redacted Transcript Deadline set for 9/2/2013. |

ER000562

| | | Release of Transcript Restriction set for 10/31/2013.(mw) (Entered: 08/02/2013) |
|---|---|---|
| 08/02/2013 | 2270 | NOTICE OF FILING TRANSCRIPT filed as to Defendant Carlos Rivera, Jessica Medina, Raul Prieto for proceedings AUGUST 16, 2012; 10:04 A.M; OCTOBER 17, 2012; 11:13 A.M; DECEMBER 4, 2012 ; JURY VOIR DIRE; MARCH 11, 2013; 10:11 A.M re Transcript 2268 , 2269 , 2266 , 2267 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY.(mw) TEXT ONLY ENTRY (Entered: 08/02/2013) |
| 08/13/2013 | 2274 | TRANSCRIPT ORDER as to Defendant Armando Barajas, Juan Gil, David Navarro, Jose Hurtado, Frank Alcala, Enrique Jimenez, Carlos Rivera, Rigo Portillo, Juan Diaz, Carlos Vasquez, Adolph Moraga, Steven Espinoza, Rafael Alvarez, Daniel Reyes, Zacarias Arteaga, Hugo Quiroz, Robert Dewester, Marlon Jiron, Fernando Morales, Alex Castro, Alberto Moreno, Michael Sanchez, Manuel Calderon, Virginia Gil, Rebecca Estrada, Maria Lopez, Jessica Medina, Jessica Perez, Raul Prieto, David Hernandez, Francisco Venegas, Steven Vega, Robert Perez, Rose Marie Magallanes, James Joseph Kissling, Jesstine Lucero, Bianca Laguna, Andrea Richards, Santacruz Silva, Jose Romero, Marco Antonio Torres-Cruz, Inez Meza, Agustin Andalon, Angel Aranda, Salvador Gutierrez Martinez, Lupe Gonzalez, Rogelio Peralta, Robert Tolson, Santiago Mendez, Carl Cook. Court Reporter. DCN number: M80408.Order for: Criminal Non Appeal. Transcript portion requested: Testimony of: Navarro- 5/28/2013, 5/29/2013, 5/30/2013, 5/31/2013. Category: 14 Day.(El-Amamy, Reema) (Entered: 08/13/2013) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/13/2013 18:39:06 | | |
| **PACER Login:** | jw4835 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:10-cr-00351-ODW End date: 8/13/2013 |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

ER000563

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the Appellate CM/ECF system.

I certify that all participants in the case are register CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Joseph F. Walsh
JOSEPH F. WALSH